1  Jan E. Kruska
2  4102 West Woodridge Drive
3  Glendale, AZ 85308
4  Telephone: 602-579-8580
5  Pro Se

```
              FILED ____ LODGED
         ____ RECEIVED ____ COPY

                JAN 1 0 2008

         CLERK U S DISTRICT COURT
            DISTRICT OF ARIZONA
         BY_____ S DEPUTY
```

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JAN E. KRUSKA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>PERVERTED JUSTICE FOUNDATION INCORPORATED.ORG A NON-PROFIT ORGANIZATION, DBA WWW.CORPORATESEXOFFENDERS.COM AND IT'S "SUBSITE" WIKISPOSURE PROJECT, XAVIER VON ERCK AKA PHILLIP JOHN EIDE – PRESIDENT AND CEO OF PERVERTED JUSTICE INC., CHRISTOPHER BROCIOUS OWNER OF ABSOLUTEZEROUNITED.BLOGSPOT.COM, ABSOLUTEZEROUNITED.COM, AND ABSOLUTEZEROUNITED.ORG, BARABARA W.OCHOA AKA "PETRA LUNA", FILMAX INC., APRIL BUTLER – VICE PRESIDENT OF FILMAX INC., DAVID M. BUTLER – PRESIDENT OF FILMAX INC., | CV '08 0054 PHX SMM<br><br>Case No.:<br><br>CIVIL COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTION FOR INTENTIONAL INFLICTION OF EMOTION DISTRESS; DEFAMATION; INTERFERENCE WITH CONTRACTUAL RELATIONS;VIOLATION OF R.I.C.O.; VIOLATION OF CYBERSTALKING AND CYBERHARASSMENT;CONSPIRACY TO COMMIT UNLAWFUL ACTS; INCITEMENT; VIOLATION OF THE DIGITAL MILLENIUM COPYRIGHT ACT; AND PRIMA FACIA TORT AGAINST DEFENDANTS<br><br>JURY TRIAL DEMANDED |

1

| | |
|---|---|
| 1 | OWNERS OF WWW.JANKRUSKA.COM AND ) |
| 2 | WWW.JANKRUSKA.NET, GODADDY.COM ) |
| 3 | BOB PARSONS, PRESIDENT, OWNER, ) |
| 4 | AND CEO FOR GODADDY.COM ) |
| 5 | MYSPACE.COM, JOHN AND JANE DOES ) |
| 6 | 1-60, CORPORATIONS, INDIVIDUALS ) |
| 7 | AND OR MARRIED COUPLES, LIMITED ) |
| 8 | LIABILITY COMPANIES, BLACK AND ) |
| 9 | WHITE PARTNERSHIPS, LIMITED OR ) |
| 10 | OTHERWISE |
| 11 | Defendants. |

COMES NOW Plaintiff, JAN E. KRUSKA, a married woman with minor children, at all times relevant residing in Glendale, Arizona representing herself for her civil complaint states:

### A. PARTIES

1. Plaintiff is a resident of Glendale, Arizona in Maricopa County.

2. Perverted Justice Foundation Incorporated. DBA www.corporatesexoffenders.com is an entity whose principal place of business is based out of Portland, Oregon, accepts donations in the state of California and is doing business within the State of Arizona. Perverted Justice supports volunteers who act as bait in chat rooms acting as underage individuals. They have expanded their scope of activity to another site called www.corporatesexoffenders.com.

2

Under their "Wikisposure Project" sub site they target individuals who they claim are pedophilia and child rape advocates. Via processes called "clandestine investigations" and "follow up" the "approved staff" authorized to edit the site posts names, home addresses telephone numbers, addresses, screen names, e-mail addresses, personal identifying information, employers, hobbies, businesses and/or websites owned, and photographs if available. Making false statements, as in Plaintiff's case, that she is a predator, has a child molestation conviction and is pro-pedophilia.

3. Phillip John Eide AKA Xavier Von Erck is the founder and President of Perverted Justice, corporatesexoffenders.com. and it's "wikisposure project" sub site. He is believed to reside in Portland, Oregon.

4. Christopher Brocious owner of absolutezerounited.blogspot.com, absolutezerounited.org, and absolutezerounited.com. Whose principal place of business is based out of Youngstown, Ohio and doing business within the state of Arizona. These three websites support volunteers who post information derived through their "joint effort" with corporatesexoffenders.com and Perverted Justice Inc. Expanding upon such information in a libelous, defamatory, inciting manner on their "targets" along with photographs, copyrighted materials, personal identifying information and contains a running commentary in which Plaintiff has documented threats of bodily injury and death.

