**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jan E. Kruska,                               ) | No. CV-08-0054-PHX-SMM |
|                                              ) | |
| Plaintiff,              ) | **ORDER** |
|                                              ) | |
| v.                                           ) | |
|                                              ) | |
| Perverted Justice Foundation ) | |
| Incorporated.Org, *et al.*,         ) | |
|                                              ) | |
| Defendants.            ) | |
| _____) | |

Currently pending before the Court is the Motion to Dismiss (Doc. 23) filed by Defendant David Butler. After considering the motion and the response thereto, the Court finds the following.

First and foremost, in the first sentence of Mr. Butler's motion, counsel for Mr. Butler moves this Court under "Rule 12(B) [sic] of the Federal Rules of *Criminal* [sic] Procedure to dismiss the instant action as against Defendant David Butler for failure to state a claim upon which relief can be granted." (Doc. 23.) Clearly, as this is a civil action, the Court will consider this a simple mistake, and conclude that counsel intended the Court to consider the motion under 12(b)(6) of the Federal Rules of *Civil* Procedure.

In addition to this particular inaccuracy, counsel for Mr. Butler wholly failed to cite any authority to support his statements in opposition to the claims set forth in Plaintiff's Complaint. (Doc. 23, p. 3-5.) For each of Plaintiff's claims, counsel merely stated the name of the claim asserted by Plaintiff and responded thereto with a conclusory statement. For example, in

1 response to Plaintiff's Racketeer Influenced and Corrupt Organizations Act ("R.I.C.O.") claim,
2 counsel for Defendant responded, "there is no allegation that Mr. Butler committed any of the
3 predicate acts referenced in the charge contained in paragraphs 89-97 of the complaint."
4 Counsel neither set forth the elements of a R.I.C.O. claim, or any legal authority supporting
5 what constitutes a R.I.C.O. claim.  Furthermore, counsel failed to apply the relevant facts
6 alleging why his client is therefore free of any liability under R.I.C.O.

7 Another example is Defendant's response to Plaintiff's claim under the Digital
8 Millennium Copyright Act, where counsel simply stated, "there is no allegation that Mr. Butler
9 meets any of the elements for a violation of the Digital Millennium Copyright Act charged in
10 paragraphs 102-106 of the Complaint.  Again, counsel fails to provide any legal analysis
11 consisting of applicable facts and the relevant rule of law.

12 Consequently, the Court cannot properly consider the motion, the assertions therein, or
13 the application of the facts to those claims.

14 Accordingly,

15 **IT IS HEREBY ORDERED** that Defendant David Butler's Motion to Dismiss (Doc.
16 23) is **DENIED without prejudice** with leave to re-file with pinpoint citations to both the
17 Complaint and supporting legal authority.

18 **IT IS FURTHER ORDERED** that Defendant shall set forth the text of the actual
19 claims, including the individual elements,  and he must explain why they may or may not be
20 satisfied based upon the presence or lack of specific factual allegations in the Complaint.

21 DATED this 10th day of June, 2008.

Stephen M. McNamee
United States District Judge