**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jan E. Kruska,              ) | No. CV-08-0054-PHX-SMM |
|         Plaintiff,          ) | **ORDER** |
| v.                          ) | |
| Perverted Justice Foundation) | |
| Incorporated.Org, *et al.*, ) | |
|         Defendants.         ) | |

Currently pending before the Court is *pro se* Defendant Barbara Ochoa's (Ochoa)[1] Motion to Dismiss (Doc. 17) *pro se* Plaintiff Jan Kruska's (Kruska) Complaint for lack of jurisdiction, improper venue, insufficient service of process, and failure to state a claim. After careful consideration, the Court finds the following.

### **Personal Jurisdiction**

The party seeking to invoke a federal district court's jurisdiction bears the burden of establishing personal jurisdiction over a defendant. *See, e.g., Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir.1995) *(citing Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir.1990)); *Data Disc*, 557 F.2d at 1285 *(citing KVOS, Inc. v. Assoc. Press*, 299 U.S. 269, 278, 57 S.Ct. 197, 81 L.Ed. 183 (1936)); *Cummings v. W. Trial Lawyers Assoc.*, 133 F.Supp.2d. 1144, 1151 (D.Ariz.2001). Here, Kruska has the burden to establish that this Court has personal jurisdiction over Ochoa.

---

[1] a.k.a. Petra Luna

Pursuant to the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint for lack of personal jurisdiction, Fed.R.Civ.P. 12(b)(2); *see, e.g., Data Disc*, 557 F.2d at 1284 (citing Rule 12(b)(2)), and if defendant opts to do so, "the plaintiff is 'obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction' " over the defendant. *Cummings*, 133 F.Supp.2d at 1151.

## Discussion

In her Complaint, Plaintiff alleged that Ochoa resides in Encino, California. Plaintiff further asserts that Defendant does "business in the state of Arizona." (Doc. 1.) The extent of said "business" is to "direct supporters and volunteers to threaten, intimidate and harass individuals..." *Id*. Plaintiff neither contends that Defendant placed a product in the stream of commerce in Arizona, nor participated in any profit gaining activity in Arizona. (Doc. 1.)

In response to Plaintiff's Complaint, Defendant filed a Motion to Dismiss, first and foremost alleging lack of personal jurisdiction. Defendant contends that because she resides in California and has not had minimum contacts with the State of Arizona, asserting personal jurisdiction over her would offend the traditional notion of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945).[2]

Plaintiff responded merely by stating, "Defendant gives no basis for her assertion in this matter. This Court has already accepted jurisdiction based upon the original complaint's citations for jurisdiction filed on January 10, 2008." (Doc. 26.)[3] Contrary to Plaintiff's assertion, as the Court previously articulated, when a defendant challenges personal jurisdiction, the plaintiff bears the burden of **establishing the court's personal jurisdiction over the defendant**. *See Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001). Thus, the mere act of

---

[2] Absent traditional bases for personal jurisdiction (physical presence, domicile, or consent), due process is satisfied when a defendant has minimum contacts with the forum "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co.*, 326 U.S. at 316. Here, none of the traditional bases are applicable.

[3] Plaintiff further responds, "Defendant's statement that she does not reside in Arizona is irrelevant."

1 filing a complaint is insufficient by itself to satisfy the requirements for establishing personal
2 jurisdiction over a defendant.

3 Even accepting all allegations in the Plaintiff's complaint as true and resolving any
4 conflicts in the facts presented by the parties in the Plaintiff's favor, she still has not established
5 that asserting personal jurisdiction over Ochoa, resident of California, without doing any
6 business in Arizona, would not offend due process.[4] *Id.*

7 Accordingly, the Court will dismiss the Complaint solely as to Defendant Ochoa with
8 leave to re-file as to this Defendant. The Court advises Plaintiff to set forth the facts necessary
9 to establish personal jurisdiction over an out of state defendant, such as Ochoa, pursuant to the
10 Federal Rules of Civil Procedure and the current state of the law as it pertains to **personal**
11 **jurisdiction**. Plaintiff must establish that Defendant has such minimum contacts with the state
12 of Arizona such that asserting personal jurisdiction over her would not offend the traditional
13 notions of fair play and substantial justice. *Int'l Shoe Co.*, 326 U.S. at 316.

14 **IT IS HEREBY ORDERED GRANTING** Defendant's Motion to Dismiss (Doc. 17)
15 without Prejudice.

16 **IT IS FURTHER ORDERED** that the claims against Defendant Ochoa in Plaintiff's
17 Complaint are dismissed without prejudice with leave to re-file in accordance with the Federal
18 Rules of Civil Procedure and relevant binding authority.

19 **IT IS FURTHER ORDERED** that Plaintiff has until **July 7, 2008** to re-file her claims
20 against Defendant Ochoa.

21 DATED this 16th day of June, 2008.

_____
Stephen M. McNamee
United States District Judge

---

[4] Plaintiff has not established that internet correspondence is sufficient to establish personal jurisdiction.

- 3 -