WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jan E. Kruska, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> Perverted Justice Foundation Incorporated, ) <br> et al., ) <br> ) <br> Defendant. ) <br> ) | No. CV 08-0054-PHX-SMM <br><br> **ORDER** |

Pending before the Court is Defendant GoDaddy.com, Inc.'s ("GoDaddy") and Defendant Bob Parsons's ("Parsons") Motion to Dismiss (Dkt. 18) all claims against these Defendants raised by Plaintiff Jan E. Kruska ("Kruska") in her original Complaint. (Dkt. 1.)

## BACKGROUND

**A.   Statement of Facts**

Parsons is the CEO of GoDaddy. *(*Dkt. 1, ¶ 49.*)* GoDaddy is a web hosting company and provides domain name service for several web sites which allege that, *inter alia*, Kruska is a convicted child abuser, a convicted child molester, and a pedophile. *Id* at ¶ 48. Kruska seeks relief against GoDaddy and Parsons based on six counts: (1) intentional infliction of emotional distress, (2) defamation, (3) the Racketeer Influenced and Corrupt Organizations statutes (18 U.S.C. § 1961-1968) ("RICO"), (4) violations of federal cyberstalking and cyberharassment law (18 U.S.C. § 2261A), (5) infringement of copyright under the Digital

Millennium Copyright Act ("DMCA"), and (6) common law negligence[1]. (Dkt. 1, ¶¶ 78-111.)

## STANDARD OF REVIEW

A complaint may be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). When deciding a Motion to Dismiss, all allegations of material fact in the complaint are taken as true and construed in the light most favorable to the plaintiff. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

A court may dismiss a claim either because it lacks "a cognizable legal theory" or because it fails to allege sufficient facts to support a cognizable legal claim. *SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 783 (9th Cir. 1996). "Dismissal without leave to amend is improper unless it is clear, upon *de novo* review, that the complaint could not be saved by any amendment." *Polich v. Burlington N., Inc.*, 942 F.2d 1467, 1472 (9th Cir.1991). When exercising its discretion to deny leave to amend, "a court must be guided by the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

## DISCUSSION

### A.   Dismissal of Claims Against Parsons

The only allegations against Parsons are that he is "the president, owner, and CEO" of GoDaddy and that he is a resident of Arizona. Kruska agrees that she "may have . . . failed[ed] to satisfactorily state a claim against Defendant Bob Parsons." (Dkt. 27, 6:10-12). Accordingly, the motion to dismiss all claims against Parsons will be granted without

---

[1]The Court interprets the claim of "Prima Facia [sic] Tort" to mean common law negligence.

prejudice.[2]  The remaining discussion will therefore pertain only to Defendant GoDaddy.

### B. Copyright Infringement

In the Response to the instant motion, Kruska ". . . **agrees with Defendants** [sic] **assertions to DISMISS Count V** [sic] **ONLY**."  (Dkt. 27, 7:1-2) (emphasis and capitalization in original)[3].  Therefore, it is dismissed without prejudice.

### C. Cyberstalking and Cyberharassment--18 U.S.C. § 2261A

A federal cyberstalking or cyberharassment claim is governed by 18 U.S.C. § 2261A. Punishment for violation of this act is covered by 18 U.S.C. § 2261(b).  The punishments include imprisonment or fines.  *See* 18 U.S.C. § 2261(b).  The act creates no private right of recovery.  *See* 18 U.S.C. § 2261A.

As these allegations are defined in the federal criminal code, and the statute provides no private right of action for a violation, Kruska's claim under this statute is dismissed with prejudice.

### D. State Law Claims

Counts (1), (2), and (6) are state law claims.  A claim for defamation can only succeed when, "[o]ne who publishes a false and defamatory communication concerning a private person ... is subject to liability, if, but only if, he (a) knows that the statement is false and it

---

[2] Kruska claims she can "easily remedy the situation" by amending her complaint. The Court has doubt that there exists any set of facts which would allow Kruska to recover against Mr. Parsons personally.  If Kruska chooses to amend and re-file her complaint,  she is reminded that all complaints must be made in good faith and with a reasonable basis, even those of *pro se* plaintiffs.  Fed. R. Civ. P. 11(b);  *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.,*  498 U.S. 533, 534, (1991).  Failure to do so can incur sanctions under the Rules.  Fed. R. Civ. P. 11(c).  While we give *pro se* litigants special consideration, *pro se* filings do not serve as an impenetrable shield; one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, or abuse already over-loaded court dockets.

[3] Although the original complaint referenced the RICO claim as "Count V" (Dkt. 1, 15:21) and contained two sections titled "Count VI" (Dkt. 1, 17:11, 18:4), one of these was the DMCA claim.  It is clear from the section heading and the wording contained in the Response that Kruska intended to agree to the dismissal of her DMCA claim against Defendants.

