**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| JAN E. KRUSKA,<br><br>        Plaintiff,<br><br>v.<br><br>PERVERTED JUSTICE FOUNDATION INCORPORATED, et. al.,<br><br>        Defendant. | No. CV 08-0054-PHX-SMM<br><br>**ORDER** |

    Before the Court is Plaintiff's Motion for Reconsideration of the Courts Order Dated May 14, 2008 (Doc. 58).

### BACKGROUND

    In its May 14, 2008 Order, the Court considered Plaintiff's Motion to Compel Disclosure Statement for Defendant Filmax, Inc. (Doc. 38), Plaintiff's Motions for Defendant to File Waiver of Service (Docs. 32, 34, and 36), Defendant's Motion to Compel Defendant to Serve Copies (Doc. 32), and Plaintiff's Motion to Appoint Counsel (Doc. 37). The Court denied all four of these motions in its May 14, 2008 Order (Doc. 57). Plaintiff now asks the Court to reconsider its ruling in several respects. After consideration of the arguments presented, the Court denies Plaintiff's Motion for Reconsideration.

**LEGAL STANDARD**

The Federal Rules of Civil Procedure do not recognize a "motion to reconsider." A litigant subject to an adverse judgment may file either a motion to alter or amend the judgment under Rule 59(e) or a motion seeking relief from the judgment pursuant to Rule 60(b). However, these rules only provide relief from judgments that are "final, appealable orders." United States v. Martin, 226 F.3d 1042, 1048 n.8 (9th Cir. 2000), cert. denied, 532 U.S. 1002 (2001).

Rule 59(e) allows for the alteration or amendment of a "judgment" within ten days after "entry of the judgment," Fed. R. Civ. P. 59(e), where "judgment" is defined as "a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). Rule 60(b) does not provide relief from judgments, orders, or proceedings which are not "final," that is, are not final decisions within the meaning of 28 U.S.C. § 1291 and generally cannot be appealed immediately. See Sch. Dist. No. 5 v. Lundgren, 259 F.2d 101, 104 (9th Cir. 1958); see also Fed. R. Civ. P. 60(b) advisory committee's note ("The addition of the qualifying word 'final' emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule, but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires."). Nevertheless, the trial court has the inherent power to reconsider, set aside, or amend interlocutory orders at any time prior to entry of a final judgment. Lundgren, 259 F.2d at 104; see generally also John Simmons Co. v. Grier Bros. Co., 258 U.S. 82 (1922).

Under the "law of the case doctrine," courts do not "reexamine an issue previously decided by the same or higher court in the same case." Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc., 275 F.3d 762, 766 (9th Cir. 2001) (citing Rebel Oil Co., Inc. v. Atl. Richfield Co., 146 F.3d 1088, 1093 (9th Cir. 1998)). The doctrine is not a limitation on a tribunal's power, but rather a guide to discretion. Arizona v. California, 460 U.S. 605, 618 (1983) (citations omitted). A court may have discretion to depart from the law of the case where: (1) the first decision was clearly erroneous; (2) there has been

an intervening change of law; (3) the evidence is substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result. United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997) (citing Thomas v. Bible, 983 F.2d 152, 155, (9th Cir. 1993)).  A district court abuses its discretion when it applies the doctrine of the law of the case without one of these five requisite conditions.  Thomas, 983 F.2d at 155, cert. denied, 508 U.S. 951 (1993).  A motion for reconsideration may not be used to ask the Court "to rethink what the court had already thought through – rightly or wrongly." See Defenders of Wildlife v. Ballard, 73 F. Supp. 2d 1094, 1115 (D. Ariz. 1999) (citations omitted).

The Local Rules of Civil Procedure further provide that a court may deny a motion for reconsideration "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g)(1).  Moreover, the motion "shall point out with specificity . . . any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order."  Id.

