**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JAN E. KRUSKA, | No. CV 08-0054-PHX-SMM |
| Plaintiff, | **ORDER** |
| v. | |
| PERVERTED JUSTICE FOUNDATION INCORPORATED, et. al., | |
| Defendant. | |

Before the Court is Plaintiff's Expedited Motion for Request for Reconsideration of the Courts Order Dated June 16, 2008, and Affidavit of Plaintiff in Support (Doc. 69).

## BACKGROUND

In its Order of June 16, 2008, the Court considered Defendant Barbara Ochoa's Motion to Dismiss Plaintiff Jan Kruska's Complaint for lack of jurisdiction, improper venue, insufficient service of process, and failure to state a claim (Doc. 17). The Court granted the Motion to Dismiss and dismissed the claims against Defendant Ochoa without prejudice and with leave to re-file (Doc. 63). The Court found that personal jurisdiction did not exist over Defendant Ochoa, a resident of California, who did not perform any business in Arizona (Doc. 63).

**LEGAL STANDARD**

The Federal Rules of Civil Procedure do not recognize a "motion to reconsider." A litigant subject to an adverse judgment may file either a motion to alter or amend the judgment under Rule 59(e) or a motion seeking relief from the judgment pursuant to Rule 60(b). However, these rules only provide relief from judgments that are "final, appealable orders." United States v. Martin, 226 F.3d 1042, 1048 n.8 (9th Cir. 2000), cert. denied, 532 U.S. 1002 (2001).

Rule 59(e) allows for the alteration or amendment of a "judgment" within ten days after "entry of the judgment," Fed. R. Civ. P. 59(e), where "judgment" is defined as "a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). Rule 60(b) does not provide relief from judgments, orders, or proceedings which are not "final," that is, are not final decisions within the meaning of 28 U.S.C. § 1291 and generally cannot be appealed immediately. See Sch. Dist. No. 5 v. Lundgren, 259 F.2d 101, 104 (9th Cir. 1958); see also Fed. R. Civ. P. 60(b) advisory committee's note ("The addition of the qualifying word 'final' emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule, but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires."). Nevertheless, the trial court has the inherent power to reconsider, set aside, or amend interlocutory orders at any time prior to entry of a final judgment. Lundgren, 259 F.2d at 104; see generally also John Simmons Co. v. Grier Bros. Co., 258 U.S. 82 (1922).

Under the "law of the case doctrine," courts do not "reexamine an issue previously decided by the same or higher court in the same case." Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc., 275 F.3d 762, 766 (9th Cir. 2001) (citing Rebel Oil Co., Inc. v. Atl. Richfield Co., 146 F.3d 1088, 1093 (9th Cir. 1998)). The doctrine is not a limitation on a tribunal's power, but rather a guide to discretion. Arizona v. California, 460 U.S. 605, 618 (1983) (citations omitted). A court may have discretion to depart from the law of the case where: (1) the first decision was clearly erroneous; (2) there has been

an intervening change of law; (3) the evidence is substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result. United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997) (citing Thomas v. Bible, 983 F.2d 152, 155, (9th Cir. 1993)).  A district court abuses its discretion when it applies the doctrine of the law of the case without one of these five requisite conditions.  Thomas, 983 F.2d at 155, cert. denied, 508 U.S. 951 (1993).

The Local Rules of Civil Procedure further provide that a court may deny a motion for reconsideration "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g)(1).  Moreover, the motion "shall point out with specificity . . . any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order." Id.

## DISCUSSION

In her Motion for Reconsideration, Plaintiff asks the Court to rethink its ruling regarding the exercise of personal jurisdiction over Defendant Ochoa (Doc. 69). However, Plaintiff fails to identify for the Court any of the conditions warranting reconsideration. Alexander, 106 F.3d at 876.  There are no grounds for finding the first decision clearly erroneous and no change in the law applicable to personal jurisdiction has been cited.  Moreover, no change in circumstances has been presented, and there is no claim that manifest injustice would result from a denial of reconsideration.  The only seemingly new evidence supporting jurisdiction is the fact that Defendant Ochoa is an actor who allegedly put on a wig and "impersonat[ed] Plaintiff with defamatory commentaries under a slide show she made regarding Plaintiff."  (Doc. 69, ¶4).  However, Plaintiff gives no reason why these new facts were not presented earlier when the Court considered Defendant Ochoa's Motion to Dismiss.  Such a showing is necessary under the Local Rules of Civil Procedure, which require that Plaintiff "point out with specificity . . . any new matters being brought to the Court's attention for the first time and the

1  reasons they were not presented earlier." LRCiv 7.2(g)(1).  Plaintiff cannot merely ask
2  the Court "to rethink what the court had already thought through – rightly or wrongly."
3  See Defenders of Wildlife v. Ballard, 73 F. Supp. 2d 1094, 1115 (D. Ariz. 1999)
4  (citations omitted).

     Accordingly,

**IT IS HEREBY ORDERED DENYING** Plaintiff's Expedited Motion for Request for Reconsideration of the Courts Order Dated June 16, 2008, and Affidavit of Plaintiff in Support (Doc. 69).

     DATED this 15th day of November, 2008.

Stephen M. McNamee
United States District Judge

- 4 -