**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JAN E. KRUSKA, | No. CV 08-0054-PHX-SMM |
| Plaintiff, | **ORDER** |
| v. | |
| PERVERTED JUSTICE FOUNDATION INCORPORATED, et. al., | |
| Defendants. | |

    Before the Court is Plaintiff's Corrected Motion for Default Judgment in Accordance with Fed. R. Civ. P. 55 and L.R. Civ. P. 4(f), 4.2, C and L.R. 4.2, 5(M) as to Defendant Christopher Brocious and Motion to Strike("Corrected Motion") (Doc. 83). According to Plaintiff, this Corrected Motion is intended to replace the earlier filed Motion for Default Judgment Under Fed. Rules Civil Procedure 55 as to Defendant Christopher Brocious (Doc. 59).

    Federal Rule of Civil Procedure 15 outlines the situations in which a party may amend one of its pleadings prior to trial. Pursuant to that rule, "a party may amend its pleading once as a matter of course (A) before being served with a responsive pleading; or (B) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar." Fed. R. Civ. P. 15(a)(1). In all other situations, a party must secure the opposing party's written consent or permission of the

court to amend its pleading. Fed. R. Civ. P. 15(a)(2). Rule 15 states the court should "freely give leave when justice so requires." Id.

Plaintiff filed her Motion for Default Judgment on June 4, 2008, and Defendant Brocious filed his Response on June 20, 2008. Service was effectuated on Plaintiff the same day. Several weeks later, on July 9, 2008, Plaintiff's Corrected Motion was filed. Since Plaintiff failed to file the Corrected Motion prior to the service of Defendant Brocious' Response, no amendment as a matter of course was allowed. Consequently, Plaintiff was required either to receive written consent from Defendant Brocious or court permission before filing the Corrected Motion. Since neither of these steps was taken by Plaintiff, the Corrected Motion is not permitted and will be denied by the Court.

Furthermore, entry of default and default judgments are addressed in Federal Rule of Civil Procedure 55. Under that rule, "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Before a default judgment can be entered by the court, the party must move the court to direct the entry of default in accordance with Rule 55(a) and default must be entered by the clerk. Since Plaintiff has failed to secure an entry of default from the Court, a motion for default judgment is inappropriate at this time.

Accordingly, for the reasons stated above,

**IT IS HEREBY ORDERED DENYING** Plaintiff's Corrected Motion for Default Judgment in Accordance with Fed. R. Civ. P. 55 and L.R. Civ. P. 4(f), 4.2, C and L.R. 4.2, 5(M) as to Defendant Christopher Brocious and Motion to Strike (Doc. 83).

DATED this 15th day of November, 2008.

Stephen M. McNamee
United States District Judge