**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JAN E. KRUSKA, | ) No. CV 08-0054-PHX-SMM |
| | ) |
| Plaintiff, | ) **ORDER** |
| | ) |
| v. | ) |
| | ) |
| PERVERTED JUSTICE FOUNDATION INCORPORATED, et. al., | ) |
| | ) |
| Defendants. | ) |

Before the Court is Defendant Christopher Brocious' Cross-Motion to Dismiss Pursuant to Rules 4(m) and 12(b)(2), (3) and (5) (Doc. 68). The Motion to Dismiss is brought based upon lack of personal jurisdiction, improper venue, and insufficient service of process. After careful consideration, the Court finds the following.

**STANDARD OF REVIEW**

The party seeking to invoke a federal district court's jurisdiction bears the burden of establishing personal jurisdiction over a defendant. See, e.g., Ziegler v. Indian River County, 64 F.3d 470, 473 (9th Cir. 1995) (citing Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co., 907 F.2d 911, 912 (9th Cir. 1990)). When the court relies on affidavits and discovery materials without an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdiction to avoid the motion to dismiss. Ochoa v. J.B. Martin and Sons Farms, Inc., 287 F.3d 1182, 1187 (9th Cir. 2002). In making this showing, "the

1    plaintiff need only demonstrate facts that if true would support jurisdiction over the

2    defendant." Doe I v. Unocal, Corp., 248 F.3d 915, 922 (9th Cir. 2001) (quoting Ballard

3    v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995)).  The version of facts presented by

4    Plaintiff must be taken as true and any conflicts in the evidence presented by the parties

5    must be resolved in the plaintiff's favor.  Id.

6                                           **DISCUSSION**

7           In her Complaint, Plaintiff alleges that Defendant has a principal place of business

8    in Youngstown, Ohio.  (Doc. 1 ¶4.)  Plaintiff further asserts that Defendant does

9    "business in the state of Arizona."  (Id.)  The extent of this business consists of owning

10   three websites, including absolutezerounited.blogspot.com, absolutezerounited.org, and

11   absolutezerounited.com.  (Id.)  These three websites, according to Plaintiff,

12          support volunteers who post information derived through their 'joint effort'
             with corporatesexoffenders.com and Perverted Justice Inc. Expanding upon
13          such information in a libelous, defamatory, inciting manner on their
             'targets' along with photographs, copyrighted materials, [and] personal
14          identifying information.

15   (Id.)  Plaintiff neither contends that Defendant participated in any profit gaining activity

16   in Arizona, nor placed a product in the stream of commerce.

17          In response to Plaintiff's Complaint, Defendant filed a Motion to Dismiss alleging

18   lack of personal jurisdiction, among other things.  As an Ohio resident, Defendant

19   contends that he has done nothing to subject himself to jurisdiction in Arizona.  (Doc. 68,

20   4:5-8.)  Rather, Plaintiff's allegations are directed towards the three websites she lists in

21   her Complaint as "doing business in Arizona."  (Doc. 68, 4:8-9.)  According to

22   Defendant, because he does not have minimum contacts with the state, any assertion of

23   personal jurisdiction over him would offend the traditional notion of fair play and

24   substantial justice.[1]  Plaintiff's Response fails to address Defendant's jurisdictional

25

26          [1]Absent traditional bases for personal jurisdiction (physical presence, domicile, or
     consent), due process is satisfied when a defendant has minimum contacts with the forum
27   "such that the maintenance of the suit does not offend traditional notions of fair play and
     substantial justice."  Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).  The United

28

1    arguments, but focuses instead on Defendant's claims of insufficient service.  As a result,

2    Plaintiff has failed to carry her burden of establishing the court's personal jurisdiction

3    over Defendant.  Ziegler, 64 F.3d at 473.

