1   **WO**

2

3

4

5           IN THE UNITED STATES DISTRICT COURT

6               FOR THE DISTRICT OF ARIZONA

7

8   JAN E. KRUSKA,                    )   No. CV 08-0054-PHX-SMM
                                      )
9                                     )   **MEMORANDUM OF DECISION AND**
                                      )   **ORDER**
10              Plaintiff,            )
                                      )
11  v.                                )
                                      )
12  PERVERTED JUSTICE FOUNDATION)
    INCORPORATED, et. al.,            )
13                                    )
                                      )
14                                    )
                Defendants.           )
15  _____)

16

17          Before the Court is Specially Appearing Defendants' Perverted Justice Foundation,

    Inc.'s and Xavier Von Erck's Motion to Dismiss and Memorandum in Support.  (Doc.
18
    44.)[1]  Defendants' Motion to Dismiss is brought based upon lack of personal jurisdiction,
19
    failure to state a claim upon which relief can be granted, and insufficient service.  Also
20
    before the Court is Plaintiff's Motion to Set Hearing for Oral Arguments on Rule 12
21

22          _____

23          [1] Plaintiff filed a Response to Motion to Dismiss (Doc. 47), followed by Defendants'
    Reply in Further Support of Their Motion to Dismiss.  (Doc. 50.)  Plaintiff then filed another
24  Response to Defendant's Reply.  (Doc. 54.)  Local Rule 7.2(c) states that there should be one
    "responsive memorandum" by the opposing party after a motion is filed.  Moreover, Local
25  Rule 7.2(d) allows the original filing party to file a reply memorandum.  No further filings
    are permitted absent Court order.  In accordance with Rule 7.2, Plaintiff is allowed to file
26  only a single Response to Defendants' Motion to Dismiss.  As a result, the Court will strike
    Plaintiff's Response to Defendant's Reply (Doc. 54) and Plaintiff's arguments in that motion
27  will not be considered.

28

1   Motions to Dismiss.  (Doc. 60.)  After consideration of the issues, the Court finds the
2   following.

3                                    **BACKGROUND**

4          Plaintiff Jan E. Kruska ("Plaintiff") brought suit alleging that the website
5   www.corporatesexoffenders.com/wikisposure run by Perverted Justice Foundation,
6   Incorporated ("Perverted Justice") showcases Plaintiff under the categories of "Female
7   Pedophiles" and "Pedophile Activists."  (Doc.1 ¶25.)  Plaintiff claims that the
8   Wikisposure website features four copyrighted images of her as well as copyrighted
9   written materials.  (Id. ¶27.)  Furthermore, Plaintiff contends that personal information is
10  displayed on the website, such as her phone number, home address, and e-mail address,
11  along with statements that Plaintiff is a predator, convicted child molester, and pro-
12  pedophilia.  (Id. ¶ 2, 27.)  Despite contacting Perverted Justice and demanding that it
13  cease and desist, Plaintiff claims that no action was taken other than a response allegedly
14  stating, "Please shut up, your typing is boring."  (Id. ¶28-30.)  Plaintiff also brought suit
15  against Philip John Eide aka Xavier Von Erck ("Von Erck") as the founder and President
16  of Perverted Justice, www.corporatesexoffenders.com, and the "Wikisposure project" sub
17  site.  (Id. ¶ 3.)  On March 21, 2008, Defendants Perverted Justice and Von Erck brought a
18  Motion to Dismiss.  (Doc. 44.)

19                               **STANDARD OF REVIEW**

20         The party seeking to invoke a federal district court's jurisdiction bears the burden
21  of establishing personal jurisdiction over a defendant.  See, e.g., Ziegler v. Indian River
22  County, 64 F.3d 470, 473 (9th Cir.1995) (citing Farmers Ins. Exch. v. Portage La Prairie
23  Mut. Ins. Co., 907 F.2d 911, 912 (9th Cir.1990)).  When the court relies on affidavits and
24  discovery materials without an evidentiary hearing, the plaintiff need only make a prima
25  facie showing of jurisdiction to avoid a motion to dismiss under Federal Rule of Civil
26  Procedure 12.  Ochoa v. J.B. Martin and Sons Farms, Inc., 287 F.3d 1182, 1187 (9th
27  Cir.2002).  In making this showing, the court "'inquire[s] into whether [the plaintiff's]
28  pleadings and affidavits make a prima facie showing of personal jurisdiction.'"  Boschetto

1  v. Hansing, 539 F.3d 1011, 1015 (9th Cir. 2008) (quoting Caruth v. Int'l Psychoanalytical

2  Ass'n, 59 F.3d 126, 127-28 (9th Cir. 1995)).  Uncontroverted allegations in the complaint

3  are taken as true and any conflicts in the affidavits presented by the parties must be

4  resolved in the plaintiff's favor.  Id. (citations omitted).

