**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JAN E. KRUSKA, | No. CV 08-0054-PHX-SMM |
| Plaintiff, | **ORDER** |
| v. | |
| PERVERTED JUSTICE FOUNDATION INCORPORATED, et. al., | |
| Defendants. | |

Before the Court is Defendant Barbara Ochoa's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Rules 4(m) and 12(b)(2), (3), and (5) (Doc. 88).[1] Defendants' Motion to Dismiss is brought based upon lack of personal jurisdiction, insufficient service of process, and improper venue. After careful consideration of the issues, the Court finds the following.

## BACKGROUND

Plaintiff Jan E. Kruska ("Plaintiff") brought suit alleging that Barbara Ochoa ("Defendant Ochoa") and others engaged in an internet-based effort to alert the public as to Plaintiff's status as a registered sex offender and to her related activities. Defendant

---

[1] In accordance with a Court Order (Doc. 137), Plaintiff's Response to Defendant Barbara Ochoa's Reply and Support of Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Rules 4(m) and 12(b)(2), (3), and (5) (Doc. 95) is stricken and will not be considered for purposes of this ruling.

1  Ochoa filed a Motion to Dismiss Under Rule 12(b) for Lack of Jurisdiction, Improper
2  Venue, Insufficient Service of Process, or Failure to State a Claim (Doc. 17). After
3  finding that Plaintiff had failed to satisfy her burden of demonstrating personal
4  jurisdiction over Defendant Ochoa, the Court granted the Motion to Dismiss without
5  prejudice with leave to refile an Amended Complaint (Doc. 63). Plaintiff filed an
6  Amended Complaint on June 30, 2008 (Doc. 76), and the present Motion to Dismiss was
7  subsequently filed (Doc. 88).

## STANDARD OF REVIEW

9  The party seeking to invoke a federal district court's jurisdiction bears the burden
10 of establishing personal jurisdiction over a defendant. See, e.g., Ziegler v. Indian River
11 County, 64 F.3d 470, 473 (9th Cir.1995) (citing Farmers Ins. Exch. v. Portage La Prairie
12 Mut. Ins. Co., 907 F.2d 911, 912 (9th Cir.1990)). A district court deciding a 12(b)(2)
13 motion to dismiss without first holding an evidentiary hearing must determine whether
14 the plaintiff presents a prima facie showing of jurisdictional facts. Omeluk v. Langsten
15 Slip & Batbyggeri A/S, 52 F.3d 267, 268 (9th Cir. 1995). Plaintiff "need only
16 demonstrate facts that if true would support jurisdiction over the defendant." Harris
17 Rutsky & Co. Ins. Servs, Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1129 (9th Cir.
18 2003) (citations omitted). A plaintiff's version of the facts is taken as true unless directly
19 contravened, and conflicts between the facts contained in the parties' affidavits must be
20 resolved in plaintiff's favor. Id. (citations omitted)

21 A federal court may exercise personal jurisdiction over a nonresident defendant if
22 jurisdiction is proper under the state's long-arm statute and if the exercise of jurisdiction
23 is consistent with the due process requirements of the United States Constitution. See,
24 e.g., Fireman's Fund Ins. Co. v. Nat'l Bank of Coops., 103 F.3d 888, 893 (9th Cir. 1996).
25 Arizona's long-arm statute permits jurisdiction over a nonresident defendant to the limits
26 of the United States Constitution. See Davis v. Metro Prod., Inc., 885 F.2d 515, 520 (9th
27 Cir. 1989) (citing Mfr's Leases Plan, Inc. v. Alverson Draughon Coll., 115 Ariz. 358, 359

1  (1977)).  The statutory and constitutional considerations "therefore merge into a single
2  due process test."  Fireman's Fund, 103 F.3d at 893.

3  Absent traditional bases for personal jurisdiction (physical presence, domicile, or
4  consent), due process is satisfied when a defendant has minimum contacts with the forum
5  "such that the maintenance of the suit does not offend traditional notions of fair play and
6  substantial justice."  Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).  The United
7  States Supreme Court has identified the "relationship among the defendant, the forum,
8  and the litigation" as the "essential foundation of *in personam* jurisdiction."  Helicopteros
9  Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 (1984).

10 There are two types of personal jurisdiction: general and specific.  General
11 personal jurisdiction exists if the defendant has "substantial" or "continuous and
12 systematic" contacts with the forum state.  Fields v. Sedgwick Assoc. Risks, Ltd., 796
13 F.2d 299, 301 (9th Cir. 1986).  General personal jurisdiction allows a court to hear cases
14 that are not connected to the activities of the defendant in the forum.  Id.

15 A state may also exert specific personal jurisdiction over a defendant in certain
16 circumstances.  The Ninth Circuit applies a three-part test to determine whether the court
17 may exercise specific jurisdiction over a nonresident defendant:  (1) The nonresident
18 defendant must purposefully direct his activity or consummate some transaction with the
19 forum or resident, or perform some act by which he purposefully avails himself of the
20 privilege of conducting activities in the forum, thereby invoking the benefits and
21 protections of its laws; (2) the claim must be one which arises out of or relates to the
22 defendant's forum-related activities; and (3) the exercise of jurisdiction must be
23 reasonable.  Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir.
24 2004).  If the plaintiff does not satisfy either of the first two prongs, personal jurisdiction
25 is not found.  Id.  However, if the plaintiff meets both prongs, the burden shifts to the
26 defendant to show that the exercise of jurisdiction would be unreasonable.  Id.

