1  **WO**

2

3

4

5

6              IN THE UNITED STATES DISTRICT COURT

7                  FOR THE DISTRICT OF ARIZONA

8

9  JAN E. KRUSKA,                    )   No. CV 08-0054-PHX-SMM
                                     )
10                                   )   **ORDER**
              Plaintiff,             )
11                                   )
   v.                                )
12                                   )
                                     )
13 PERVERTED JUSTICE FOUNDATION)
   INCORPORATED, et. al.,             )
14                                   )
                                     )
15            Defendants.            )
                                     )
16 _____)

17        Before the Court is Defendant David Butler's Second Motion to Dismiss (Doc. 64)

18 for failure to state a claim upon which relief can be granted (Doc. 1).  Also pending

19 before the Court is Butler's First Motion to Dismiss for Lack of Jurisdiction (Doc. 81)

20 and Plaintiff's Request for Sanctions (Doc. 90).

21                              **BACKGROUND**

22        **A.    Factual Background**

23        In her Complaint, Plaintiff alleges that "David Butler is the President of Filmax

24 Inc. a Tennessee based [c]orporation.  Since Filmax Inc. is listed as the domain holder for

25 www.jankruska.com and www.jankruska.net, Filmax Inc. is open to liability in this cause

26 of action." (Doc. 1, ¶ 45)  Additionally, Plaintiff claims that she contacted April and

27 David Butler and Filmax and requested that they cease and desist (Id. ¶ 46).  David Butler

28 allegedly responded via email and stated that he "fully supported what April Butler was

1    doing."   (Id.)  Plaintiff seeks relief against David Butler based on six counts: (1)

2    intentional infliction of emotional distress; (2) defamation; (3) the Racketeer Influenced

3    and Corrupt Organizations statutes (18 U.S.C. § 1961-1968) ("RICO"); (4) violations of

4    federal cyberstalking and cyberharrassment law (18 U.S.C. § 2261A); (5) infringement of

5    copyright under the Digital Millennium Copyright Act ("DMCA"); and (6) common law

6    negligence (Id. ¶¶ 78-111).

7        **B.      Procedural History**

8        On February 29, 2008, David Butler filed a Motion to Dismiss based upon failure

9    to state a claim under Federal Rule of Civil Procedure 12(b)(6) (Doc. 23).  The Court

10   subsequently denied the Motion to Dismiss without prejudice because David Butler failed

11   to cite any authority to support his statements in opposition to the claims set forth in

12   Plaintiff's Complaint (Doc. 62).  David Butler filed his Second Motion to Dismiss under

13   Rule 12(b)(6) on June 19, 2008 (Doc. 64).

14                          **STANDARD OF REVIEW**

15       A complaint may be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of

16   Civil Procedure only if "it appears beyond doubt that the plaintiff can prove no set of

17   facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355

18   U.S. 41, 45-46 (1957); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th

19   Cir. 1995).  When deciding a Motion to Dismiss, all allegations of material fact in the

20   complaint are taken as true and construed in the light most favorable to the plaintiff.  W.

21   Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

22       A court may dismiss a claim either because it lacks "a cognizable legal theory" or

23   because it fails to allege sufficient facts to support a cognizable legal claim.  SmileCare

24   Dental Group v. Delta Dental Plan of Cal., Inc., 88 F.3d 780, 783 (9th Cir. 1996).

25   "Dismissal without leave to amend is improper unless it is clear, upon *de novo* review,

26   that the complaint could not be saved by any amendment."  Polich v. Burlington N., Inc.,

27   942 F.2d 1467, 1472 (9th Cir.1991). When exercising its discretion to deny leave to

28   amend, "a court must be guided by the underlying purpose of Rule 15 to facilitate

1 decisions on the merits, rather than on the pleadings or technicalities." United States v.

