**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JAN E. KRUSKA, ) | No. CV 08-0054-PHX-SMM |
| ) | |
| ) | **ORDER** |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| PERVERTED JUSTICE ) | |
| FOUNDATION INCORPORATED, et. ) | |
| al., ) | |
| ) | |
| Defendant. ) | |
| ) | |

Before the Court is Plaintiff's Motion for Recusal of the Honorable Stephen M. McNamee (Doc. 151). Plaintiff requests recusal pursuant to 28 U.S.C. § 455, and asks that the case be transferred to another judge in the District of Arizona. Plaintiff bases her recusal motion on the "extrajudicial activism" of Judge McNamee, "exemplified by various prestigious awards, his role as a former United States prosecutor coupled with questionable conduct and lack of judicial diligence" in the present case.

28 U.S.C. § 455(a) states that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section 455 imposes an affirmative duty upon judges to recuse themselves when "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Yagman v. Republic Ins., 987 F.2d 622,626 (9th Cir. 1993) (quoting In re Yagman, 796 F.2d 1165, 1179 (9th Cir. 1986). Recusal is required "only if the bias or prejudice stems from an extrajudicial source and not from conduct or rulings made during the course of

1  the proceeding." Pau v. Yosemite Park and Curry Co., 928 F.2d 880, 885 (9th Cir. 1991)
2  (quoting Toth v. TransWorld Airlines, 862 F.2d 1381, 1388 (9th Cir. 1988).

3  In the present case, recusal is not warranted.  First, the fact that Judge McNamee
4  has been honored with awards is not indicative of a lack of impartiality that would require
5  recusal.  Second, Judge McNamee's former role as a government prosecutor is not a
6  reason for recusal.  28 U.S.C. § 455(b)(3) directs a judge to disqualify himself "[w]here
7  he has served in governmental employment and in such capacity participated as counsel,
8  adviser, or material witness concerning the proceeding or expressed an opinion
9  concerning the merits of the particular case in controversy."  28 U.S.C. § 455(b)(3).
10 Judge McNamee was the United States Attorney for the District of Arizona from 1985-
11 1990.  Plaintiff's case was not filed until January 2008, and thus, Judge McNamee never
12 participated in this case in any capacity, either as counsel, advisor, or witness.

13 Third, Plaintiff cites "questionable conduct" of Judge McNamee as a reason for
14 recusal, but offers no specific facts to support this assertion.  Finally, Plaintiff raises a
15 lack of judicial diligence in her recusal motion.  This is not a proper basis for recusal
16 under 28 U.S.C. § 455.  Indeed, since Plaintiff's complaint was filed in January 2008,
17 barely over a year ago, there have been 155 docket entries, many of them attributable to
18 Plaintiff.  The Court has devoted significant time and resources to resolving Plaintiff's
19 motions, often to the exclusion of other cases on its docket.

20 Accordingly,

21 **IT IS HEREBY ORDERED DENYING** Plaintiff's Motion for Recusal of the
22 Honorable Stephen M. McNamee (Doc. 151).

23 DATED this 4th day of March, 2009.

_____
Stephen M. McNamee
United States District Judge