**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JAN E. KRUSKA, | No. CV 08-0054-PHX-SMM |
| Plaintiff, | **ORDER** |
| v. | |
| PERVERTED JUSTICE FOUNDATION INCORPORATED, et. al., | |
| Defendant. | |

Before the Court is Plaintiff's Motion to Proceed In Forma Pauperis and Motion to Appoint Counsel (Doc. 154). Plaintiff requests that she be allowed to proceed with her appeal in forma pauperis, as well as that counsel be appointed to represent her with her appeal.

On March 2, 2009, Plaintiff filed an interlocutory appeal from a judicial order entered in the present case dismissing Defendant Barbara Ochoa with prejudice for lack of personal jurisdiction (Doc. 153). In her Affidavit Accompanying Motion for Permission to Appeal In Forma Pauperis, Plaintiff lists several issues on which she seeks appeal: "(1) Judicial bias/not impartial; (2) Judicial bias against a female Pro Se litigant; (3) Judicial error in law dismissing all charges and claims against Barbara Ochoa WITH prejudice; (4) Judicial error in law dismissing Barbara Ochoa WITH prejudice on jurisdictional grounds; (5) Judicial error in law as Plaintiff's case involves multiple Federal claims; (6) Judicial error in law as the District Court cited in its ruling a lower court decision over higher courts when dismissing Defendant Ochoa WITH prejudice for

1 lack of jurisdiction; (7) Judicial error in dismissing Defendant WITH prejudice without
2 first allowing discovery pursuant to the court's ORDER (Doc. 5)."

3       A party to an action in a district court who desires to proceed on appeal in forma
4 pauperis must file a motion for leave to so proceed. Fed. R. App. P. 24(a). Where the
5 party had already been granted to proceed in forma pauperis, that party may so proceed
6 on appeal without further authorization. Id. However, the party may not proceed in
7 forma pauperis if the district court, before or after the notice of appeal is filed, certifies
8 that the appeal is not taken in good faith or that the party is otherwise not entitled to so
9 proceed. Id.; 28 U.S.C. § 1915(a) (1994); In re Mitchell, 230 F.2d 786, 787 (9th Cir.
10 1955).

11       The United States Supreme Court has held that "good faith" must be judged by an
12 objective, not subjective, standard. Coppedge v. United States, 369 U.S. 438, 445 (1962).
13 "We consider a defendant's good faith in this type of case demonstrated when he seeks
14 appellate review of any issue not frivolous." Id. "Unless the issues raised are so
15 frivolous that the appeal would be dismissed in the case of a nonindigent litigant . . . the
16 request of an indigent for leave to appeal in forma pauperis must be allowed." Gardner v.
17 Pogue, 558 F.2d 548, 551 (9th Cir. 1977) (quoting Ellis v. United States, 356 U.S. 674,
18 675 (1958)).

19       The Court finds that Plaintiff's appeal is frivolous and not taken in good faith.
20 Plaintiff has not shown that the Court has personal jurisdiction over Defendant Barbara
21 Ochoa to allow suit to be brought against her in Arizona. Thus, Plaintiff may not proceed
22 in forma pauperis on appeal. If Plaintiff wishes to pursue this appeal, she must pay the
23 entire appeal fee.

24       As to the other motion for appointment of counsel, the Court finds that it is
25 redundant and must be denied as repetitive. By Order dated May 15, 2008, (Doc. 57), the
26 Court has already considered a motion to appoint counsel and denied it. Because Plaintiff
27 has not presented any intervening change in the controlling law, any new evidence, or
28 clear errors in the previous order, the Court finds that reconsideration of its prior decision

1  is unwarranted.  School District No. 1J v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir.
2  1993) (Rule 60 reconsideration generally appropriate in three instances:  (1) when there
3  has been an intervening change of controlling law; (2) new evidence has come to light; or
4  (3) when necessary to correct a clear error or prevent manifest injustice).
5       Accordingly,
6       **IT IS HEREBY ORDERED DENYING** Plaintiff's Motion to Proceed In Forma
7  Pauperis and Motion to Appoint Counsel (Doc. 154).
8       **IT IS FURTHER ORDERED** that the Clerk of Court send a copy of this Order to
9  the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit.
10      DATED this 4th day of March, 2009.

Stephen M. McNamee
United States District Judge