**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JAN E. KRUSKA, | ) No. CV 08-0054-PHX-SMM |
| | ) |
| Plaintiff, | ) **ORDER** |
| | ) |
| v. | ) |
| | ) |
| PERVERTED JUSTICE | ) |
| FOUNDATION INCORPORATED, et. | ) |
| al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

Before the Court is Plaintiff's Motion for Entry of Default and Default Judgment, filed September 3, 2009 (Doc. 197). Defendants filed a Response on September 11, 2009 (Doc. 199). Plaintiff argues that a default judgment should be entered against Defendants Perverted Justice and Xavier Von Erck ("Defendants"). She states that her Amended Complaint was filed on January 7, 2009, and that Defendants have filed no responsive pleading within the time frame laid out in Federal Rule of Civil Procedure 12(a). Instead, she asserts that Defendants waited until August 28, 2009 to file their Answer (Doc. 194).

Default judgment is generally disfavored, and a court should, whenever possible, decide a case on the merits. Cmty. Dental Serv. v. Tani, 282 F.3d 1164, 1170 (9th Cir. 2002). To obtain a default judgment under Federal Rule of Civil Procedure 55, a party must follow a sequential two-step process: (1) obtain entry of default from the Clerk of the Court pursuant to Rule 55(a); (2) move the Court for a default judgment in accordance with Rule 55(b). See Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986) (discussing this two-step

1  process). Rule 55(a) states that "[w]hen a party against whom a judgment for affirmative

2  relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's

3  default." Fed. R. Civ. P. 55(a).

4      Plaintiff filed her motion for entry of default (Doc. 197) after Defendants filed their

5  motion to dismiss (Doc. 141). Defendants did not fail to plead, and therefore, Plaintiff's

6  subsequent motion for entry of default is moot. Furthermore, Plaintiff did not comply with

7  the procedural requirements laid out in Rule 55. Plaintiff failed to seek entry of default from

8  the Clerk of Court prior to moving the Court for a default judgment. Rather, Plaintiff asks

9  the Court to direct the Clerk to enter default against Defendants pursuant to Rule 55(a).

10  However, this is not the process detailed in that rule. A default or default judgment under

11  these circumstances would be inappropriate and outside the scope of the federal rules of civil

12  procedure. Therefore, the Court denies Plaintiff's motion for entry of default as to

13  Defendants and the case will proceed on the merits.

14      To the extent that Plaintiff argues for a default or default judgment based upon

15  Defendants' failure to file a timely response to her summary judgment motion, this argument

16  also lacks merit. The Court previously addressed this argument in ruling on Plaintiff's

17  summary judgment motion and determined that Defendants' response was timely filed (Doc.

18  206).

19      Accordingly,

20      **IT IS HEREBY ORDERED DENYING** Plaintiff's Motion for Entry of Default and

21  Default Judgment (Doc. 197).

22      DATED this 12th day of November, 2009.

_____
Stephen M. McNamee
United States District Judge