**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JAN E. KRUSKA,<br><br>    Plaintiff,<br><br>vs.<br><br>PERVERTED JUSTICE FOUNDATION INCORPORATED, et al.,<br><br>    Defendants. | No. CV-08-0054-PHX-SMM<br><br>**ORDER** |

Before the Court is Plaintiff Jan Kruska's ("Plaintiff") Motion to Amend Service as to Defendant Christopher Brocious and Motion for Clarification (Doc. 203), Plaintiff's Motion to Recover Service Expenses (Doc. 209), and Motion for Ruling on Motion to Amend Service and Motion for Clarification/Motion for Extension of Time to Re-Serve Amended Complaint (Doc. 213). After consideration of Plaintiff's motions, the Court makes the following rulings.

**I.    Motion to Amend Service/Motion for Clarification**

On September 22, 2009, the Court denied Defendant Christopher Brocious' ("Brocious") motion to dismiss on several grounds, including personal jurisdiction, venue, and service of process (Doc. 201). The Court found good cause for Plaintiff's failure to timely serve Brocious and thus, granted her a limited extension of time to perfect service on Brocious (Id.). Plaintiff was ordered to re-serve Brocious by November 6, 2009 (Id.).

In advance of that deadline, Plaintiff filed the pending Motion to Amend Service on October 5, 2009 (Doc. 203). Plaintiff asks the Court to amend service by allowing her to serve Brocious' attorney Steven G. Ford ("Ford") at his office or via certified mail with

return receipt pursuant to Federal Rule of Civil Procedure 4(e)(6) (Id.). In her motion, Plaintiff states that Brocious retained Ford to represent him in the pending case and as Brocious' attorney, Ford has received service of all filings with the Court (Id.). Ford also has filed multiple motions and responses to motions on behalf of Brocious (Id.). Therefore, Plaintiff requests that service be amended.

Federal Rule of Civil Procedure 4 details the required form and method of service. In the absence of a valid waiver, Rule 4 states that service on an individual may be accomplished by any of the following methods: (1) following state law for serving a summons; (2) delivering a copy of the summons and complaint to the individual personally; (3) leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with someone of suitable age and discretion residing there; or (4) delivering a copy of the summons and complaint to an agent authorized by appointment or law to receive service of process. Fed. R. Civ. P. 4(e). Where the validity of service is disputed, the burden is on the party claiming proper service to establish the validity of service. Cranford v. United States, 359 F. Supp. 2d 981, 984 (E.D. Cal. 2005) (citation omitted). The summons and a copy of the complaint may be served by any person at least 18 years of age who is not a party to the action. Fed. R. Civ. P. 4(c)(2).

Plaintiff claims that service is proper upon Brocious' attorney, Ford, because an attorney is an agent of the client. However, service of process on an agent is sufficient only if the agent is "authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2); Pochiro v. Prudential Ins. Co. of Am., 827 F.2d 1246, 1248-49 (9th Cir. 1987) (stating that service on attorney is insufficient unless attorney had actual authority from client to accept service on client's behalf) (citations omitted). Here, Plaintiff has presented no evidence that Brocious' attorney Ford is his agent for service of process. Neither Brocious' filing of the two motions to dismiss nor his acceptance of subsequent filings makes him an agent for service of process.

In addition to express authority given to an agent, several circuit courts have recognized that an agent's authority to accept service may be implied in fact from the surrounding circumstances. United States v. Ziegler Bolt & Parts Co., 111 F.3d 878, 881 (Fed. Cir. 1997) ("An agent's authority to accept service may be implied in fact."); United States v. Balanovski, 236 F.2d 298, 303 (2d Cir. 1956) ("The power of attorney granted to Miss Devine by Balanovski at his departure was broad and sweeping in its terms, and an implied actual appointment to receive service of process may be readily spelled out therefrom."); In re Focus Media, 387 F.3d 1077, 1082-83 (9th Cir. 2004) (citing to Ziegler and Balanovski to support its holding that in an adversary bankruptcy proceeding, "agent of defendant authorized by appointment to receive service of process" can include an attorney who was impliedly authorized to accept service of process on defendant's behalf). "A party, however, cannot fabricate such implied authority from whole cloth to cure a deficient service, but must present facts and circumstances showing the proper relationship between the defendant and its alleged agent." Ziegler, 111 F.3d at 881.

