**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JAN E. KRUSKA, | No. CV 08-00054-PHX-SMM |
| Plaintiff, | **ORDER** |
| vs. | |
| PERVERTED JUSTICE FOUNDATION INCORPORATED, et al., | |
| Defendants. | |

Pending before the Court are the Motion for Summary Judgment filed by Plaintiff Jan Kruska ("Plaintiff") (Dkt. 245),[1] the Motion to Dismiss Plaintiff's Copyright Infringement Claim filed by Defendants Perverted Justice Foundation Incorporated and Xavier Von Erck ("Defendants") (Dkt. 246),[2] Defendants' Request for Judicial Notice (Dkt. 247), and Plaintiff's Request for Judicial Notice. (Dkt. 250.) Defendants also filed a Supplement to

---

[1] Plaintiff's Motion for Summary Judgment was filed on February 4, 2010 (Dkt 245), and Defendants filed a Response on March 8, 2010. (Dkt. 248.) No Reply was filed by Plaintiff.

[2] Defendants' Motion to Dismiss was filed on February 26, 2010 (Dkt. 246), along with their Request for Judicial Notice. (Dkt. 247). Defendants filed a Supplement to their Motion to Dismiss on March 12, 2010. (Dkt 249.) On March 19, 2010, Plaintiff filed a "Request for Judicial Notice." (Dkt. 250.) While not technically labeled as a Response, Plaintiff addresses the arguments raised in Defendant's initial Motion to Dismiss. Thus, the Court will construe this document as Plaintiff's Response.

their Motion to Dismiss. (Dkt 249.) For the reasons that follow, the Court will deny both Plaintiff's Motion for Summary Judgment and Defendants' Motion to Dismiss.

## BACKGROUND

While Plaintiff's Complaint named numerous defendants, the Court will recount only the procedural history pertaining to the present two Defendants. On January 10, 2008, Plaintiff brought suit against Defendants alleging claims for intentional infliction of emotional distress, defamation, violations of the Racketeer Influenced and Corrupt Organizations statutes ("RICO"), cyberstalking/cyberharassment, violations of the Digital Millennium Copyright Act ("DCMA"), and prima facie tort. (Dkt. 1.) On March 21, 2008, Defendants filed a motion to dismiss based upon lack of personal jurisdiction, failure to state a claim, and insufficient service of process. (Dkt. 44.) The Court granted Defendants' motion to dismiss for lack of personal jurisdiction, but the Court did so without prejudice to allow Plaintiff to amend and re-file her complaint. (Dkt. 139.) On January 7, 2009, Plaintiff filed an Amended Complaint. (Dkt. 142.) The Amended Complaint reasserted the claims that Plaintiff made in the original Complaint. (Compare Dkt. 1 at 13-19, with Dkt. 142 at 37-44.) Following the filing of another motion to dismiss, the Court found that Plaintiff had failed to state a claim against Defendants as to all claims but copyright infringement. (Dkt. 184.) Consequently, all claims with the exception of copyright infringement were dismissed against Defendants.

On January 11, 2010, the Court held a scheduling conference at which both Plaintiff and Defendants were present. (Dkt. 235 (minute entry); Dkt. 240 (transcript).) At that conference, Plaintiff admitted that she has never registered any of her photographs or written materials with the United States Copyright Office. On January 25, 2010, the Court issued an Order allowing the parties to submit motions on the limited issue of the effect of Plaintiff's failure to register her copyright on her copyright infringement claim. (Dkt. 243.) The pending motions and requests for judicial notice are in response to that Order.

///

///

**STANDARD OF REVIEW**

A party may file a motion asserting a lack of jurisdiction over the subject matter under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(1). "A court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action, even on appeal." United States v. Moreno-Morillo, 334 F.3d 819, 830 (9th Cir. 2003) (internal quotation marks and citation omitted); see also Fed. R. Civ. P. 12(h)(3).