5. Barbara Ochoa AKA Petra Luna leader of "Petra Luna's Army" residing in Encino, California and doing business in the state of Arizona. The self proclaimed "Warrior for Innocence" directs supporters and volunteers to threaten, intimidate and harass individuals and their employers, web hosting and journalistic organizations they do business with claiming they are "pro pedophile" and "child predators". They threaten to expose these organizations as "pro-pedophile" if they continue to do business with their "target". Barbara Ochoa and her volunteers instruct followers to post and repost images and factually incorrect information about their targets everywhere they can, most specifically throughout the internet.

6. Filmax Inc. a Loudon, Tennessee based company doing business in the state of Arizona listed as the domain name owner of www.jankruska.com and www.jankruska.net.

7. April Butler of Lenoir City, Tennessee vice-president of Filmax Inc and owner of jankruska.com and jankruska.net doing business in the state of Arizona.

8. David Butler of Lenoir City, Tennessee president of Filmax, Inc. supporter and domain name holder of jankruska.com and jankruska.net doing business in the state of Arizona. Both jankruska.com and jankruska.net are websites created in Plaintiff's name which specifically target her as a sexual predator and portray her in a false light.

9. Godaddy.com a Scottsdale Arizona based internet domain name registrar and web hosting company doing business in the state of Arizona and is the web hosting company for jankruska.com and jankruska.net.

4

10. Bob Parsons is the president and CEO of GoDaddy.com a resident of the state of Arizona and doing business in the state of Arizona.

11. MySpace.com is a California based Corporation doing business in Arizona. MySpace.com is a social networking site which serves as the host to "Petra Luna's Army" and their multiple duplicitous WebPages.

12. John and Jane Does 1-38 are corporations, Individuals, and/or married couples, limited liability companies, black and white partnerships, limited or otherwise whose identities are as of yet unknown.

13. John and Jane Does 1-22 go by the following online aliases: stitches AKA stitches77, Misty, Jacey, AZUBRD, Sargent Albatross, Violet leaves, Fiesty CG aka feisty country girl, Charmeyn, Cheri, Reaper of Souls, Sues, Mo2kidz, Petra Luna's MySpace Chief of Police, Petra Luna the real me, Dr. Rev. Laurie Kinard, daydreamerofoz, rookie, tampa pirate, myspace.com/chaddladdysmama Christopher, bloviating zeppelin, antipaedo.

B. JURISDICTION

14. This court has jurisdiction over this lawsuit pursuant to 18:U.S.C § 1964 (c), 28 U.S.C.§ 1331,1332, 1337, 28 U.S.C. § 1343 (a) (3, 28 USC 1332, 47 U.S.C 23, 47 U.S.C. 230 U.S.C.A. 230 Chapter 5, Subchapter 2, Part 1, 18 U.S.C S 875 (c), 18 U.S.C. s 2261 (a), 17 U.S.C. Chapter 1 (106), (106A) Chapter 5 section 512, 42 U.S.C. 1983, 42 U.S.C. 1985(3), 19 U.S.C. part 1 section 373 Conspiracy, 17 U.S.C. Copyrights chapter 5 infringements section 501(a), U.S.C.

18 part 1 chapter 14 extortion and threats, section 875 - interference with interstate commerce, and Pursuant to: ARS 13-1201, and A.R.S. 13-1202

### C. VENUE

15. Venue is proper in this district under 18 U.S.C. § 1965(a), 28 U.S.C. §1391 (a), 28 U.S.C. § 1391(b)(3) because at least one of the Defendants in this case resides in the state of Arizona,28 U.S.C. §1402 (b), 42 U.S.C. 1983, 42 U.S.C. 1985(3) and because the actions and/or omissions occurred in this state.

### D. STATEMENT OF FACTS

16. Stalking has become serious in recent years, resulting in the enactment of anti-stalking statutes of varying definitions and applications. California started in 1990, and all states plus the District of Columbia have now followed suit. Additionally, in 1994, congress enacted the Violence against Women's Act (VAWA).

17. The tort of cyberstalking is receiving increased recognition. Federal law exists on cyberstalking and in recent years states have begun enacting laws against cyberstaking or amending stalking laws to specifically include cyberstalking.