- 3 -

1 defames the other, (b) acts in reckless disregard of these matters, or (c) acts negligently in
2 failing to ascertain them. *Dube v. Likins*, 167 P.3d 93, 104 (Ariz. Ct. App. 2007). "The tort
3 of intentional infliction of emotional distress requires proof of three elements: [F]irst, the
4 conduct by the defendant must be "extreme" and "outrageous"; second, the defendant must
5 either intend to cause emotional distress or recklessly disregard the near certainty that such
6 distress will result from his conduct; and third, severe emotional distress must indeed occur
7 as a result of defendant's conduct." *Citizen Publishing Co. v. Miller*, 115 P.3d 107, 110
8 (Ariz. 2005) (en banc). Negligence is defined as "conduct which falls below the standard
9 established by law for the protection of others against unreasonable risk of harm." Rest. 2d
10 Torts § 282.

11 Kruska doesn't allege any of the offending statements were created or developed by
12 GoDaddy. For any of these counts to succeed, GoDaddy would have to be held directly liable
13 as the declarant of the damaging statements or vicariously liable as the publisher or
14 distributor of those statements. Such treatment would bring GoDaddy squarely under the
15 aegis provided by § 230(c) of the Communications Decency Act.

### 1. Communications Decency Act–§230(c)

17 Section 230 of the Communications Decency Act ("CDA") provides immunity for an
18 interactive computer service or a user of the service if they are being treated as the speaker
19 or publisher of information or statements created by unrelated information content providers
20 that is transmitted or hosted by the service. 47 U.S.C. § 230(c)(1). These services are
21 statutorily defined as: "any information service, system, or access software provider that
22 provides or enables computer access by multiple users to a computer server . . ." *Id.* §
23 230(f)(2). The content providers are defined as: "any person or entity that is responsible, in
24 whole or in part, for the creation or development of information provided through the
25 Internet or any other interactive computer service." *Id.* § 230(f)(3). "Under the statutory
26 scheme, an interactive computer service qualifies for immunity so long as it does not also
27 function as an information content provider for the portion of the statement or publication
28 at issue." *Carafano v. Metrosplash.com. Inc.*, 339 F.3d 1119, 1123 (9th Cir. 2003) (internal

1 quotations omitted). This immunity was created because "Congress made a policy choice, 2 however, not to deter harmful online speech through the separate route of imposing tort 3 liability on companies that serve as intermediaries for other parties' potentially injurious 4 messages." *Zeran v. America Online, Inc.*, 129 F.3d 327, 330-331 (4th Cir. 1997). As 5 applied, this immunity has proved nearly limitless, protecting providers from defamation 6 (*Zeran),* invasion of privacy (*Parker v. Google*, 242 Fed.Appx. 833 (3rd Cir. 2007)), 7 misappropriation of right of publicity (*Carafano*), general negligence (*Carafano*), and 8 intentional infliction of emotional distress (*Doe v. Friendfinder Network, Inc.*, 540 F.Supp.2d 9 288 (D. N.H. 2008)), among other claims. This has included protecting "a service provider's 10 privilege as a publisher under the Act protects more than the mere repetition of data obtained 11 from another source, but extends to the provider's inherent decisions about how to treat 12 postings generally." *Universal Communication Systems, Inc. v. Lycos, Inc.*, 478 F.3d 413, 13 422 (1st Cir. 2007). The immunity contained within the statute does not provide protection 14 from enforcement of federal criminal statutes or intellectual property law claims. 47 U.S.C. 15 § 230(e).

16 Kruska fails to allege conduct outside that covered by the immunity. GoDaddy, as a 17 web host, qualifies as an interactive computer service provider under the CDA. Each of the 18 claims alleged has been previously held to fall under the CDA's immunity provision, and this 19 Court sees no reason to decide otherwise. Therefore, these claims are dismissed with 20 prejudice.

**2.     Lanham Act, Section 43(a) – 15 U.S.C. § 1125**

Section 43(a) of the Lanham Act, 15 U.S.C. § 1125, prohibits the use of false designations of origin, false descriptions, and false representations in the advertising and sale of goods and services. *Waits v. Frito-Lay, Inc.*, 978 F.2d 1093, 1106 (9th Cir. 1992). The relevant part of this section states the following:

27  (a) Civil action

- 5 -

> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which--
>
>> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>>
>> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1). The courts' application of the section is clear: "[i]n construing this section the courts have uniformly held that it fashioned a new federal remedy against a particular kind of unfair competition . . ." *New West Corp. v. NYM Co. of California, Inc.* 595 F.2d 1194, 1198 (9th Cir. 1979). Similarly, the intent of this section's inclusion in the Act does not invite debate: "[q]uite clearly, the Congressional intention was to allow a private suit by a competitor to stop the kind of unfair competition that consists of lying about goods or services, when it occurs in interstate commerce." *U-Haul Intern., Inc. v. Jartran, Inc.,* 681 F.2d 1159 (9th Cir. 1982) (quoting *Skil Corp. v. Rockwell Intern. Corp.*, 375 F.Supp. 777, 784-785 (D.C.Ill. 1974)).