**DISCUSSION**

In her Motion for Reconsideration, Plaintiff first states that the Court already ordered Filmax to file a Corporate Disclosure Statement pursuant to Federal Rule of Civil Procedure 7.1 (Doc. 58, ¶1).  Since Plaintiff has not received a copy of the Corporate Disclosure Statement, she asks the Court to reconsider its ruling denying her Motion to Compel Disclosure Statement for Defendant Filmax, Inc. (Doc. 58, ¶1).  However, Plaintiff has not indicated which of the Court's orders required Filmax to file a Corporate Disclosure Statement.  A review of the docket indicates no such Order was ever issued. In the absence of evidence of such an Order, this argument does not merit reconsideration because none of the factors that make reconsideration appropriate are present.

Second, Plaintiff claims that she is not receiving copies of responses and pleadings filed by Defendant April Butler and asks the Court to reconsider its denial of her Motion

1 to Compel Defendants to Serve Copies (Doc. 58, ¶2).  As of the date Plaintiff's Motion
2 for Reconsideration was filed, the only response or pleading filed by Defendant April
3 Butler was an Answer (Doc. 20).  A review of the Answer filed on February 27, 2008
4 indicates that there was no certificate of service attached.  However, Plaintiff was not
5 prejudiced by this lack of service as Plaintiff indicates in a later motion she was able to
6 access the answer via PACER (Doc. 31).  Indeed, Plaintiff has since filed a Response to
7 the Answer (Doc. 31), making the argument a moot point.  Furthermore, since Plaintiff's
8 Motion for Reconsideration was filed, Defendant April Butler has secured legal counsel
9 and it appears that copies of all responses and pleadings are now being mailed to Plaintiff.
10 Consequently, the Court will deny the Motion for Reconsideration for this argument.

11 Third, Plaintiff states that in her Motion to Appoint Counsel (Doc. 37), she
12 neglected to inform the Court that she had contacted all legal aid services listed in the Pro
13 Se packet provided by the Court (Doc. 58, ¶3).  However, all of them refused to assist
14 Plaintiff because she had a civil claim (Doc. 58, ¶3).  The Court finds that the
15 appointment of counsel for an indigent plaintiff is a matter of the court's discretion, and
16 the decision will not be overturned absent an abuse of discretion.  See United States ex
17 rel. Gardner v. Madden, 352 F.2d 792, 793 (9th Cir. 1965).  Plaintiff has failed to
18 establish that the Court's denial of her Motion to Appoint Counsel was erroneous, and as
19 a result, her Motion for Reconsideration will be denied.

20 Finally, Plaintiff asks the Court to "take Judicial Notice of the docket with respect
21 to dates and pleadings filed.  Plaintiff has filed all paperwork, replies, memorandums,
22 motions, responses, and service of summons in a timely manner" (Doc. 58, ¶6).  Federal
23 Rule of Evidence Rule 201(d) provides that "[a] court shall take judicial notice if
24 requested by a party and supplied with the necessary information."  Fed. R. Evid. 201(d).
25 Otherwise, judicial notice is discretionary, whether requested or not.  Fed. R. Evid.
26 201(c).  Rule 201also provides that "[a] judicially noticed fact must be one not subject to
27 reasonable dispute in that it is either (1) generally known within the territorial jurisdiction
28 of the trial court or (2) capable of accurate and ready determination by resort to sources

whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  It is well established that a federal district court can take judicial notice of its own records, <u>Chandler v. United States</u>, 378 F.2d 906, 909 (9th Cir. 1967) (citations omitted).  Despite the ability of the court to take judicial notice of its records, Plaintiff has provided no reasons why such judicial notice is needed other than to demonstrate her supposedly timely filings.  For this reason, the Court will deny Plaintiff's request for judicial notice.

## CONCLUSION

In conclusion, none of the requisite factors warranting reconsideration are present here.  The Court's May 14, 2008 Order was not clearly erroneous, as explained above.  Moreover, there has been no intervening change of law, new evidence, or changed circumstances presented by Plaintiff.  Finally, no manifest injustice would result from denying the Motion for Reconsideration.

Accordingly,

**IT IS HEREBY ORDERED DENYING** Plaintiff's Motion for Reconsideration of the Courts Order Dated May 14, 2008 (Doc. 58).

DATED this 15th day of November, 2008.

_____
Stephen M. McNamee
United States District Judge