4         Looking to the allegations in Plaintiff's Complaint, the maintenance of a relatively

5    passive website that is accessible to Arizona residents, and everyone else, on the Internet

6    is insufficient for personal jurisdiction.  In considering when personal jurisdiction may be

7    exercised in the context of cyberspace, the courts have looked to "nature and quality of

8    commercial activity that an entity conducts over the Internet."  Zippo Mfg. Co. v. Zippo

9    Dot Com, Inc., 952 F. Supp. 1119, 1124 (W.D. Pa. 1997).  The first opportunity for the

10   Ninth Circuit to address personal jurisdiction as it applies to the Internet came in

11   Cybersell, Inc. v. Cybersell, Inc. 130 F.3d 414 (9th Cir. 1997).  In that case, the court

12   adopted the "sliding scale" approach found in Zippo that examines a particular web site's

13   interactivity and commercial nature.

14        At one end of the spectrum are situations where a defendant clearly does
          business over the Internet.  If the defendant enters into contracts with
15        residents of a foreign jurisdiction that involve the knowing and repeated
          transmission of computer files over the Internet, personal jurisdiction is
16        proper.  At the opposite end are situations where a defendant has simply
          posted information on an Internet Web site which is accessible to users in
17        foreign jurisdictions.  A passive Web site that does little more than make
          information available to those who are interested in it is not grounds for the
18        exercise personal jurisdiction.  The middle ground is occupied by
          interactive Web sites where a user can exchange information with the host
19        computer.  In these cases, the exercise of jurisdiction is determined by
          examining the level of interactivity and commercial nature of the exchange
20        of information that occurs on the Web site.

21   952 F. Supp. at 1124 (citations omitted).  Under this framework, Defendant's website is

22   largely passive because he has simply operated webpages that are accessible to interested

23   users across the United States.  Defendant has done nothing to encourage people in

24   Arizona to access the site, and there is no evidence that any business was transacted over

25

26   ─────────────────

27   States Supreme Court has identified the "relationship among the defendant, the forum, and
     the litigation" as the "essential foundation of in personam jurisdiction."  Helicopteros
28   Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 (1984).

1   the website.  The interactivity of the website is limited to various contributors posting

2   comments regarding pedophiles and their activities.

3   　　　　Applying the "minimum contacts" analysis, the Court finds it would not comport

4   with "traditional notions of fair play and substantial justice" for Arizona to exercise

5   personal jurisdiction over a defendant who has no contacts with Arizona other than

6   running a website on the Internet.  Int'l Shoe Co. v. Washington, 326 U.S. 310, 316

7   (1945).  Plaintiff has provided no evidence that Defendant posted any of the allegedly

8   defamatory and copyrighted material himself, but merely that he is the owner of the

9   websites.  Even assuming Defendant participated in Internet correspondence, Plaintiff has

10  not demonstrated that such correspondence is enough for personal jurisdiction.  Accepting

11  all allegations in Plaintiff's Complaint as true and resolving any factual conflicts in favor

12  of Plaintiff, she has not shown that asserting personal jurisdiction over Defendant, a

13  resident of Ohio, without doing any business in Arizona, would not offend due process.

14  　　　　Accordingly, the Court will grant the Motion to Dismiss and dismiss the

15  Complaint as to Defendant Brocious only.  However, Plaintiff will be given leave to re-

16  file an Amended Complaint as to Defendant Brocious.  Plaintiff must provide facts

17  establishing that Defendant has minimum contacts with the state of Arizona such that the

18  exercise of personal jurisdiction over him would not offend the traditional notions of fair

19  play and substantial justice.

20  　　　　Accordingly,

21  　　　**IT IS HEREBY ORDERED GRANTING** Defendant Christopher Brocious'

22  Cross-Motion to Dismiss Pursuant to Rules 4(m) and 12(b)(2), (3) and (5) (Doc. 68)

23  without prejudice (Doc. 68).

24  　　　**IT IS FURTHER ORDERED** that the claims against Defendant Brocious are

25  dismissed without prejudice with leave to re-file.

26  　　　**IT IS FURTHER ORDERED** that Plaintiff has until **December 19, 2008**

27  to re-file her claims against Defendant Brocious.

28

- 4 -

1     DATED this 25th day of November, 2008.

2

3

4                           Stephen M. McNamee

5                     United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 5 -