5  **DISCUSSION**

6  **I.   Personal Jurisdiction Framework**

7          A federal court may exercise personal jurisdiction over a non-resident defendant if

8  jurisdiction is proper under the state's long-arm statute and if the exercise of jurisdiction

9  is consistent with the due process requirements of the United States Constitution.  See,

10  e.g., Fireman's Fund Ins. Co. v. Nat'l Bank of Coops., 103 F.3d 888, 893 (9th Cir. 1996).

11  Arizona's long-arm statute permits jurisdiction over a non-resident defendant to the limits

12  of the United States Constitution.  See Davis v. Metro. Prod., Inc., 885 F.2d 515, 520 (9th

13  Cir. 1989) (citing Mfr.'s Leases Plan, Inc. v. Alverson Draughon Coll., 115 Ariz. 358,

14  359 (1977)).  The statutory and constitutional considerations "therefore merge into a

15  single due process test."  Fireman's Fund, 103 F.3d at 893.

16          Absent traditional bases for personal jurisdiction (physical presence, domicile, or

17  consent), due process is satisfied when a defendant has minimum contacts with the forum

18  "such that the maintenance of the suit does not offend traditional notions of fair play and

19  substantial justice."  Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).  The United

20  States Supreme Court has identified the "relationship among the defendant, the forum,

21  and the litigation" as the "essential foundation of in personam jurisdiction."  Helicopteros

22  Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 (1984).

23          There are two types of personal jurisdiction: general and specific.  General

24  personal jurisdiction exists if the defendant has "substantial" or "continuous and

25  systematic" contacts with the forum state."  Fields v. Sedgwick Assoc. Risks, Ltd., 796

26  F.2d 299, 301 (9th Cir. 1986).  General personal jurisdiction allows a court to hear cases

27  that are not connected to the activities of the defendant in the forum.  Id.

28

A state may also exert specific jurisdiction over a defendant in certain circumstances.  The Ninth Circuit applies a three-part test to determine whether the court may exercise specific jurisdiction over a non-resident defendant:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004).  If the plaintiff does not satisfy either of the first two prongs, personal jurisdiction is not found.  Id.  However, if the plaintiff meets both prongs, the burden shifts to the defendant to show that the exercise of jurisdiction would be unreasonable.  Id.

With the advent of the Internet, new jurisdictional concerns have arisen.  In Hanson v. Denckla, the Supreme Court noted that "as technological progress has increased the flow of commerce between States, the need for jurisdiction has undergone a similar increase."  357 U.S. 235, 250-51 (1958).  Years later, the Supreme Court recognized that physical presence was not required for courts to exercise personal jurisdiction due to the large amount of business conducted via mail and wire communications.  Burger King Corp. V. Rudzewicz, 471 U.S. 462, 476 (1985).

In Zippo Mfg. Co. v. Zippo Dot Com, Inc., a Pennsylvania district court set out principles regarding the exercise of personal jurisdiction as related to the Internet that have been subsequently cited by a number of courts, including the Ninth Circuit.  952 F. Supp. 1119 (W.D. Pa. 1997).  Zippo established a "sliding scale" approach to personal jurisdiction that examines a particular website's interactivity and commercial nature.

> At one end of the spectrum are situations where a defendant clearly does business over the Internet.  If the defendant enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet, personal jurisdiction is proper.  At the opposite end are situations where a defendant has simply posted information on an Internet Web site which is accessible to users in foreign jurisdictions.  A passive Web site that does little more than make information available to those who are interested in it is not grounds for the

1

2

3

> exercise [of] personal jurisdiction. The middle ground is occupied by interactive Web sites where a user can exchange information with the host computer. In these cases, the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the Web site.