27
28

**DISCUSSION**

In the Court's Order of June 17, 2008, granting Defendant Ochoa's previous Motion to Dismiss without prejudice, the Court advised Plaintiff "to set forth the facts necessary to establish personal jurisdiction over an out of state defendant, such as Ochoa, pursuant to the Federal Rules of Civil Procedure and the current state of the law as it pertains to **personal jurisdiction**. Plaintiff must establish that Defendant has such minimum contacts with the state of Arizona such that asserting personal jurisdiction over her would not offend the traditional notions of fair play and substantial justice." (Doc. 63).

In her Amended Complaint, Plaintiff continues to allege that Defendant Ochoa is a resident of the State of California who does "business in the state of Arizona." (Doc. 88). Despite the Court Order, Plaintiff presents many of the same facts regarding jurisdiction in her Amended Complaint as are found in her original Complaint (Doc. 1) and her Response to the first Motion to Dismiss (Doc. 26). These grounds for jurisdiction were already considered by the Court in its previous Order (Doc. 63). To the extent there are new jurisdictional facts contained in the Amended Complaint, Plaintiff alleges the following:

> 1. "Defendant Ochoa contracts with and owns two websites which are registered through, hosted by and powered by Godaddy.com AKA "Domains By Proxy" as internet service providers and which sites are hosted on their servers . . . These websites are www.petraluna.com and www.petralunaunitednations.com" (Doc. 76, ¶¶ 3-4).
>
> 2. The website www.petralunaunitednations.com was "viewable by and in fact viewed by readers of the forum state" (Doc. 76, ¶ 6).
>
> 3. "Defendant Ochoa along with the help of other co-Defendant in this case, contributed to and appeared in a slideshow impersonating and defaming Plaintiff on a website named after Plaintiff www.jankruska.com" (Doc. 76, ¶ 11).
>
> 4. In March 2008, "Defendant Ochoa went on National TV which was viewable by and indeed viewed by residents of the forum state" (Doc. 76, ¶ 20).
>
> 5. Defendant Ochoa also sells music CD's . . . One can reasonably conclude that at least some of her cd's were purchased and or downloaded in the forum state" (Doc. 76, ¶ 34).

Each of these new bases for jurisdiction is insufficient for general jurisdiction as these contacts with Arizona are neither "substantial" nor "continuous and systematic." Plaintiff's Amended Complaint lacks any new allegations relating to the traditional bases for personal jurisdiction, and Plaintiff has not offered any case support for her argument that Defendant Ochoa's activities on the Internet which were nationally accessible amounted to systematic and continuous contact with Arizona.

Plaintiff's Amended Complaint against Defendant Ochoa is also insufficient to establish specific jurisdiction. First, Plaintiff asserts that Defendant Ochoa has a contract with former co-defendant GoDaddy (Doc. 76, ¶¶ 3-6). Since GoDaddy is an Arizona company, and thus, located within the forum state, Plaintiff contends that this contract provides a contact by Defendant Ochoa with Arizona sufficient for the exercise of personal jurisdiction (Id.). However, the mere existence of a contract with a party in the forum state does not demonstrate the minimum contacts necessary for the exercise of personal jurisdiction. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 478-79 (1985) ("If the question is whether an individual's contract with an out-of-state party alone can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot."). This is especially true when the contract is unaccompanied by additional contacts with the forums state, such as property ownership, payment of taxes, or solicitation of business, as is the case here.

Additionally, Plaintiff makes much of the fact that certain websites allegedly owned by Defendant Ochoa are hosted on servers powered by GoDaddy in Arizona (Doc. 76, ¶¶ 3-4). The Court finds that this argument stretches minimum contacts too far. The District Court of New Jersey addressed an argument similar to Plaintiff's in Amberson Holdings LLC v. Westside Story Newspapers. 110 F.Supp.2d 332 (D.N.J. 2000). In that case, New Jersey plaintiffs sued California defendants based upon the defendants' operation of a website that the plaintiffs claimed infringed on their trademark. Id. at 333. In an attempt to show jurisdiction over the defendants in New Jersey, the plaintiffs claimed that the defendants' website was hosted by a New Jersey company through its

New Jersey-based servers. Id. at 336. In dismissing the case for lack of personal jurisdiction, the district court found that a finding of jurisdiction based upon such *de minimis* contacts would "defy common reason." Id. Finding that Defendant's only contact with New Jersey was the "host server" that channeled information to defendants' website, the court stated, "It is unreasonable that by utilizing a New Jersey server, defendants' should have foreseen being haled into a New Jersey federal court. To hold otherwise would open the door to an unlimited scope of personal jurisdiction in the Internet world." Id. at 337. Likewise, Plaintiff's attempt to show jurisdiction over Defendant Ochoa based on the fact that her websites allegedly use an Arizona-based web server is insufficient.