2 Webb, 655 F.2d 977, 979 (9th Cir. 1981).

3                                    **DISCUSSION**

4 **I.     Butler's Second Motion to Dismiss**

5            A.     Intentional Infliction of Emotional Distress

6            In Arizona, three elements are necessary to establish a claim for intentional

7 infliction of emotional distress: "*[F]irst*, the conduct by the defendant must be 'extreme

8 and outrageous'; *second*, the defendant must either intend to cause emotional distress or

9 recklessly disregard the near certainty that such distress will result from his conduct; and

10 *third*, severe emotional distress must indeed occur as a result of defendant's conduct."

11 Citizen Publishing Co. v. Miller, 115 P.3d 107, 110 (Ariz. 2005) (en banc) (quoting Ford

12 v. Revlon, Inc., 153 Ariz. 38, 43 (1987)).  A plaintiff must demonstrate that the

13 defendant's acts were "so outrageous in character, and so extreme in degree, as to go

14 beyond all possible bounds of decency, and to be regarded as atrocious and utterly

15 intolerable in a civilized community." Mintz v. Bell Atlantic Systems Leasing Intern.,

16 Inc., 905 P.2d 559, 563 (Ariz. Ct. App. 1995) (quoting Cliff v. Farmers Ins. Exch., 10

17 Ariz. App. 560, 562 (1969)).  Indeed, even unjustifiable conduct does not rise to the level

18 necessary of "atrocious" and "beyond all possible bounds of decency" to establish an

19 intentional infliction of emotional distress claim.  Nelson v. Phoenix Resort Corp., 888

20 P.2d 1375, 1386 (Ariz. Ct. App. 1994).  This standard distinguishes "true claims from

21 false ones, and . . . the trifling insult or annoyance from the serious wrong." Godbehere

22 v. Phoenix Newspapers, Inc., 783 P.2d 781, 785 (Ariz. 1989) (quotation omitted).

23            In the matter presently before the Court, Plaintiff's Complaint fails to allege

24 sufficient facts to support a cognizable legal theory for a claim against David Butler for

25 intentional infliction of emotional distress.  Plaintiff's Complaint is predicated upon

26 allegations that defendants April Butler and Filmax are listed as the domain name holders

27 and responsible parties for www.jankruska.com and www.jankruska.net. Plaintiff does

28 not set forth facts to support the existence of any "extreme and outrageous" conduct by

1   David Butler, except for an email stating that "he fully supported what April Butler was

2   doing."  There are no allegations of any alleged ownership, use or connection between

3   David Butler and the websites, other than his position as president of the company that

4   allegedly owned the websites.  Consequently, Plaintiff's claim of intentional infliction of

5   emotional distress will be dismissed without prejudice.

6           B.      Defamation

7           A claim for defamation in Arizona involving a non-public figure requires the

8   following: (1) a false statement concerning the plaintiff; (2) the statement was

9   defamatory; (3) the publication of the statement to a third party; and (4) the plaintiff was

10  damaged as a result of the statement.  Morris v. Warner, 770 P.2d 359, 366 (Ariz. Ct.

11  App. 1988).  For a defamation claim to succeed, the one who publishes the defamatory

12  communication must know that the statement is false and defamatory, act in reckless

13  disregard, or act negligently.  Dube v. Likins, 167 P.3d 93, 104 (Ariz. Ct. App. 2007).

14          For this count to succeed, David Butler would have to be directly liable as the

15  declarant of the damaging statements or vicariously liable as the publisher or distributor

16  of those statements.  Plaintiff does not allege that any of the offending statements were

17  created or developed by David Butler.  Neither is there any claim by Plaintiff that David

18  Butler personally published or distributed the supposedly defamatory statements.  Rather,

19  the websites on which the statements appeared were owned by April Butler and Filmax,

20  not David Butler.  As a result, Plaintiff's defamation claim is dismissed without prejudice.