The attorney-client relationship by itself is insufficient to convey authority to accept service. See e.g., Grandbouche v. Lovell, 913 F.2d 835, 837 (10th Cir. 1990); Ransom v. Brennan, 437 F.2d 513, 518-19 (5th Cir. 1971). Even where an attorney exercises broad powers in his or her representation of a client, these powers of representation alone do not create the specific authority to receive service of process. See e.g., Schultz v. Schultz, 436 F.2d 635, 639-40 (7th Cir. 1971) (general grant of authority to attorney insufficient to imply authority to receive process); Santos v. State Farm Fire & Cas. Co., 902 F.2d 1092, 1094 (2d Cir. 1990)(no basis for inferring that client had authorized attorney to accept service for him). Rather, "the record must show that the attorney exercised authority beyond the attorney-client relationship, including the power to accept service." Ziegler, 111 F.3d at 881. Plaintiff again provides no indication to the Court that Ford was granted the authority to accept service of process on behalf of Brocious in the instant action. Plaintiff's argument is premised solely on the attorney-client relationship between Brocious and Ford, which the

caselaw indicates is insufficient for purposes of service. Therefore, the Court cannot find that Ford possesses the express or implied authority to accept service of process for Brocious.

Plaintiff also appears to argue that Brocious waived any objection to service of process by the following acts: (1) his attorney received service of all filings with the Court and (2) his attorney filed multiple motions and responses to motions on Brocious' behalf, including two motions to dismiss. The Court finds that neither of these reasons resulted in a waiver of Brocious' objection to service of process. First, Plaintiff provides no caselaw which holds that merely accepting service of court filings by an attorney waives an objection to service of process, and the Court can find none.

Second, Brocious did not waive any service of process objection when his attorney Ford filed two motions to dismiss and a response to a motion. Federal Rule of Civil Procedure 12 sets out seven separate affirmative defenses that must be raised either in the responsive pleading if one is required or in a motion asserting those defenses made before the responsive pleading is due, including the defense of "(5) insufficient service of process." Fed. R. Civ. P. 12(b). Defendants wishing to raise any of the defenses in Rule 12(b)(2) through Rule 12(b)(5), including insufficiency of service of process, must do so in their first defensive move, either a Rule 12 motion or a responsive pleading. Id. If these defenses are not raised at the first opportunity, they are forever waived. Fed. R. Civ. P. 12(g)-(h). Brocious' filing of a motion to dismiss is permissible under the Federal Rules of Civil Procedure in order to avoid waiver of certain affirmative defenses. Because Brocious appeared only for the limited purpose of making its motion to dismiss for insufficiency of service of process, Brocious did not waive these issues.

While Plaintiff claims that Brocious' attorney has filed multiple motions and motion responses on Brocious' behalf, a review of the docket reveals that Ford has filed two motions to dismiss based upon Plaintiff's original and amended complaints. Ford also filed a response to a motion by Plaintiff alleging that he was not admitted to practice in federal court. Ford's other filings are related to his representation of another defendant in this case,

1 Barbara Ochoa. Ford's three filings as to Brocious are all proper, and did not result in a
2 waiver of Brocious' service of process objections.

3 Finally, Plaintiff has not served Brocious under any of the other provisions of Rule
4 4. Plaintiff did not obtain a waiver of service from Brocious, Plaintiff did not effectuate
5 personal service on him, Plaintiff did not leave a copy of the summons and complaint at
6 Brocious' dwelling or usual place of abode with someone of suitable age and discretion; and
7 Plaintiff did not follow Ohio's rules governing service of process by certified mail. See Fed.
8 R. Civ. P. 4(e)(2). Therefore, Plaintiff's Motion to Amend Service will be denied.

9 In her Motion for Clarification, Plaintiff asks the Court to require Brocious to provide
10 his current physical address because Brocious allegedly changes his residence frequently
11 (Doc. 203). Where the validity of service is disputed, the burden is on the party claiming
12 proper service to establish the validity of service. Cranford, 359 F. Supp. 2d at 984 (citation
13 omitted). Brocious does not have an obligation to provide his home address to Plaintiff.

14 **II.     Motion to Recover Service Expenses**

15 Plaintiff requests recovery of service expenses pursuant to Federal Rule of Civil
16 Procedure 4(d)(1)-(2) for serving Brocious (Doc. 209). Plaintiff argues that Brocious failed
17 to waive service of summons, and that he and his counsel have not presented any explanation
18 for this failure (Id.). Plaintiff claims that she has spent $287 in process server fees as well
19 as $36 in mailing and copying costs as a result of Brocious' failure to waive service of
20 summons (Id.). Additionally, Plaintiff seeks $150 in attorneys fees (Id.).