**DISCUSSION**

**I.     Judicial Notice**

In connection with a motion to dismiss, a party may ask the court to take judicial notice of certain matters. See Fed. R. Evid. 201(d), (f). The court can take judicial notice of "adjudicative facts" that are "not subject to reasonable dispute" and either "generally known" in the community or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(a), (b). A court may choose to take judicial notice, whether requested by the parties or not. Fed. R. Evid. 201(c). However, where judicial notice is requested by a party who supplies the court with the necessary information, a court <u>must</u> take judicial notice. Fed. R. Evid. 201(d). Judicial notice may be taken at any stage of the proceedings. Fed. R. Evid. 201(f).

Defendants ask the Court to take judicial notice of an excerpt from the transcript of the January 11, 2010 Preliminary Pretrial Conference held before this Court. (Dkt. 247). A court may take judicial notice of court filings and other matters of public record. See Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank, 136 F.3d 1360, 1364 (9th Cir. 1998); Reyn's Pasta Bella, LLC v. Vista USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006). It is also well established that a federal district court can take judicial notice of its own records. Chandler v. United States, 378 F.2d 906, 909 (9th Cir. 1967) (citations omitted). Because Defendants' request satisfies Federal Rule of Evidence 201(b), the Court takes

1  judicial notice of the transcript excerpt from the January 11, 2010 Preliminary Pretrial
2  Conference.³

3  Additionally, Plaintiff requests that the Court take judicial notice of the Supreme
4  Court's opinion in <u>Reed Elsevier, Inc. v. Muchnick</u>, 130 S.Ct. 1237(2010). (Dkt. 250).
5  Plaintiff states that this decision defeats Defendants' argument, discussed below, that the
6  Court lacks subject matter jurisdiction over Plaintiff's copyright infringement claim due to
7  her failure to register her copyright. The recent decisions of the U.S. Supreme Court are not
8  appropriate subjects for judicial notice as Rule 201 "governs only judicial notice of
9  adjudicative facts." Fed. R. Evid. 201(a). Rather than asking the Court to take judicial
10 notice under Federal Rule of Evidence 201, Plaintiff appears simply to be directing the Court
11 to the <u>Reed Elsevier</u> decision. Thus, Plaintiff's request for judicial notice is denied.

12 **II.     Defendants' Motion to Dismiss**

13 The Court has dismissed all claims with prejudice against Defendants, with the
14 exception of Plaintiff's copyright infringement claim. (Dkt. 184.) In her Amended
15 Complaint, Plaintiff alleges that Defendants created a "Wikisposure" website about Plaintiff
16 where "four copyrighted images of Plaintiff" and "numerous copyrighted written materials"
17 were used without her permission. (Dkt 142 at 9.) However, nowhere in her Complaint does
18 she allege any facts showing that she registered either the images or written materials with
19 the United States Copyright Office. (Dkt 142.) At the January 11, 2010 Preliminary Pretrial
20 Conference, the Court questioned Plaintiff regarding the apparent lack of registration. In
21 response, Plaintiff admitted that none of the photographs were "federally registered." (Dkt.
22 240, Tr. 5:12-21; Dkt. 247.) The writings similarly were not registered.

23 In their Motion, Defendants argue that Plaintiff's remaining copyright infringement
24 claim against them must be dismissed due to lack of subject matter jurisdiction. (Dkt. 246,
25 5:11-13.) According to Defendants, section 411(a) of the Copyright Act provides that no
26 infringement action may be instituted until either registration of the copyright is made or the

27
---
28          ³The transcript excerpt is attached as Exhibit 1 to Document 247.

Copyright Office has refused to register the copyright. (Id. at 3:17-23.) As a result, federal courts lack subject matter jurisdiction to entertain a copyright infringement claim unless the disputed copyright is registered. (Id. at 3:23-4:16.) Since Plaintiff admitted at the Preliminary Pretrial Conference that she has never registered any of her photographs or written materials, her copyright infringement claim must be dismissed. (Id. at 5:8-10; Dkt 247.)