18. Given the recent epidemic of documented cases of vigilantism,
up to and including assault and murder of registered sex offenders and those accused of committing sex crimes, Plaintiff is now in a constant state of fear for her life and that of her family.

19. Plaintiff has suffered irreparable harm to character and person as a direct, willful and ongoing result of defendants and each of their actions.

20. On or about August 22, 2007 Plaintiff began receiving venomous e-mails via youtube.com in reference to her speaking out against sex offender laws, their ineffectiveness, and over breadth.

21. Plaintiff shortly thereafter received a message containing a link to a website called absolutezerounited.blogspot.com where she was and is repeatedly portrayed in a false light as a "Pedophile", "Pro-pedophile", and a "child molester" and that she "starved a child".

22. Copyrighted pictures were and are used, many times being altered with racial innuendo.

23. Copyrighted written material of Plaintiff's was used and continues to be taken out of context and used in a highly inflammatory, defamatory and libelous nature.

24. These activities have directly led to documented threats of bodily injury and threat of death against Plaintiff which were posted in their comments section hosted by haloscan.com.

25. The absolutezerounited.blogspot.com website soon posted a link to www.corporatesexoffenders.com/wikisposure which showcased Plaintiff under the category of "Female Pedophiles" and "Pedophile Activists".

26. According to the corporatesexoffender.com page on Plaintiff the contents of this webpage was a culmination as part of a "joint effort" between the absolutezerounited.blogspot.com and Perverted Justice's Corporatesexoffenders.com through their "wikisposure" sub site.

27. The webpage devoted to Plaintiff displays four copyrighted images of Plaintiff as well as numerous copyrighted written materials. Plaintiff's personal identifying information is also publicly displayed such as home address, telephone and cell phone numbers, maiden and married names, jobs plaintiff has held, online magazines and bands she has written for, date of birth, e-mail addresses, known affiliates (some of which she does not know), Plaintiff's hobbies, that Plaintiff is a convicted child molester, that she was convicted of molesting a child in Massachusetts and that she is a pedophile.

28. Plaintiff contacted both Perverted Justice and Absolutezerounited demanding they cease and desist.

29. Plaintiff got no response from absoloutezerounited.blogspot (.com and/or .org).

30. Plaintiff did receive a response from Perverted Justice which simply stated "Please shut up, your typing is boring".

31. Barbara Ochoa AKA "Petra Luna" is a contributor and actor to and on www.jankruska.com as well as the owner of multiple duplicitous websites of defamatory and dangerous nature. Stating Plaintiff is a convicted child molester, has a felony child abuse conviction, is a pedophile, and pro-pedophile.

32. www.jankruska.com as well as defendant Ochoa's other web pages including her Myspace.com pages regarding Plaintiff portray her in a false and dangerous light including factually incorrect information designed to defame, intimidate, and directly incite others to harass and threaten Plaintiff with bodily injury.

33. Barbara Ochoa AKA "Petra Luna" heads and online group called: "Petra Luna's Army" a vigilante type organization in

which defendant actively directs others to post and repost the factually incorrect information and copyrighted material regarding Plaintiff in as many places as possible.

34. Additionally, Barbara Ochoa AKA "Petra Luna" began two online campaigns against Plaintiff "Operation Adios Amanda" in reference to Plaintiff's pen name Amanda Rogers, and 'Operation Shut Down Jan Kruska" ordering all of her followers to write, call, and e-mail online newspapers and bands which Plaintiff has written numerous articles for directly resulting in Plaintiff's articles being taken down and business ties being severed.

35. The e-mails and letters contained threats to the companies that if they did not remove my content they would showcase them as being "pro-pedophile" as well.

36. At one point Ms. Ochoa AKA "Petra Luna" issued a deadline to Plaintiff to remove her "entire web presence" by October 15th, 2007 or "they" were going to launch a "full scale activist attack on Plaintiff".

37. This is direct violation of conspiracy against rights under federal law.

38. Plaintiff has contacted Ms. Ochoa asking for a cease and desist but received no response.

39. April Butler is a resident of Tennessee, Vice-President and Director of Filmax, Inc., a Loudon, Tennessee Corporation. Ms. Butler and Filmax Inc., are listed as the domain name holder and responsible party for the following websites and domain names: www.jankruska.com and www.jankruska.net.