Kruska's claim that Section 43(a) of the Lanham Act defeats the immunity provision in the CDA has no support in statute or case law. As explained above, the Lanham Act was enacted to provide owners of certain kinds of intellectual property (trademarks and trade dress, specifically) a means to bring suit against a competitor who is using the property without permission and for anti-competitive purposes. The Act is intended to prevent companies from using the identifying marks or designs of another to infer the support, endorsement, or association of the company represented by the marks or designs. The Lanham Act would only be applicable if the owner of the website were using GoDaddy's mark without GoDaddy's permission, and GoDaddy was the party bringing suit. Kruska has

- 6 -

put forth no evidence she owns or has registered a trademark for her name as used in the web sites.

In this case, GoDaddy is using its own trademark to advertise its own service. The presence of GoDaddy's logo on the allegedly offending website no more infers support of the contents found there than if the manufacturer of a television's distinctive logo would infer the manufacturer's support for what is being shown on the screen, even though that trademark is likely visible to someone looking at what is being shown. Consequently, the Court concludes Kruska's interpretation use of the Lanham Act is without merit and does not override the immunity granted by the CDA.

**E.    RICO**

RICO provides for a private right of recovery if a defendant is found to be in violation of the statute. "Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee . . ." 18 U.S.C. 1964(c).   There are seven elements that must be established for a successful RICO claim:  "(1) that the defendant (2) through the commission of two or more acts (3) constituting a "pattern" (4) of "racketeering activity" [defined in 18 U.S.C. 1961] (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an "enterprise" (7) the activities of which affect interstate or foreign commerce. . ." *Economic Opportunity Com'n of Nassau County v. County of Nassau, Inc.*, 47 F.Supp.2d 353, 362 (E.D.N.Y. 1999).  The Ninth Circuit has held "[t]he key task [in RICO claims] is to determine whether this injury was by reason of the [defendant's] alleged violations . . ." *Mendoza v. Zirkle Fruit Co.*,  301 F.3d 1163, 1168 (9th Cir. 2002). This ". . . requirement the Supreme Court has interpreted to encompass proximate as well as factual causation." *Id.*

The predicate acts of a RICO violation that Kruska alleges are as follows:

"i. Sending mass e-mails, creating multiple webpages, blog pages, and internet bulletins [containing defamatory statements]"

- 7 -

> ii. Encouraging and directing their associates and the general public to post and repost [the defamatory statements], encouraging their associates and the general public to undertake other criminal acts against Plaintiff . . .
>
> iii. Encouraging and directing their associates, individuals, and the general public to conact and threaten business entities with which the Plaintiff has ties."

(Dkt. 1, ¶ 93.) Kruska does not cite which definition of "racketeering activity," as defined under 18 U.S.C. § 1961(1), GoDaddy allegedly committed. Broadly stated, Kruska's RICO allegations are to encompass "any act or threat involving . . . extortion" under § 1961(1)(A) or " interfer[ing] with commerce, robbery, or extortion" under § 1961(1)(B). For this claim, the Court's "key task" is to determine whether the alleged injury was caused by GoDaddy. Kruska makes no assertion that GoDaddy created or disseminated any of the allegedly harmful statements. Indeed, with regard to each of the allegedly defamatory statements, there is no allegations that GoDaddy took any action. The "racketeering activity" listed in RICO requires some affirmative act ("any **act** or **threat**" and "**interference**"). As such, GoDaddy could not be the actual or proximate cause of any harm Kruska suffered as a result of these "encouragements" or the allegedly defamatory statements. Therefore, this claim is dismissed without prejudice.

## CONCLUSION

In light of the reasons set forth above,

**IT IS HEREBY ORDERED GRANTING** Defendants Parsons and GoDaddy's Motion to Dismiss. (Dkt. 18.)

**IT IS FURTHER ORDERED DISMISSING without prejudice** all claims against Defendant Parsons.

**IT IS FURTHER ORDERED DISMISSING without prejudice** Count VI[4] (DMCA violations) against Defendant GoDaddy. (Dkt. 1.)

---

[4] This references the second of the two Counts labeled VI.

1  **IT IS FURTHER ORDERED DISMISSING without prejudice** Count V (RICO violations) against Defendant GoDaddy.  (Dkt. 1.)

**IT IS FURTHER ORDERED DISMISSING with prejudice** Count III (intentional infliction of emotional distress) against Defendant GoDaddy.  (Dkt. 1.)

**IT IS FURTHER ORDERED DISMISSING with prejudice** Count IV (defamation) against Defendant GoDaddy.  (Dkt. 1.)

**IT IS FURTHER ORDERED DISMISSING with prejudice** Count VI[5] (cyberharassment) against Defendant GoDaddy.  (Dkt. 1.)

**IT IS FURTHER ORDERED DISMISSING with prejudice** Count VII (common law negligence) against Defendant GoDaddy.  (Dkt. 1.)

DATED this 8th day of July, 2008.

_____
Stephen M. McNamee
United States District Judge

---

[5] This ruling references the first Count labeled VI.