4   Id. at 1124 (citations omitted); see also Cybersell v. Cybersell, 130 F.3d 414 (9th Cir.

5   1997) (adopting Zippo's framework for personal jurisdiction in the context of the

6   Internet). The court in Zippo stated that "the likelihood that personal jurisdiction can be

7   constitutionally exercised is directly proportionate to the nature and quality of

8   commercial activity that an entity conducts over the Internet." Zippo, 952 F. Supp. at

9   1124.

10   **II.     Motion to Dismiss for Lack of Personal Jurisdiction as to Perverted Justice**

11   **Foundation**

12        A.     General Jurisdiction

13        For general personal jurisdiction to exist, a court must examine carefully the

14   defendant's contacts with the forum state and judge whether they are "substantial" or

15   "continuous and systematic" such that the exercise of jurisdiction is appropriate. "The

16   standard for establishing general jurisdiction is 'fairly high,' and requires that the

17   defendant's contacts be of the sort that approximate physical presence." Bancroft &

18   Masters, Inc. v. Augusta Nat. Inc., 223 F.3d 1082, 1086 (9th Cir. 2000) (quoting Brand v.

19   Menlove Dodge, 796 F.2d 1070, 1073 (9th Cir. 1986)).[2] Factors to be considered in the

20   analysis include "whether the defendant makes sales, solicits or engages in business in the

21

22

23

24   [2]In Helicopteros Nacionales de Columbia, S.A. v. Hall, the U.S. Supreme Court found no jurisdiction where a foreign corporation sent officer to forum for one negotiating session,

25   accepts checks drawn on a forum bank, purchased equipment from the forum, and sent personnel to the forum for training. 466 U.S. at 416. Similarly, in Cubbage v. Merchant, the

26   Ninth Circuit found general jurisdiction did not exist where defendant doctors had large numbers of patients in the forum, used the forum's medical insurance system, and had a

27   telephone directory listing that reached the forum. 744 F.2d 665, 667-68 (9th Cir. 1984).

28

state, serves the state's markets, designates an agent for service of process, holds a

license, or is incorporated there." Id.

In her Complaint, Plaintiff alleges that Perverted Justice is based out of Portland, Oregon, and accepts donations in California. (Doc. 1 ¶2.) However, Plaintiff also contends Perverted Justice is "doing business within the State of Arizona." (Id.) The nature of this business consists of "support[ing] volunteers who act as bait in chat rooms acting as underage individuals." (Id.) In addition, Plaintiff claims Perverted Justice runs a website called www.corporatesexoffenders.com and through the "Wikispousure Project" sub site target individuals Perverted Justice believe to be pedofiles and child rape advocates. (Id.) Substantively, the Complaint states that the Wikisposure website displays "four copyrighted images of Plaintiff as well as numerous copyrighted written materials," including "Plaintiff's personal identifying information . . . such as home address, telephone and cell phone numbers, maiden and married names, jobs plaintiff has held, online magazines and bands she has written for, date of birth, e-mail addresses, known affiliates (some of which she does not know), Plaintiff's hobbies, that Plaintiff is a convicted child molester, that she was convicted of molesting a child in Massachusetts and that she is a pedophile." (Id. ¶27.)

In its Motion to Dismiss, Perverted Justice contends that it is a non-profit corporation based in California and Oregon. (Doc. 44, 6:19-21.) It conducts no business with Arizona, has no designated agent for service of process in the state, holds no Arizona licenses, and is not incorporated under Arizona law. (Id. 6:24-7:1.) Consequently, since Perverted Justice has no substantial or continuous and systematic contacts with Arizona, it asserts it is not subject to general jurisdiction.

1    In her Response to Motion to Dismiss,[3] Plaintiff acknowledges that Perverted

2    Justice is a non-profit organization based out of California, but asserts that it has had

3    "minimally sufficient contacts with the forum state [of Arizona]" sufficient to subject it to

4    the Court's jurisdiction. (Doc. 47 ¶3.)  Such a general allegation is insufficient for the

5    Court to exercise general jurisdiction over Perverted Justice.  Later in her Response,

6    Plaintiff also claims that Perverted Justice has done business with Arizona on two

7    occasions. (Id. ¶12.)  Specifically, Plaintiff alleges that Perverted Justice has conducted

8    two internet "stings" in Arizona in the past ten years, one in Prescott and another in