Second, Plaintiff repeatedly asserts that the websites Defendant Ochoa is involved with are viewable by readers in Arizona and in fact were viewed by Arizona residents (Doc. 76, ¶ 6). However, the fact that a website can be accessed by computers in the forum state is not enough to support jurisdiction. Rather, the important factor is the interactivity of the website and its commercial nature.

In Zippo Mfg. Co. v. Zippo Dot Com, Inc., the district court set out principles regarding the exercise of personal jurisdiction as related to the Internet that have been subsequently cited by numerous courts, including the Ninth Circuit. 952 F. Supp. 1119 (W.D. Pa. 1997); see also Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414 (9th Cir. 1997) (adopting the approach used in Zippo for determining personal jurisdiction in the context of the Internet). The court in Zippo stated that "the likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet." Zippo, 952 F. Supp. at 1124. Zippo established a "sliding scale" approach to personal jurisdiction that examines a particular web site's interactivity and commercial nature.

> At one end of the spectrum are situations where a defendant clearly does business over the Internet. If the defendant enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet, personal jurisdiction is proper. At the opposite end are situations where a defendant has simply

> posted information on an Internet Web site which is accessible to users in foreign jurisdictions. A passive Web site that does little more than make information available to those who are interested in it is not grounds for the exercise personal jurisdiction. The middle ground is occupied by interactive Web sites where a user can exchange information with the host computer. In these cases, the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the Web site.

Id. (citations omitted). Plaintiff does not contend that any business is conducted on the websites by Defendant Ochoa. Rather, the websites are used for correspondence and directing supporters to threaten, intimidate, and harass Plaintiff and individuals with whom she deals. Such a website that is largely passive in nature does not support personal jurisdiction over Defendant Ochoa. Moreover, Plaintiff has offered no evidence that Internet correspondence, such as sending out e-mail alerts to supporters, is sufficient to establish personal jurisdiction.

Third, Plaintiff alleges that Defendant Ochoa appeared in a slideshow on the website www.jankruska.com in which she impersonated Plaintiff (Doc. 76, ¶ 11). This alleged contact with Arizona is also insufficient to support jurisdiction. The slideshow was not aimed at any particular state's residents, but rather was accessible to anyone with an Internet connection. Plaintiff cannot point to any defamatory statements that specifically targeted Internet users in Arizona.

Fourth, Plaintiff claims that Defendant Ochoa went on National television, specifically ABC's 20/20 program (Doc. 76, ¶ 20; Ex. D). On this show, Defendant Ochoa allegedly admitted to "Harassing Plaintiff" through impersonating Plaintiff by being an actress and making false and defamatory statements in a slideshow (Id.). According to Plaintiff, this television interview was viewable by residents of the forum state of Arizona and she contends that some residents indeed viewed the program (Doc. 76, ¶ 20). However, by Plaintiff's own admission, the interview did not occur until March 2008, after the initiation of the present suit in January 2008 (Id.). The Ninth Circuit has held that when considering contacts with a forum state for purposes of establishing personal jurisdiction over a nonresident defendant, only contacts occurring

prior to the event causing the litigation may be considered. <u>Steel v. United States</u>, 813 F.2d 1545, 1549 (9th Cir. 1987). Jurisdiction must be established at the time of the suit, and thus, subsequent actions by a defendant do not impact the jurisdictional analysis.

Finally, Plaintiff alleges that Defendant Ochoa sells music CD's and that "one can reasonably conclude that at least some of her cd's were purchased and or downloaded in the forum state." (Doc. 76, ¶ 34) However, such a bare allegation is not enough for the exercise of jurisdiction over Defendant Ochoa. While the Court is required to take the allegations in Plaintiff's complaint as true and resolve any conflicts in the facts presented by the parties in Plaintiff's favor, Plaintiff has only asserted conjecture and speculation as to whether any of Defendant Ochoa's CD's even made it to Arizona. As a result, this argument cannot support personal jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED GRANTING** Defendant Barbara Ochoa's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Rules 4(m) and 12(b)(2), (3), and (5) (Doc. 88).

**IT IS FURTHER ORDERED DISMISSING** with prejudice all claims against Defendant Barbara Ochoa.[2]

---

[2]Plaintiff's claims against Defendant Ochoa are dismissed with prejudice as Plaintiff has already been given several opportunities to establish personal jurisdiction as to this Defendant. The Court previously granted Defendant Ochoa's Motion to Dismiss finding that Plaintiff had failed to meet her burden of showing personal jurisdiction over Ochoa (Doc. 63). In granting the Motion to Dismiss, the Court gave Plaintiff leave to refile an amended complaint against Defendant Ochoa (<u>Id.</u>). Plaintiff filed an Amended Complaint in June 2008 in an attempt to cure the jurisdictional deficiencies of her original Complaint (Doc. 76). However, the Court finds that Plaintiff still has not met her jurisdictional burden. The Court has given Plaintiff adequate opportunity on two occasions to show personal jurisdiction, and will not afford Plaintiff yet another chance.

DATED this 2nd day of February, 2009.

Stephen M. McNamee
United States District Judge