21          C.      RICO

22          The Racketeer Influenced and Corrupt Practices Act ("RICO")  provides for a

23  private right of recovery if a defendant is found to be in violation of the statute. "Any

24  person injured in his business or property by reason of a violation of section 1962 of this

25  chapter may sue therefor in any appropriate United States district court and shall recover

26  threefold the damages he sustains and the cost of the suit, including a reasonable

27  attorney's fee . . ." 18 U.S.C. § 1964(c).

28

- 4 -

1    In order to recovery under RICO, several elements must be established, including

2    "(1) that the defendant (2) through the commission of two or more acts (3) constituting a

3    'pattern' (4) of 'racketeering activity' (5) directly or indirectly invests in, or maintains an

4    interest in, or participates in (6) an 'enterprise' (7) the activities of which affect interstate

5    or foreign commerce." Moss v. Morgan Stanley, Inc., 719 F.2d 5, 17 (2d Cir. 1983).

6    Racketeering activity is further defined as "any act or threat involving . . . extortion" and

7    "interfer[ing] with commerce, robbery or extortion." 18 U.S.C. § 1961(1)(A), (B).  The

8    Ninth Circuit has held "[t]he key task [in RICO claims] is to determine whether this

9    injury was by reason of the [defendant's] alleged violations . . ." Mendoza v. Zirkle Fruit

10   Co., 301 F.3d 1163, 1168 (9th Cir. 2002).  This ". . . requirement the Supreme Court has

11   interpreted to encompass proximate as well as factual causation." Id.

12    The acts allegedly constituting the RICO violation are laid out in Plaintiff's

13   Complaint.

14    i. Sending mass e-mails, creating multiple webpages, blog pages, and
      internet bulletins accusing Plaintiff, among other things as being a 'child

15    Molester' and 'pedophile'
      ii. Encouraging and directing their associates and the general public to post

16    and repost said information, encouraging their associates and the general
      public to undertake other criminal acts against Plaintiff including e-mails to

17    harass, trespassing, criminal damage to property and bodily harm to
      Plaintiff, etc.

18    iii. Encouraging and directing their associates, individuals, and the general
      public to contact and threaten business entities with which the Plaintiff has

19    ties.

20   (Doc. 1, ¶ 93).  Plaintiff does not cite which definition of "racketeering activity," as

21   defined under 18 U.S.C. § 1961(1) David Butler allegedly committed.  Broadly stated,

22   Plaintiff's RICO allegations are to encompass "any act or threat involving . . . extortion"

23   under 1961(1)(A) or "interfer[ing] with commerce, robbery, or extortion" under

24   § 1961(1)(B).  For this claim, the Court's task is to determine whether the alleged injury

25   was caused by David Butler.  Plaintiff makes no assertion that David Butler created or

26   disseminated any of the allegedly harmful statements.  Indeed, with regard to each of the

27   allegedly defamatory statements, there is no allegation that David Butler took any action,

28   other than responding via email that he "supported what April Butler was doing."  The

1    "racketeering activity" listed in RICO requires some affirmative act ("any act or threat"

2    and "interference").  As such, David Butler could not be the actual or proximate cause of

3    any harm Plaintiff suffered as a result of these "encouragements" or the allegedly

4    defamatory statements.  Therefore, this claim is dismissed without prejudice.

5              D.     Cyberstalking and Cyberharrassment

6              18 U.S.C. § 2261A governs a federal cyberstalking or cyberharrassment claim.

7    Punishment for violations of this act is covered by 18 U.S.C. § 2261 and includes fine or

8    imprisonment.  See 18 U.S.C. § 2261(b).  The act creates no private right of recovery.

9    See 18 U.S.C. § 2261A.

10             As these allegations are defined in the federal criminal code, and the statute

11   provides no private right of action for a violation, Plaintiff's claim under this statute is

12   dismissed with prejudice.