21 When a defendant fails to sign and return a waiver requested by a plaintiff without
22 good cause, a court may impose upon the defendant the expenses incurred in making service
23 along with the reasonable expenses, such as attorney's fees, of any motion required to collect
24 those service expenses. Fed. R. Civ. P. 4(d)(2). Plaintiff states that she mailed Brocious a
25 waiver form, however, Brocious failed to return the waiver.

26 Despite Plaintiff's allegations, she has submitted no material in support of her fee
27 request that establishes that she complied with Rule 4's waiver provisions. That rule imposes
28 a number of requirements for a valid waiver, including that Brocious be provided a form

allowing him to waive service and that he be given sufficient time in which to return a signed waiver. Fed. R. Civ. P. 4(d)(1). The Court has before it no evidence of the waiver sent to Brocious and whether it complied with the requirements of Rule 4. Furthermore, Plaintiff provides the Court with no documentation regarding the service expenses that she claims. Receipts or other proof of the amounts paid by Plaintiff in trying to effectuate service on Brocious are needed to verify the sums claimed. Finally, Plaintiff's motion has been filed prematurely as the service of Brocious is still being contested. Motions for service expenses typically are handled at the end of the case. Therefore, the Court will deny Plaintiff's motion without prejudice and with leave to refile at a later date.

**III. Motion for Ruling on Motion to Amend Service, Motion for Ruling on Clarification/Motion for Extension of Time to Re-Serve Amended Complaint (Doc. 213)**

In this motion, Plaintiff asks for the Court to issue a ruling on her Motion to Amend Service/Motion for Clarification which was filed on October 5, 2009 (Doc. 213). To the extent that the Court now rules on Plaintiff's motions, this motion for ruling is granted. Plaintiff also informs the Court that she has served the Amended Complaint on Brocious pursuant to Federal Rule of Civil Procedure 5 by mailing a copy to Brocious' last known address (Id.). Finally, Plaintiff seeks a sixty (60) day extension of time to re-serve Brocious if her prior service attempts are deemed deficient by the Court (Id.).

Kruska claims to have served the Amended Complaint on Brocious in accordance with Federal Rule of Civil Procedure 5. It is clear from Plaintiff's motion that confusion exists over the interplay between Rules 4 and 5 of the Federal Rules of Civil Procedure, as well as what complaint the Court's Order asked Plaintiff to re-serve. In both of his Motions to Dismiss, Brocious argued that he had never properly been served pursuant to Federal Rule of Civil Procedure 4 (Doc. 68,141). In its Order of September 22, 2009, the Court found that Plaintiff indeed never properly served Brocious with a copy of the summons and original complaint under Rule 4 (Doc. 201). It is service of Plaintiff's original complaint that is at issue here, not the Amended Complaint. The rule Plaintiff cites, Rule 5, deals with service

of subsequent pleadings and papers after initial service has been completed. See Fed. R. Civ. P. 5.

As explained above in discussing Plaintiff's Motion to Amend Service, Plaintiff has failed to serve Brocious properly under Rule 4. Plaintiff will be given one final opportunity to effect service on Brocious. Plaintiff must complete service of process in accordance with Rule 4 by **January 4, 2010**. Plaintiff is advised that because she is not proceeding in forma pauperis, it is her responsibility to effect service of the summons and complaint on Brocious in accordance with the requirements of the Federal Rules of Civil Procedure, and in particular, Rule 4. Failure to timely complete service of the complaint on Brocious will result in dismissal of this action against him. This case was commenced close to two years ago. Plaintiff has had ample time to serve Brocious, and the Court has already granted Plaintiff one extension of time.

Accordingly,

**IT IS HEREBY ORDERED** denying Plaintiff's Motion to Amend Service and Motion for Clarification (Doc. 203).

**IT IS FURTHER ORDERED** denying Plaintiff's Motion to Recover Service Expenses without prejudice and with leave to refile (Doc. 209).

**IT IS FURTHER ORDERED** granting Motion for Ruling on Motion to Amend Service and Motion for Clarification (Doc. 213).

**IT IS FURTHER ORDERED** granting Motion for Extension of Time to Re-Serve Amended Complaint (Doc. 213). Plaintiff has until **January 4, 2010** to serve Brocious pursuant to Rule 4 of the Federal Rules of Civil Procedure. Failure to serve Brocious by this date will result in dismissal of the case against him.

DATED this 16th day of November, 2009.

Stephen M. McNamee
United States District Judge