The U.S. Constitution grants Congress the power "[t]o promote the Progress of Science and useful Arts, by securing for limited Times to Authors . . . the exclusive Right to . . . their . . . Writings." Art. 1, § 8, cl. 8. As a means of exercising this power, Congress has developed a statutory scheme governing the existence and scope of copyright protection for "original works of authorship fixed in any tangible medium of expression." 17 U.S.C. § 102(a). This scheme gives copyright owners "exclusive rights" to distribute, reproduce, or perform their works publicly. § 106. Anyone who violates any of the copyright holder's exclusive rights as set forth in the Copyright Act is an "infringer of the copyright." § 501(a). Such infringement entitles the copyright owner to sue for infringement, subject to the requirements of section 411 of the Copyright Act. § 501(b). With limited exceptions, the Copyright Act "requires copyright holders to register their works before suing for copyright infringement." Reed Elsevier, 130 S. Ct. at 1241 (citing 17 U.S.C. § 411(a)).[4] Registration is therefore a "precondition" to suing for infringement of a particular copyright. Id.

In its recent Reed Elsevier decision, the U.S. Supreme Court considered whether section 411(a) deprived a federal court of subject matter jurisdiction to adjudicate a copyright

---

[4]These exceptions include where the work is not a U.S. work, where the infringement claim concerns rights of attribution and integrity under section 106A, or where the copyright holder attempts to register the work and registration is refused. Additionally, section 411(c) allows court to adjudicate infringement actions involving certain types of unregistered works where the author "declare[s] an intention to secure copyright in the work" and "makes registration for the work, if required by subsection (a), within three months after [the work's] first transmission." 17 U.S.C. §§ 411(c)(1)-(2).

1  infringement claim involving unregistered works. The Court held that "Section 411(a)'s
2  registration requirement is a precondition to filing a claim that does not restrict a federal
3  court's subject-matter jurisdiction." Id. In reaching its decision, the Court adopted the
4  approach used in Arbaugh v. Y&H Corp., 546 U.S. 500 (2006) to distinguish jurisdictional
5  conditions from elements of a claim or claim-processing requirements. First, section 411(a)
6  did not "clearly state[]" that its registration requirement was jurisdictional. Reed Elsevier,
7  130 S.Ct. at 1245. Second, section 411(a)'s registration requirement is located in a separate
8  provision from those granting federal courts subject matter jurisdiction over copyright
9  claims. Id. at 1245-46. Federal courts have subject matter jurisdiction over copyright
10 infringement claims pursuant to 28 U.S.C. § 1331 and § 1338.[5] Id. at 1246. Neither section
11 conditions jurisdiction on whether a copyright holder has registered the work prior to suing
12 for infringement. Id. Finally, no other factor suggests that section 411(a)'s registration
13 requirement can be read to "speak in jurisdictional terms or refer in any way to the
14 jurisdiction of the district courts." Id. (citation omitted).

15    Under Reed Elsevier, even if a plaintiff files a claim for copyright infringement
16 without satisfying § 411(a)'s registration requirement, a federal district court has jurisdiction
17 over the claim. This case defeats Defendants' argument that the Court lacks subject matter
18 jurisdiction over Plaintiff's copyright infringement claim. Indeed, Defendants' Supplement
19 appears to acknowledge as much (Dkt. 249).

20    The U.S. Supreme Court's Reed Elsevier decision changed the landscape with regard
21 to a federal court's subject matter jurisdiction to adjudicate a copyright infringement claim
22 involving unregistered works. Reed Elsevier was issued on March 2, 2010, after Defendants
23 had filed their initial motion, and led them to file a Supplement. (Dkt. 249.) In their
24 Supplement, Defendants seemingly shift their argument from one grounded in subject matter
25 jurisdiction to one based on failure to state a claim. However, allowing Defendants to change

---

[5]Federal law confers "original jurisdiction of any civil action arising under any Act of Congress relating to . . . copyrights" on United States district courts. 28 U.S.C. § 1338(a). Such jurisdiction is exclusive. Id.

- 6 -

their argument now, after filing their Motion to Dismiss, would not afford Plaintiff an opportunity to respond to Defendant's new argument. Thus, Defendants' Motion to Dismiss based upon subject matter jurisdiction is denied. Should Defendants wish to bring another motion based upon Plaintiff's failure to register her copyright, the Court will consider such a motion.