40. Jankruska.com is a website devoted entirely to Plaintiff, displaying factually incorrect information regarding Plaintiff, portrays Plaintiff in a false light, defames, intimidates, and

incites others to threaten Plaintiff with bodily injury. The home page opens up with "Profile of a Predator" statement about "Plaintiff".

41. April Butler is an active member of "Petra Luna's army" who actively and directly advocates for and incites others to harass Plaintiff and her publishers interfering with interstate commerce in violation of Federal law.

42. April Butler also has duplicitous web pages and MYspace.com pages portraying Plaintiff in a false light, and includes threats, illegally displaying her copyrighted material, countenance, and directly inciting danger to her and her family.

43. April Butler also is active on multiple MySpace.com pages and blog pages where she reproduces duplicitous information concerning Plaintiff.

44. In Ms. Butler's MySpace.com page, Defendant Butler states she has photographs of plaintiff's four minor children and knows all of their names.

45. David Butler is the president of Filmax Inc. a Tennessee based Corporation. Since Filmax Inc. is listed as the domain holder for www.jankruska.com and www.jankruska.net, Filmax Inc. is open to liability in this cause of action.

46. Plaintiff contacted April and David Butler and Filmax, asking them to cease and desist. David Butler responded with an e-mail that he "fully supported what April Butler was doing".

47. GoDaddy.COM is an Arizona based company. GoDaddy.COM is the domain name registrar as well as the web hosting company for the websites www.jankruska.com and www.jankruska.net.

48. GoDaddy.com is the domain name holder for several other websites responsible for reproducing the same factually

1 incorrect, highly inflammatory and defamatory information as
2 well as illegal use of Plaintiff's copyrighted works and images.
3 49. Bob Parsons is the president, owner, and CEO of GoDaddy.com
4 an Arizona based Corporation. The sites which are and will be
5 called into question in this action will be shown to clearly and
6 willingly violate GoDaddy.com's own Terms of Service as well as
7 statutory violations listed.
8 50. Godaddy.com was contacted and asked to cease and desist.
9 Plaintiff was told if she didn't like it "to get and
10 injunction".
11 51. Myspace.com is a California based company which has been and
12 is currently host to multiple public and private blog and web
13 pages regarding Plaintiff with factually incorrect and
14 threatening material, as well as sensitive personal identifying
15 information of Plaintiff.
16 52. MySpace.com is the forum for much of the illegal online
17 activities involved in this claim and for republishing
18 defamatory information and issuing bulletins on how and when to
19 attack Plaintiff. Illegal use of copyrighted images, and
20 defamatory content designed to incite others to cause harm to
21 Plaintiff and her family, and property.
22 53. April Butler and Barbara Ochoa have actively, directly
23 incited and succeeded in having multiple (at this time) unknown
24 defendants make multiple duplicitous pages throughout
25 MySpace.com and elsewhere on the internet.
26 The web pages in question clearly violate multiple MySpace.com's
27 own Terms Of service in addition to the other statutory
28 violations listed.

54. It will be shown that MySpace.com has had knowledge of these violations of their own terms of service and yet knowingly and willingly allow them to remain.

55. The MySpace.com pages in question are rife with graphic violence, threats, defamation and liable against Plaintiff and also contain personal and private information on the Plaintiff.

56. Plaintiff has twice written Myspace.com concerning her allegations asking for a cease and desist and for these pages to be removed. Plaintiff has received no response.

57. Once the additional unknown defendants are identified, Plaintiff will seek leave of the court to amend her complaint and add additional defendants.

58. As of this date, there are now in excess of at least 43 additional duplicitous websites republishing the same information which can now be found by entering Plaintiff's name in a Google search engine.

59. Plaintiff has no child molestation conviction.

60. Plaintiff has no child abuse conviction

61. Plaintiff has no felony convictions

62. Plaintiff is not nor has ever been designated as a sexual predator

63. Plaintiff is not now nor has ever been diagnosed with pedophilia, that is defined according to the Diagnostic and statistical Manual for Mental Disorders (4th ed. Page 528). Pedophilia is defined as "having intense sexual arousing fantasies, sexual urges, or behaviors involving sexual activity with pre-pubescent children.

64. Plaintiff does not nor has she ever condoned, advocated for, or supported pedophilia in any way, shape or manner.

65. Defendants, and each of them have acted as judge, jury, and executioner with no factual basis for their claims.

66. False allegations have cause Plaintiff to lose multiple journalistic opportunities and business ties, caused difficulty in Plaintiff gaining employment and writing opportunities now and in the foreseeable future, and have otherwise embarrassed, defamed, humiliated and destroyed Plaintiff's personal life.