9    Tucson. (Id.)  The Court notes these allegations were not addressed in the Complaint.[4]

10

11    _____

      [3]Plaintiff is reminded that responses must comply with Rule 7.2 of the Local Rules
12    of Civil Procedure.  "Unless otherwise permitted by the Court, a motion including its
      supporting memorandum, and the response including its supporting memorandum, each shall
13    not exceed seventeen (17) pages, exclusive of attachments and any required statement of
      facts." L.R.Civ. 7.2(e).  Failure to follow this Local Rule can result in the non-compliance
14    being "deemed a consent to the denial or granting of the motion," allowing the Court to
      dispose of the motion.  L.R.Civ. 7.2(i).
15

16

17    [4]In considering whether Plaintiff has met her burden of establishing personal
      jurisdiction, the court "'inquire[s] into whether [the plaintiff's] pleadings and affidavits make
18    a prima facie showing of personal jurisdiction.'"  Boschetto, 539 F.3d at 1015 (quoting
      Caruth v. Int'l Psychoanalytical Ass'n, 59 F.3d 126, 127-28 (9th Cir. 1995)).  However, in
19    the present case, Plaintiff never raised her allegations regarding the Arizona sting operations
      in her original Complaint.  (Doc. 1.)  Indeed, none of her claims are based on these
20    operations.  (Id.)  Rather, Plaintiff asserts these facts for the first time in her Response to the
      Motion to Dismiss. (Doc. 47 ¶12.)  Since the Response is neither a pleading under Federal
21    Rule of Civil Procedure 7 nor are any affidavits included, the Court will not consider the
      allegations concerning the alleged sting operations in ruling on the Motion to Dismiss.  If
22    Plaintiff wanted to add new allegations against Perverted Justice, the proper procedure was
      to file an Amended Complaint pursuant to Federal Rule of Civil Procedure 15.
23
          Even if such evidence were considered, the result would not change.  Two sting
24    operations over the course of a ten-year period is not the type of continuous and systematic
      contact with Arizona required for general jurisdiction    (Doc. 47 ¶12.)  As to specific
25    jurisdiction, discussed infra, the second prong of the Schwarzenegger test is not met.
      Schwarzenegger, 374 F.3d at 802. In considering whether a plaintiff's claim arises out of a
26    defendant's forum-related activities, the Ninth Circuit has adopted a "but for" test.  Ballard
      v. Savage, 65 F.3d 1495, 1500 (9th Cir. 1995); Ziegler, 64 F.3d at 474.  Under this test, if
27

28

1    Thus, the Court will not undertake any further inquiry with regards to the sting

2    allegations.

3          After examining the Plaintiff's Complaint, the only connection that Perverted

4    Justice has with Arizona is through its www.corporatesexoffenders.com and Wikisposure

5    websites.  Plaintiff has not contested Perverted Justice's assertions that it conducts no

6    business with Arizona, has no designated agent for service of process in the state, holds

7    no Arizona licenses, and is not incorporated under Arizona law.  (Doc. 44, 6:24-7:1; Doc.

8    47.)  In the absence of these types of contacts that approximate physical presence in

9    Arizona, the Court finds that Perverted Justice does not have the substantial or continuous

10   and systematic contacts necessary for the Court to exercise general jurisdiction over

11   Perverted Justice.

12          B.     Specific Jurisdiction

13          In its Motion to Dismiss, Perverted Justice claims it does not satisfy the three-part

14   test for specific jurisdiction.  Schwarzenegger, 374 F.3d at 802.  First, Perverted Justice

15   argues that posting information on the Internet, by itself, is not sufficient to show

16   purposeful availment without evidence that Perverted Justice purposefully directed its

17   activity toward Arizona.  (Doc. 44, 8:21-9:6.)  Moreover, Perverted Justice contends that

18   it did not satisfy the "effects test" laid out in Calder v. Jones by committing an intentional

19   act "expressly aimed" at Arizona and which caused harm in that state.  (Id. 9:7-10:16.)