13             E.     Digital Millennium Copyright Act (DCMA)

14             "Plaintiffs must satisfy two requirements to present a prima facie case of direct

15   infringement: (1) they must show ownership of the allegedly infringing material and (2)

16   they must demonstrate that the alleged infringers violate at least one exclusive right

17   granted to copyright holders under 17 U.S.C. 106."  A&M Records, Inc. v. Napster, Inc.,

18   239 F.3d 1004, 1013 (9th Cir. 2001).

19             The Ninth Circuit has held that a defendant is a contributory infringer if he (1) has

20   knowledge of another's infringement and (2) either (a) materially contributes to or (b)

21   induces that infringement.  See Perfect 10, Inc. v. Visa Intern. Service Ass'n, 494 F.3d

22   788, 795 (9th Cir. 2007) (contributory infringement found when defendant "(1) has

23   knowledge of a third party's infringing activity, and (2) induces, causes, or materially

24   contributes to the infringing conduct"); A&M Records, 239 F.3d at 1019 (9th Cir. 2001)

25   (contributory infringement found in Internet cases when the defendant "engages in

26   personal conduct that encourages or assists the infringement"); Metro-Goldwyn-Mayer

27   Studios v. Grokster, Ltd., 545 U.S. 913, 930 (2005) ("one infringes contributorily by

28   intentionally inducing or encouraging direct inducement"); Perfect 10, Inc., v.

1  <u>Amazon.com, Inc.</u>, 487 F.3d 701, 727 (9th Cir. 2007) (contributory infringement found

2  where an actor "knowingly tak[ing] steps that are substantially certain to result in such

3  direct infringement").

4  　　　Plaintiff has alleged copyright infringement occurred when copyrighted pictures of

5  her were posted on www.jankruska.com and www.jankruska.net along with excerpts of

6  articles she had written.  There is no allegation that David Butler committed a direct

7  violation of any copyright by posting any allegedly copyrighted photos or articles on the

8  websites www.jankruska.com and www.jankruska.net.  Rather, Plaintiff appears to allege

9  that David Butler is secondarily liable for contributory copyright infringement through

10  being president of the company owning the website where April Butler posted

11  copyrighted material. David Butler may have had knowledge of April Butler's

12  infringement of Plaintiff's copyrights as evidenced by his email indicating his "support"

13  of her activities.  However, there is no claim that David Butler materially contributed or

14  induced April Butler's infringement.  Therefore, this claim is dismissed without

15  prejudice.

16  　　　F.　　Prima Facie Tort[1]

17  　　　Negligence is defined as "conduct which falls below the standard established by

18  law for the protection of others against unreasonable risk of harm." Res. 2d Torts 282.  To

19  prevail on a cause of action for negligence, a plaintiff must establish that the defendant

20  owed a duty to the plaintiff, the defendant breached that duty, causation, and actual

21  damages.  See <u>Vivian Arnold Realty Co. v. McCormick</u>, 506 P.2d 1074, 1079 (Ariz. Ct.

22  App. 1973); <u>Berne v. Greyhound Parks of Arizona, Inc.</u>, 448 P.2d 388 (Ariz. 1968).  A

23  negligence claim may only be maintained if there is a legally recognized duty requiring

24  the defendant to conform to a particular standard of conduct in order to protect others

25  from unreasonable risks of harm.  <u>Ontiveros v. Borak</u>, 667 P.2d 200 (Ariz. 1983).  In her

26  Complaint, Plaintiff specifies no duty owed by David Butler under Arizona law, or any of

27

28  　　　[1]The Court interprets this claim to mean common law negligence.

1  the other elements necessary for a negligence claim.  Thus, the motion to dismiss as to the

2  negligence claim will be granted without prejudice.