**III.    Plaintiff's Motion for Summary Judgment**

In her Motion, Plaintiff asserts that the disputed images and writings are subject to copyright protection. (Dkt. 245, 2-3.) Plaintiff goes into great detail discussing how a copyright is created, and arguing that she enjoys exclusive rights to her copyrighted materials. (Id.) However, as Defendants point out, even assuming Plaintiff is entitled to copyright protection in the images and writings, Plaintiff's failure to register this copyrighted material prevents her from bringing an infringement action. (Dkt. 248, 3-4.) Plaintiff ignores the distinction between the existence of a valid copyright and the registering of a copyright allowing a copyright infringement suit to be brought. See Kodadek v. MTV Networks, Inc., 152 F.3d 1209, 1211 (9th Cir. 1998) ("Copyright registration is not a prerequisite to a valid copyright, but it is a prerequisite to a suit based on copyright."). Plaintiff has failed to allege any facts in her Amended Complaint showing that she either applied for or received a copyright registration for the four photographs or written materials. Moreover, she admitted at the Preliminary Pretrial Conference that she has never registered any of her photographs or written materials. (Dkt. 240, 247.) Therefore, Plaintiff's first argument lacks merit.

Additionally, Plaintiff argues that the "doctrine of fair use" is not a defense available to Defendants. (Dkt. 245, 3-4.) Plaintiff claims that by asserting the fair use doctrine, Defendants have admitted that they were not the original creators or owners of the copyrighted pictures and writings, and that they used these materials without her permission. (Id.) Furthermore, she argues that none of the categories that qualify for fair use apply in this case. (Id.)

To present a prima facie case of direct copyright infringement, Plaintiff must satisfy two requirements: (1) she must show ownership of the allegedly infringing material and (2) she must show that the alleged infringers violated at least one of the exclusive rights granted by 17 U.S.C. § 106 to the copyright holder. 17 U.S.C. § 106 (2006); A&M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1013 (9th Cir. 2001). But the rights conferred to the copyright holder under 17 U.S.C. §106 are limited by the "fair use" doctrine. The fair use doctrine allows the use of copyrighted works without the copyright owner's consent under certain situations, including "criticism, comment, news reporting, teaching . . . scholarship or research." 17 U.S.C. § 107 (2006); see Perfect 10, Inc. v. Amazon.com, Inc., 508 F.3d 1146, 1159 (9th Cir. 2007) ("Even if a plaintiff . . . makes a prima facie case of direct infringement, the defendant may avoid liability if it can establish that its use of the images is a 'fair use' as set forth in 17 U.S.C. § 107.") (citation omitted). To determine if the unauthorized use of the copyrighted material is protected by the fair use doctrine, the court must evaluate (1) the purpose of the use, (2) the nature of the copyrighted work, (3) the amount and substantiality of the portion used compared to the copyrighted work as a whole, and (4) the effect of the use upon the potential market for, or the value of, the copyrighted work. Perfect 10, 508 F.3d at 1163 (citing 17 U.S.C.§ 107).

Despite Plaintiff's argument, the fair use doctrine is a statutory defense that is relevant only if the Court considers the merits of Plaintiff's copyright infringement claim. No discovery has been conducted by the parties, and no merits determination has been made by the Court. Plaintiff has not established that she owns the alleged infringing material, much less that Defendants violated her exclusive rights as a copyright holder. As stated previously, the Court is only considering now the limited issue of the legal effect of Plaintiff's failure to register her copyright. Thus, Plaintiff's second argument fails, and the summary judgment motion is denied.

Finally, the Court notes that Plaintiff has failed to comply with the Local Rules of Civil Procedure. Under Local Rule 56.1, "[a]ny party filing a motion for summary judgment shall file a statement, separate from the motion and memorandum of law, setting forth each

material fact on which the party relies in support of the motion. . . . A failure to submit a separate statement of facts in this form may constitute grounds for the denial of the motion." LRCiv 56.1(a). In the present case, Plaintiff has failed to file such a separate statement of facts outlining each material fact that supports her case, and thus, this is an independent reason for denying the motion.

Accordingly,

**IT IS HEREBY ORDERED DENYING** Defendants' Motion to Dismiss Plaintiff's Copyright Infringement Claim. (Dkt. 246.)

**IT IS FURTHER ORDERED DENYING** Plaintiff's Motion for Summary Judgment. (Dkt 245.)

DATED this 6th day of May, 2010.

_____
Stephen M. McNamee
United States District Judge