67. Plaintiff is suffering from extreme mental and emotional stress and has medical problems which have been greatly exacerbated as a direct result of Defendant's and each of their activities.

### E. Count I Request For Preliminary Injunction

68. Plaintiff will suffer irreparable harm if Defendants are not enjoined during the pendency of this lawsuit from continuing to post on their websites claims that Plaintiff is a "Predator", "Pedophile", "Child Molester", and "Pro-pedophile".

69. There is a substantial likelihood that Plaintiff will prevail on the merits that she is not nor has ever been sexually aroused by pre-pubescent children.

70. That she does not condone or advocate for pedophilia.

71. That she has no child molestation conviction.

72. That she has no child abuse accusations or convictions.

73. That she is not a child sexual predator.

74. The harm that faces the Plaintiff outweighs the harm that would be sustained by the Defendants if the preliminary injunction were granted.

75. Issuance of a preliminary injunction would not adversely affect public interest because Plaintiff is not nor has ever been a pedophile, pro-pedophilia, a child abuser, or sexual predator and Defendants should not be allowed with impunity to continue their unlawful acts.

76. Plaintiff asks the court to set her application for Preliminary Injunction for hearing at the earliest possible time, and after hearing the requests, issue the injunction against Defendants.

### F. Count II Request For Permanent Injunction

77. Plaintiff asks the court to set her application for injunctive relief for a full trial on the issues in this application, and, after the trial, issue a permanent injunction against Defendants.

### G. Count III Intentional Infliction Of Emotional Distress

COMES NOW, Plaintiff, by and for count III Intentional Infliction Of Emotional Distress states:

78. The allegations contained herein, above and below, are incorporated herein by reference as is set forth in full herein.
79. The Defendants have acted intentionally and recklessly in their activities stated above against Plaintiff.
80. The emotional distress suffered by the Plaintiff is severe.
81. The defendants' conduct is extreme and outrageous.
82. The Defendants' conduct proximately caused the Plaintiff's emotional distress.

## H. Count IV Defamation

COMES NOW, Plaintiff, for Count IV Defamation under 47 U.S.C.A. §230, states:

83. The allegations contained above and below are incorporated herein by reference as is set forth in full herein.

84. The Defendants have published statements that Plaintiff is a "Child Molester", "Convicted Child Molester", "Convicted Child Abuser", a "Predator", a 'Pedophile" and "Pro-Pedophile" on multiple websites and as bulletins and mass e-mails to third parties.

85. These statements are false.

86. These statements are defamatory.

87. With regard to the truth of the statements the Defendants are acting with actual malice, negligently and/or is liable without regard to fault (strict liability) due to the nature of the claims.

88. The Plaintiff suffered pecuniary injury.

## I. Count V Complaint For Violation Of R.I.C.O.

COMES NOW, Plaintiff by and for Count V. violations of R.I.C.O. states:

89. The allegations contained above and below are incorporated herein and by reference are set forth in full herein.

90. Plaintiff alleges a violation of her rights under title IX of the Organized Crime and Control Act of 1970, as amended, 18 U.S.C. §§1961 et. Seq.

91. Defendants are enterprises and individuals engaged in and the activities of which affect interstate commerce, To wit: associations with their principal places of business crossing multi-jurisdictional lines, and are engaged in the use of the internet, telephone, and mails to further it's enterprises.

92. Defendants are persons within the meaning of 18 U.S.C § 1961 (3) and as persons employed by and/or associated with said enterprises, conduct and participate directly and indirectly, in the conduct of the affairs of said enterprises and organizations through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c.)

93. The predicate acts which constitute this pattern of racketeering activity are:

i. Sending mass e-mails, creating multiple webpages, blog pages, and internet bulletins accusing Plaintiff, among other things as being a "child Molester" and "pedophile"

ii. Encouraging and directing their associates and the general public to post and repost said information, encouraging their associates and the general public to undertake other criminal acts against Plaintiff including e-mails to harass, trespassing, criminal damage to property and bodily harm to Plaintiff, etc,.

iii. Encouraging and directing their associates, individuals, and the general public to contact and threaten business entities with which the Plaintiff has ties.

94. These acts occurred within ten years of one another and constitute a pattern of racketeering activity within the meaning of 18 U.S.C. § 1961 (5).