20   Second, Perverted Justice claims it has no forum-related activities because it has no office

21   in Arizona and does not solicit or conduct business there.  (Id. 10:19-11:4.)  Even if such

22   forum-related activities existed,  Plaintiff does not allege that but for Perverted Justice's

23   contacts with Arizona, Plaintiff would not have suffered injury.  (Id.)  According to

24

25   ───────────────────

26   "but for" the defendant's contacts with the forum, the plaintiff's claim would not have arisen,
     the second requirement for specific jurisdiction is satisfied.  Id.  Here, Plaintiff does not
27   assert any claims based upon  Perverted Justice's sting operations in Arizona.  (Doc. 1.)  As
     a result, her claims do not arise from these sting operations, and there is no specific
28   jurisdiction.

1    Perverted Justice, such a "but for" test is required by the Ninth Circuit.  (Id.)  Third,

2    Perverted Justice contends that the exercise of jurisdiction would be unreasonable.  (Id.

3    11:7-25.)

4                    1.       Purposeful Availment/Purposeful Direction

5                         a.       Generally

6          In order to satisfy the first prong of the Ninth Circuit test for specific jurisdiction,

7    Plaintiff must establish either that 1) Perverted Justice purposefully availed itself of the

8    privilege of conducting activities in Arizona, or 2) Perverted Justice purposefully directed

9    its activities toward Arizona.  Schwarzenegger, 374 F.3d at 802.

10         A purposeful availment analysis is most often used when the action is one

11   sounding in contract, while a purposeful direction analysis is often used with tort suits.

12   Id.  In order to have purposefully availed himself of conducting activities in the forum,

13   the defendant must have performed some type of affirmative conduct which allows or

14   promotes the transaction of business within the forum state.  Sinatra v. National Enquirer,

15   Inc., 854 F.2d 1191, 1195 (9th Cir. 1988).  In this first part of the test, the court

16   determines "whether the defendant's contacts with the forum are attributable to his own

17   actions or are solely the actions of the plaintiff."  Id.

18         Purposeful direction, on the other hand, requires evidence of a nonresident

19   defendant's actions outside the forum that are directed or aimed at the forum state, such

20   as by distributing goods that originated elsewhere.  Schwarzenegger, 374 F.3d at 803.

21   Under a purposeful direction analysis, personal jurisdiction can be based upon the so-

22   called "effects test" from Calder v. Jones.  In that case, the United States Supreme Court

23   held that an act by a foreign defendant that is both aimed at the forum state and has effect

24   there satisfies the purposeful availment prong for specific jurisdiction.  Calder v. Jones,

25   465 U.S. 783 (1984).  "To meet the effects test, the defendant must have 1) committed an

26   intentional act, which was 2) expressly aimed at the forum state, and 3) caused harm, the

27   brunt of which is suffered and which the defendant knows is likely to be suffered in the

28   forum state."  Bancroft, 223 F.3d at 1087.  Foreseeable effects on the forum state are not

1   enough; the plaintiff must demonstrate that the defendant specifically directed his actions

2   at the forum state.  Schwarzenegger, 374 F.3d at 807.

3                           b.     Purposeful Availment

4          The Wikisposure website maintained by Perverted Justice serves as a database of

5   information regarding the identities and pursuits of those in the pedophile and sex

6   offender activism community.  (Doc. 1 ¶2.)  The website features profiles of individuals

7   that promote sex offender and child rape activism.  (Id.)  One such person profiled is

8   Plaintiff, and the webpage devoted to her includes photographs, alleged quotations and

9   personal identifying information such as e-mail addresses, affiliations, home address, and

10  phone numbers.  (Id. ¶27.)  Additionally, the webpage includes information regarding

11  Plaintiff's known affiliates as well as links to various websites featuring Plaintiff.  (Id.)

12         There is no evidence that Perverted Justice engaged in any kind of affirmative

13  conduct within Arizona that promoted the transaction of business there.  While there is no

14  question that anyone in the country, and indeed the world, could access the Wikisposure

15  website and thereby learn about Plaintiff, this fact alone does not permit an inference that

16  Perverted Justice directed the information toward Arizona residents.  Perverted Justice did

17  nothing to encourage people in Arizona to access the site, and there is no evidence that

18  any business or commercial activity was transacted over the website.  Furthermore, the

19  interactivity of the website is limited to Perverted Justice posting information on Plaintiff

20  for others to read and an e-mail address in which additional information about Plaintiff

21  can be sent.  However, there is no indication that any comments were received from

22  Arizona.

23         After contacting Perverted Justice and demanding that they cease and desist,

24  Plaintiff claims she received a response stating "Please shut up, your typing is boring."

25  (Doc. 1 ¶28-30.)  This communication received in response to Plaintiff's cease and desist