3  **II.      Butler's First Motion to Dismiss for Lack of Jurisdiction**

4        On February, 29, 2008, Butler filed a Motion to Dismiss based upon failure to state

5  a claim under Federal Rule of Civil Procedure 12(b)(6) (Doc. 23).  The Court

6  subsequently denied this Motion to Dismiss without prejudice because Butler failed to

7  cite to any authority to support his statements in opposition to the claims set forth in

8  Plaintiff's Complaint (Doc. 62).

9        Following the Court's Order, Butler filed a Second Motion to Dismiss under Rule

10  12(b)(6) on June 19, 2008 (Doc. 64).  This Second Motion to Dismiss is discussed above.

11  Approximately one month later, on July 8, 2008, he filed his First Motion to Dismiss for

12  Lack of Jurisdiction in which he argues that the Court should dismiss Plaintiff's

13  Complaint for lack of personal jurisdiction (Doc. 81).  As the Court grants the Second

14  Motion to Dismiss under Rule 12(b)(6), Butler's First Motion to Dismiss for Lack of

15  Jurisdiction will be denied as moot.

16  **III.     Plaintiff's Request for Sanctions**

17        Plaintiff filed a Motion for Sanctions arising from Defendant's filing of his First

18  Motion to Dismiss for Lack of Jurisdiction (Doc. 90).  Plaintiff requests sanctions against

19  Defense counsel under Federal Rule of Civil Procedure Rule 11 for "filing an untimely

20  and frivolous Motion."  Since the First Motion to Dismiss for Lack of Jurisdiction

21  allegedly was not warranted under Federal Rule 12, Plaintiff seeks "reasonable expenses,

22  including fees incurred by Plaintiff in responding to Defendant's Motion dated July 8,

23  2008."

24        In discussing situations in which sanctions are appropriate, Rule 11(b) states the

25  following:

26      By presenting to the court a pleading, written motion, or other paper--
    whether by signing, filing, submitting, or later advocating it--*an attorney or*

27  *unrepresented party certifies that to the best of the person's knowledge,*
*information, and belief, formed after an inquiry reasonable under the*

28  *circumstances*:

**(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

**(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b) (emphasis added).  It appears that Butler's First Motion to Dismiss for Lack of Jurisdiction was filed based upon defense counsel's best knowledge, information, and belief, formed after an reasonable inquiry.  Furthermore, the arguments contained therein were not presented to the Court for an improper purpose and were not frivolous.  As the party who initiated the lawsuit, Plaintiff must bear the cost of filing and defending motions in this case.  As a result, no award of sanctions is appropriate.

Accordingly, for the reasons given above,

**IT IS HEREBY ORDERED GRANTING** Butler's Second Motion to Dismiss (Doc. 64).

**IT IS FURTHER ORDERED DISMISSING** without prejudice Count III (intentional infliction of emotional distress) against Defendant David Butler (Doc. 1).

**IT IS FURTHER ORDERED DISMISSING** without prejudice Count IV (defamation) against Defendant David Butler (Doc. 1).

**IT IS FURTHER ORDERED DISMISSING** without prejudice Count V (RICO) against Defendant David Butler (Doc. 1).

**IT IS FURTHER ORDERED DISMISSING** with prejudice Count VI[2] (cyberharassment) against Defendant David Butler (Doc. 1).

---

[2]This ruling references the first count labeled VI in Plaintiff's Complaint (Doc. 1).

1       **IT IS FURTHER ORDERED DISMISSING** without prejudice Count VI[3]

2  (DMCA violations) against Defendant David Butler (Doc. 1).

3       **IT IS FURTHER ORDERED DISMISSING** without prejudice Count VII

4  (common law negligence) against Defendant David Butler (Doc. 1).

5       **IT IS FURTHER ORDERED DENYING** Butler's First Motion to Dismiss for

6  Lack of Jurisdiction as **MOOT** (Doc. 81).

7       **IT IS FURTHER ORDERED DENYING** Plaintiff's Request for Sanctions

8  (Doc. 90).

9

10       DATED this 5th day of February, 2009.

Stephen M. McNamee
United States District Judge

28       [3]This ruling references the second count labeled VI in Plaintiff's Complaint (Doc. 1).