95. Plaintiff was injured in her business and/ or property by reason of 18 U.S.C.§ 1962 in that as a direct proximate result of defendants complained of acts.

96. Plaintiff suffered damages including, but not limited to pain and suffering and other continuing damages.

97. By reason of the Defendants violation of 18 U.S.C. § 1962, Plaintiff is entitled pursuant to 18 U.S.C. 1964 (c) to threefold the damages sustained, with interest thereon, and reasonable attorneys' fees in connection herewith.

### J. Count VI Violations against Federal Cyberstalking and Cyberharassment

COMES NOW, Plaintiff by and for count IV Federal Rules against cyberstalking and cyberharassment states the following:

98. The allegations contained above and below are incorporated herein and by reference are set forth in full herein.

99. Plaintiff alleges a violation of 18 U.S.C. & sect; 2261A(2).

100. This statute makes it a Federal crime to stalk someone across state, tribal, or international lines, using regular mail, e-mail, or the internet (i.e. cyberstalking). Defendants and each of them have directly and indirectly through incitement caused others and/or have themselves stated intent to kill or injure Plaintiff, and/or place the Plaintiff and her family members in fear of death and bodily injury.

101. Under 47 U.S.C 230 (b) (5) it is the POLICY of the United States to ensure vigorous enforcement of Federal criminal laws to deter and punish trafficking in obscenity, stalking, and harassment by means of a computer. Plaintiff alleges defendants

1 to have violated and be in violation of the above federal
2 statutes.

### K. Count VI violations of the Digital Millenium Copyright Act (DMCA).

COMES NOW Plaintiff by and for count VI for violations of the DMCA.

102. The allegations contained above and below are incorporated herein and by reference are set forth in full herein.

103. Defendants are in violation of the Digital Millenium Copyright Act.

104. Defendants are knowingly, willingly, and illegally posting and reposting copyrighted photographs of Plaintiff and excerpts of articles written my Plaintiff which are clearly protected by a copyright notice and warning prominently displayed on Plaintiff's website www.operationawareness.com on multiple duplicitous WebPages throughout the internet.

105. Additionally, Defendants have in certain instances defaced and altered said copyrighted images.

106. Defendants where identified have been notified to cease and desist, yet ignore Plaintiff's requests. Illegal use of this material is being used to facilitate the above and below allegations set forth herein the complaint.

### K. Count VII - Claim for Prima Facia Tort

COMES NOW Plaintiff by and for Count VII claim for Prima Facia Tort.

107. The allegations contained above and below are incorporated herein and by reference are set forth in full herein.

108. Defendants have acted with intent to injure Plaintiff and/or acted with the certainty that their conduct would necessarily result in injury to Plaintiff.

109. Plaintiff was injured as a proximate result of Defendants conduct and each of them, including pain and suffering, loss of enjoyment of life, and other monetary and non-monetary damages that are continuous in nature.

110. Defendants and each of them acted without justification and/or without sufficient justification.

111. Defendants conduct was and is malicious, willful, reckless and/or in bad faith.

### L. Prayer

Wherefore Plaintiff requests the following relief:

   A. A Preliminary injunction against Defendants prohibiting them fro disseminating claims that Plaintiff is a "Predator", Child Molester", "Child Abuser", "Pedophile", and "Pro-Pedophile" by postings on the internet, mass mailings, e-mails to friends, relatives, employers, business associates, among others; or otherwise by any other means making such suggestions.

   B. A permanent injunction against Defendants prohibiting the above conduct.

   C. An award for damages for Plaintiff's lost earnings and earnings capacity.

   D. An award of damages for pain and suffering.

E. An award of damages for loss of enjoyment of life.

F. Attorney's fees, if Plaintiff is appointed counsel or seeks leave to amend her complaint to add counsel, as allowed by law.

G. Pre-judgment and post-judgment interest as allowed by law.

H. Costs of this lawsuit as allowed by law.

I. Punitive damages as allowed by law.

J. For such further relief as the court deems appropriate.

K. Remand and referral at the courts discretion for criminal investigation and prosecution of Defendants.

L. Jury Demand

Plaintiff asserts her rights under the seventh amendment to the Constitution of the United States, and demands in accordance with the Federal Rules of Civil Procedure 38, a trial by jury on all fact issues in dispute between parties.

Respectfully
Submitted
January , 2008

Jan E. Kruska
4102 W. Woodridge Drive
Glendale, AZ 85308
Pro Se
Ph: 602-579-8580