26  demand does not support specific jurisdiction either.  Only those contacts with the forum

27  that were created by the defendant, rather than those manufactured by the unilateral acts

28  of the plaintiff, should be considered when determining whether there have been

sufficient contacts for the exercise of personal jurisdiction to satisfy due process.  <u>Tech</u> <u>Heads, Inc. v. Desktop Service Center, Inc.</u>, 105 F.Supp.2d 1142, 1151 (D. Or. 2000) (finding that since defendant sent three letters only after plaintiff first sent a letter, correspondence initiated by plaintiff could not subject defendant to jurisdiction on this basis).  Perverted Justice allegedly reached out to Plaintiff only after she contacted them, and thus, the correspondence was initiated by Plaintiff.  (Doc. 1 ¶28-30.)  This contact by Perverted Justice with Arizona was not attributable to Perverted Justice's own actions, but rather to those of Plaintiff. Because Perverted Justice did not engage in any affirmative conduct that allows or promotes the transaction of business in Arizona, Perverted Justice has not purposefully availed itself of the privilege of conducting business in Arizona. Thus, the Court will consider next whether there is purposeful direction with regards to the website.

c.      Purposeful Direction

In her initial Complaint, Plaintiff refers to being a "target" of the website run by Perverted Justice, and that she lives in the State of Arizona (Doc. 1 ¶2.)  This allegation by Plaintiff appears to be directed to an "effects test"-type analysis.  Despite these allegations, it is not enough that Plaintiff resides in the forum state and may feel the effects there.  The defendant must direct the tortious activity to the forum state.  <u>See</u> <u>Cas.</u> <u>Assurance Risk Ins. Brokerage Co. v. Dillon</u>, 976 F.2d 596, 601 (9th Cir. 1992).  Plaintiff does not demonstrate how the maintenance of a website with a low degree of interactivity constitutes express aiming at Arizona.  Perverted Justice did not direct its Wikisposure website at Arizona residents; rather, the webpage was accessible by anyone, anywhere in the world.  While Plaintiff may have suffered harm in Arizona and this harm may have been foreseeable, this is not sufficient in the absence of express aiming at Arizona by Perverted Justice.  As a result, the "effects test" is not met and Perverted Justice is not subject to specific jurisdiction.

The Court concludes that the essentially passive nature of Perverted Justice's activity in posting a website on the Internet that allegedly defamed Plaintiff does not

1    qualify as purposeful availment invoking the benefits and protections of Arizona.  Neither

2    is there any purposeful direction by Perverted Justice.  Having failed the first prong

3    necessary for specific jurisdiction, there is no need to address whether the claim arises out

4    of or relates to the defendant's forum-related activities and whether the exercise of

5    jurisdiction is reasonable.

6    **III.    Motion to Dismiss for Lack of Personal Jurisdiction as to Xavier Von Erck**

7            A.    General Jurisdiction

8            In Plaintiff's Complaint, she claims Philip John Eide aka Xavier Von Erck is the

9    founder and President of Perverted Justice, www.corporatesexoffenders.com and the

10   "Wikisposure Project" sub site.  (Doc. 1 ¶3.)  Plaintiff alleges he is "believed to reside in

11   Portland, Oregon."  (Id.)  No other basis for personal jurisdiction is offered.

12          Von Erck argues that he has no substantial, continuous or systematic contacts with

13   Arizona sufficient for general jurisdiction.  (Doc. 44, 7:18-19.)  In addition to never living

14   in Arizona, Von Erck contends that he does not own any property or businesses in

15   Arizona, holds no bank accounts in the state, pays no taxes, and has no designated agent

16   for service of process.  (Id. 7:19-23.)  Plaintiff does not dispute any of these claims in her

17   Response.  (Doc. 47.)

18          In Plaintiff's Response, she further alleges that on March 30, 2006, Von Erck

19   appeared on Godaddy.com's internet talk show for an interview and to "advertise their

20   'talents' and 'services.'"  (Doc. 47 ¶10.)  The Court notes that this fact, similar to that

21   regarding the sting operations, was not mentioned in the Complaint.[5]  The minimal

22

23          [5]As with the sting operations discussed earlier, the facts regarding the radio show were
     never asserted by Plaintiff in her Complaint or an affidavit, and therefore, the Court will not
24   consider it.  (Doc. 1.)  Even if the Court were to include this fact in its evaluation, personal
     jurisdiction would still not be found as to Von Erck.  One appearance on an internet talk
25   show is not sufficient for the exercise of general jurisdiction.  As to specific jurisdiction, the
     talk show appearance was not specifically directed or aimed at Arizona, but rather was
26   accessible to listeners across the country with Internet access.  (Doc. 47 ¶10; Exhibit PJ-14-
     A.)  Even if the talk show appearance can be construed somehow as purposeful availment,
27   jurisdiction still fails because Plaintiff's claims do not arise out of this forum-related activity.
28

- 12 -

allegations regarding Von Erck's residence in Oregon and position as founder and President of Perverted Justice are not sufficient for general jurisdiction.  As a result, the Court will proceed to assess specific jurisdiction.

      B.    Specific Jurisdiction

For similar reasons as given by Perverted Justice, Von Erck asserts that he is not subject to specific jurisdiction because he fails to meet the Ninth Circuit three-prong test. <u>Schwarzenegger</u>, 374 F.3d at 802.  First, he has not purposefully availed himself of the benefits and protections of Arizona law or directed his activities toward Arizona residents.  (Doc. 44, 12:6-8.)  Second, there is no evidence that but for his Arizona contacts, Plaintiff would not have suffered injury.  (<u>Id.</u> 12:10-12.)  Third, the exercise of jurisdiction over him would be unreasonable.  (<u>Id.</u> 12:13-15.)

Plaintiff's allegations against Von Erck consist of his residence in Portland, Oregon and his position as founder and President of Perverted Justice.  (Doc. 1 ¶2-3.) Indeed, there is no indication that Von Erck has sought to avail himself of the benefits or protections of Arizona law or purposefully directed any activity toward Arizona. Consequently, Plaintiff has failed to satisfy her burden of establishing specific jurisdiction over Von Erck, and thus, the motion to dismiss will be granted as to Von Erck.

Since the Court finds that personal jurisdiction is lacking as to both Perverted Justice and Von Erck, the Court does not find it necessary to address the remaining Rule 12 defenses in the Motion to Dismiss, namely failure to state a claim and insufficient service.

**IV.**    **Motion to Set Hearing for Oral Arguments**

Also before the Court is Plaintiff's Motion to Set Hearing for Oral Arguments on Rule 12 Motions to Dismiss.  (Doc. 60.)  Plaintiff requests that the Court set oral argument regarding the Motions to Dismiss filed by Defendants Barbara W. Ochoa,

---

Plaintiff does not allege in her Complaint that Von Erck said anything defamatory about her on the talk show.  (Doc. 1.)

David Butler, Bob Parsons, Godaddy.com, April Butler, Filmax, Von Erck, and Perverted

Justice.  As the Court has previously ruled on the Motions to Dismiss filed by Barbara

Ochoa (Doc. 63), David Butler (Doc. 62), Parsons (Doc. 82), and Godaddy.com (Doc.

82), the Court finds the issue moot as to these Defendants.  As to Defendants April Butler

and Filmax, no Motions to Dismiss have been filed, and thus, no hearing is necessary.

Finally, as to Defendants Von Erck and Perverted Justice, the Court finds a hearing is not

needed before addressing the issues raised in their Motion to Dismiss.  Thus, Plaintiff's

Motion to Set Hearing will be denied.

Accordingly,

**IT IS HEREBY ORDERED GRANTING** Specially Appearing Defendants'

Perverted Justice Foundation, Inc.'s and Xavier Von Erck's Motion to Dismiss.  (Doc.

44.)

**IT IS FURTHER ORDERED** that the claims against Defendants Perverted

Justice and Xavier Von Erck are dismissed without prejudice with leave to re-file.

**IT IS FURTHER ORDERED** that Plaintiff has until

**Friday, January 9, 2009** to re-file her claims against Defendants Perverted Justice and

Xavier Von Erck.

**IT IS FURTHER ORDERED DENYING** Plaintiff's Motion to Set Hearing for

Oral Arguments on Rule 12 Motions to Dismiss.  (Doc. 60.)

DATED this 15th day of December, 2008.

Stephen M. McNamee
United States District Judge