**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JAN E. KRUSKA, | No. CV 08-0054-PHX-SMM |
| Plaintiff, | **MEMORANDUM OF DECISION AND ORDER** |
| v. | |
| PERVERTED JUSTICE FOUNDATION INCORPORATED.ORG, et. al., | |
| Defendants. | |

Before the Court is Defendant Christopher Brocious' ("Brocious") Motion to Dismiss Plaintiff Jan E. Kruska's ("Kruska") Amended Complaint Pursuant to Rules 4(m) and 12(b)(2), (3), and (5). (Doc. 251, Mot. to Dismiss.) Brocious' motion is brought based upon insufficient service of process, lack of personal jurisdiction, and improper venue. (Id.) To date, Kruska has not filed a response to Brocious' Motion to Dismiss as ordered by the Court (Doc. 253, Ct. Order.)[1] After consideration of the issues, the Court finds the following.

**BACKGROUND**

On January 10, 2008, Kruska filed suit against a number of individuals and organizations, including Brocious. (Doc. 1, Compl.) In response, Brocious filed a Cross-Motion to Dismiss for lack of personal jurisdiction, insufficient service of process, and

---

[1]Kruska never responded to Brocious' Motion to Dismiss (Doc. 251, Mot. to Dismiss) that was filed on April 16, 2010. The Court ordered that Kruska submit a response by June 11, 2010. (Doc. 253, Ct. Order.)

improper venue. (Doc. 68, Cross-Mot. To Dismiss.) The Court granted Brocious' Cross-Motion to Dismiss on lack of personal jurisdiction grounds, but granted Kruska leave to file an Amended Complaint. (Doc. 138, Ct. Order.)

Kruska's Amended Complaint maintained the claims made in her Original Complaint. (Compare Doc. 1, Compl., at 13-19, with Doc. 140, Am. Compl., at 32-38.) Brocious responded with a second Motion to Dismiss, reasserting lack of personal jurisdiction, insufficient service of process, and improper venue. (Doc. 141, Mot. to Dismiss.) The Court denied Brocious' Motion to Dismiss, finding personal jurisdiction on the grounds that Brocious purposefully directed his actions towards the State of Arizona, that Kruska's claims arose out of Brocious' forum-related actions, and that the exercise of jurisdiction was reasonable. (Doc. 201, Ct. Order, at 14.) "Good cause" for failure to timely serve Brocious was found because he had received actual notice of the lawsuit, would suffer no prejudice if a time extension was granted, and Kruska would be severely prejudiced if the complaint was dismissed (Id. at 18-20.) Therefore, Kruska was given an extension until November 6, 2009 to effect proper service upon Brocious. (Id. at 21:5-6.)

In her Motion to Amend Service, Kruska attempted service on Brocious' attorney, Steven G. Ford ("Ford"), under Federal Rule of Civil Procedure 4(e) through e-mail and personal service at his office. (Doc. 203, Mot. to Am. Serv., at 5-6.) Kruska's Motion to Amend Service was denied by the Court on the grounds that proper service was never effectuated under Federal Rule of Civil Procedure 4(d), 4(e)(1), or 4(e)(2). (Doc. 217, Ct. Order, at 2:18-26, 5:3-8.) The Court granted Kruska one final extension of time, until January 4, 2010, to effect proper service upon Brocious. (Id. at 7:5-6.) On April 16, 2010, Brocious filed a Motion to Dismiss the Amended Complaint, again, reasserting insufficient service of process, lack of personal jurisdiction, and improper venue. (Doc. 251, Mot. to Dismiss.)

///

///

The Court, having previously ruled on the issues of personal jurisdiction and improper venue (Doc. 201, Ct. Order), now focuses on service issues regarding the Original and Amended Complaints.

## STANDARD OF REVIEW

The Court is permitted to dismiss an action for insufficient service of process. Fed. R. Civ. P. 12(b)(5). In a Motion to Dismiss for insufficient service of process pursuant to Rule 12(b)(5), the plaintiff bears the burden of establishing that service was properly effected. See Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004).

## DISCUSSION

*I. Original Complaint was Properly Served Under Rule 4.2(c) of the Arizona Rules of Civil Procedure*

The Court previously ruled that service of Kruska's Original Complaint was improper under Ohio law because she failed to involve the court clerk. See Oh. R. Civ. P. 4.1(A). (Doc. 201, Ct. Order, at 17:3-5.) The Court, however, has not ruled on service of the Original Complaint under Arizona law. Federal Rule of Civil Procedure Rule 4(e)(1) allows an individual to be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located . . . ." Fed. R. Civ. P. 4(e)(1). Rule 4.2(c) of the Arizona Rules of Civil Procedure allows for service by mail. Ariz. R. Civ. P. 4.2(c).

> When the whereabouts of a party outside the state is known, service may be made by depositing the summons and a copy of the pleading being served in the post office, postage prepaid, to be sent to the person to be served by any form of mail requiring a signed and returned receipt. Service by mail pursuant to this subpart and the return thereof may be made by the party procuring service or by that party's attorney. Upon return through the post office of the signed receipt, the serving party shall file an affidavit with the court stating (1) that the party being served is known to be located outside the state, (2) that the summons and a copy of the pleading were dispatched to the party being served; (3) that such papers were in fact received by the party as evidence by the receipt, a copy of which shall be attached to the affidavit; and (4) the date of receipt by the party being served and the date of the return of the receipt to the sender.

Id.

///

- 3 -

Kruska filed her affidavit, attached to her Amended Complaint, with the Court on December 16, 2008. On March 6, 2008, knowing Brocious was located outside of Arizona, Kruska mailed her summons and Original Complaint to Brocious' home address in Ohio. (Doc. 140, Aff. ¶ 83, Ex. A.) On March 18, 2008, Brocious signed and returned the USPS return receipt, proof that the summons and pleading were dispatched to, and actually received by Brocious. (Id. at ¶ 84, Ex. A.) Kruska's affidavit provides the date of receipt by Brocious, March 18, 2008 (Id. ¶ 84.), but fails to provide the return date of the receipt to Kruska, as required by Rule 4.2(c) of the Arizona Rules of Civil Procedure.

Generally, "Pro se litigants must follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citing United States v. Merrill, 746 F.2d 458, 465 (9th Cir. 1984)). However, failure to follow technical procedural requirements does not warrant dismissal where "(a) the party . . . to be served personally received actual notice, (b) the defendant[] would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for [the] failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed." Borzeka v. Heckler, 739 F.2d 444, 447 (9th Cir.1984).

Brocious received actual notice of the lawsuit when he signed the certified mailing (Doc. 140, Aff., Ex. A.). The Ninth Circuit has held that "So long as a party receives sufficient notice of the complaint, Rule 4 is to be 'liberally construed' to uphold service." Travelers Cas. & Sur. Co. of Am. v. Brenneke, 551 F.3d 1132, 1135 (9th Cir. 2009) (citing Chan v. Soc'y Expeditions, Inc., 39 F.3d 1398, 1404 (9th Cir. 1994)); see also United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir.1984) ("Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint.")

Kruska's failure to note the return date of the receipt in her affidavit does not have a substantive effect on service of process, and therefore Brocious would suffer no prejudice from the technical defect in service. In Draper v. Coombs, the Ninth Circuit "recognize[d] that the plaintiff represented himself and therefore, in evaluating his compliance with the

technical rules of civil procedure, we treat him with great leniency." 792 F.2d 915, 924 (9th Cir. 1986) (analogizing to Pembrook v. Wilson, 370 F.2d 37 (9th Cir. 1966)). Kruska, as a pro se litigant, is afforded similar treatment.

Kruska sent a true copy of the summons, complaint, and waiver of service via certified mail. When Brocious did not return the waiver form, she hired a process server who made thirteen attempts to serve Brocious in Ohio. (Doc. 140, Am. Compl., at 9-10.) Kruska has vigilantly attempted to serve Brocious (Doc. 201, Ct. Order, at 19:22-27), and would be severely prejudiced if her complaint was dismissed for a mere technical noncompliance with Rule 4.2(c) of the Arizona Rules of Civil Procedure. Since the Borzeka factors balance in favor of Kruska, her technically defective service is not enough to render service of the Original Complaint insufficient. Therefore, Kruska's Original Complaint was properly served under Rule 4.2(c) of the Arizona Rules of Civil Procedure.

## II. Amended Complaint was Served Properly in Accordance with Rule 5

The Court now turns to whether the Amended Complaint (Doc. 140, Am. Compl) was ever properly served upon Brocious. Kruska's Amended Complaint constitutes "a pleading filed after the original complaint" and therefore, requires service under Federal Rule of Civil Procedure 5. Fed. R. Civ. P. 5(a)(1)(b). Rule 5 also provides that "if [a] party is represented by an attorney, service must be made on the attorney." Fed. R. Civ. P. 5(b)(1). Ford, as Brocious' attorney, is the appropriate recipient for service of Kruska's Amended Complaint. Under Rule 5, one method of effecting proper service of an amended complaint is to "mail[] it to the person's last known address – in which event service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(c). In December of 2008, Kruska mailed her Amended Complaint to Ford's office at Alvarez & Gilbert, PLLC (Doc. 140, Am. Compl., at 44, 63.) Kruska, has thus, effected proper service of her Amended Complaint pursuant to Rule 5.

## III. Kruska's Amended Complaint Supersedes the Original Complaint

Brocious, in his Motion to Dismiss, contends that, by virtue of this Court's Dismissal Order (Doc. 138, Ct. Order), the Original Complaint no longer exists as to Brocious. (Doc. 251, Mot. to Dismiss, at 2:24-25.) Brocious further contends that the filing of Kruska's

Amended Complaint superseded her Original Complaint (Doc. 251, Mot. to Dismiss, at 3:1-2.) See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (holding that an "amended complaint supersedes the original, the latter being treated thereafter as non-existent"). The Court similarly finds that "Once amended, the original [complaint] no longer performs any function as a pleading . . . ." Bullen v. De Bretteville, 239 F.2d 824, 833 (9th Cir. 1956). Therefore, Kruska's Amended Complaint supersedes her Original Complaint and is treated as nonexistent.

In conclusion, Kruska's Amended Complaint, a pleading filed after the original complaint, requires service under Rule 5. The Amended Complaint was properly served when Kruska mailed a copy of her Amended Complaint to Ford's office at Alvarez & Gomez, PLLC, in December of 2008. (Doc. 140, Am. Compl., at 44, 63.) Kruska's Amended Complaint superseded her Original Complaint, therefore the Original Complaint no longer exists.

*IV. Insufficient Service of Amended Complaint as Argued by Brocious*

Brocious argues that service of the Amended Complaint under Rule 4 is necessary because the Amended Complaint contains "new and additional claims" for relief O'Callaghan v. Sifre, 242 F.R.D. 69 (S.D.N.Y. 2007) (Doc. 251, Mot. to Dismiss, at 3:16-20.) O'Callaghan, and thus, Brocious, relies upon Federal Rule of Civil Procedure 5(a)(2), stating that "no service [under Rule 4] is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4." Fed. R. Civ. P. 5(a)(2).

*A. Brocious has "Appeared" for Purposes of Federal Rule of Civil Procedure 5(a)(2)*

In determining whether or not Federal Rule of Civil Procedure 5(a)(2) applies, the Court must first establish if Brocious has "appeared." An appearance is defined as "A coming into court as a party or interested person, or as a lawyer on behalf of a party or interested person . . . whether by formally participating . . . or by . . . motion . . . ." Black's Law Dictionary 113-14 (9th ed. 2009).

In <u>Collins v. Finley</u>, the court found a general appearance when "Collins . . . moved to dismiss the complaint . . . ." 65 F.2d 625 (9th Cir. 1933). Similarly, in <u>Patton v. Adm'r of Civil Aeronautics</u>, the court ruled that the defendants made general appearances "by filing a motion to dismiss on the ground that the District Court lacked 'jurisdiction over the subject matter of said action . . . .'" 217 F.2d 395, 396 (9th Cir. 1954). Similarly, in the present case, Ford, on Brocious' behalf, has filed several Motions to Dismiss (Doc. 68, 141, 251, Mots. to Dismiss) partially grounded in lack of jurisdiction claims. These filings demonstrate a "clear purpose to defend the suit" <u>Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.</u>, 840 F.2d 685, 689 (9th Cir. 1988) (quoting <u>Wilson v. Moore & Assocs., Inc.</u>, 564 F.2d 366, 369 (9th Cir. 1977)), and therefore, constitute the equivalent of a formal court appearance. <u>Wilson</u>, 564 F.2d at 369. Brocious has "appeared." He has not defaulted by failing to appear for purposes of Rule 5(a)(2).

### B. A Party that has "Appeared" Does Not Require Service Under Rule 4 (As Per Rule 5(a)(2)), Even if New Claims for Relief are Sought

Rule 5(a)(2) does not specifically mention whether or not service is required, in accordance with Rule 4, when new claims for relief are asserted against a party that has "appeared." <u>Employee Painters' Trust v. Ethan Enterprises, Inc.</u>, provides that "An amended complaint need only be served in the manner provided by Rule 4 when (1) a party is 'in default for failure to appear' *and* (2) the 'pleadings assert new or additional claims for relief.'" 480 F.3d 993, 999 (9th Cir. 2007) (citing Fed. R. Civ. P. 5(a)). The Court in <u>Employee Painters's Trust</u>, held that service of an amended complaint on officers was effective even though the parties and District Court mistakenly believed that Rule 4 governed service of the amended complaint. <u>Id.</u> The court explained that the plaintiff's amended complaint, like Kruska's, was a "pleading subsequent to the original complaint," and thus, fell squarely within the provisions of Rule 5. <u>Id.</u>

The individual defendants in <u>Employee Painters' Trust</u>, like Brocious, were *not* in default for failure to appear. <u>Id.</u> When the amended complaint was filed in <u>Employee Painters' Trust</u>, the defendants had actively participated in the litigation by filing an answer

to the original complaint and contesting a disputed counterclaim. Id. Brocious, in a similar fashion, actively participated in the present litigation by filing a Cross-Motion to Dismiss (Doc. 68, Cross-Mot. to Dismiss), as well as a Reply in Support of a Cross-Motion to Dismiss (Doc. 78, Reply in Supp. of a Cross-Mot. to Dismiss), prior to the filing of Kruska's Amended Complaint. (Doc. 140, Am. Compl.)

Since the Court has determined that Brocious is not in default for failure to appear, "It is . . . immaterial whether or not the amended complaint asserted 'new or additional claims.'" Employee Painters' Trust, 480 F.3d at 999 (citing Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1144 (3d. Ed. 2002) (noting that, "by appearing in the action the party . . . may become vulnerable to service . . . for new or additional relief under . . . methods set out in Rule 5(b).")).

Furthermore, service on Ford is "consistent with the basic theory of Rule 5[,] that following an appearance[,] service of papers on the attorney . . . will expedite the adjudication of the case on the merits and, at the same time, constitute sufficient notice to the party to comply with the constitutional requirements of due process." Id. § 1146. Brocious, as a party that has "appeared," does not require service of the Amended Complaint on him personally under Rule 4.

*V. The Court has Personal Jurisdiction over Brocious*

Brocious continues to argue that this Court lacks personal jurisdiction over him. (Doc. 251, Mot. to Dismiss, at 5-7.) However, this issue was ruled on in a previous Court Order, and the Court found personal jurisdiction because Brocious purposefully directed his actions towards the State of Arizona, Kruska's claim arose out of Brocious' forum-related actions, and the exercise of jurisdiction over Brocious was reasonable. (Doc. 201, Ct. Order, at 14.)

The "law of the case doctrine" provides that courts do not "reexamine an issue previously decided by the same or higher court in the same case." Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc., 275 F.3d 762, 766 (9th Cir. 2001). However, a court has discretion to depart from the law of the case where (1) the first decision was clearly erroneous; (2) there has been an intervening change of law; (3) the evidence is substantially

different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result. <u>United States v. Alexander</u>, 106 F.3d 874, 876 (9th Cir. 1997). A district court abuses its discretion when it applies the doctrine of the law of the case without one of these five requisite conditions. <u>Thomas v. Bible</u>, 983 F.2d 152, 154 (9th Cir. 1993). None of the five requisite conditions from <u>Alexander</u> are applicable in the present case. Brocious merely repeats the arguments made in his prior Motion to Dismiss without citing to any new case law or identifying any manifest injustice that would result. Personal jurisdiction over Brocious remains proper for the reasons stated in the previous Court Order. (Doc. 201, Ct. Order, at 14.)

## VI. Venue is Proper

Brocious also continues to argue that venue is improper. (Doc. 251, Mot. to Dismiss, at 7-8.) This Court has already ruled that venue is proper on the grounds that a "substantial part of the events . . . giving rise to the claim occurred" within Arizona. (Doc. 201, Ct. Order, at 15:4-6) (citing 28 U.S.C. § 1391(b)(2)). The "law of the case doctrine" is similarly applicable to Brocious' argument for improper venue (Doc. 251, Mot. to Dismiss, at 7.) Brocious has asserted no new claims for why venue is improper. Venue remains proper as reasoned in the previous Court Order. (Doc. 201, Ct. Order, at 15:4-6.)

## CONCLUSION

Kruska's Original Complaint was properly served upon Brocious pursuant to Rule 4 of the Federal Rules of Civil Procedure. However, the Original Complaint was superseded by Kruska's Amended Complaint, rendering the Original Complaint nonexistent. Kruska's Amended Complaint is subject to service under Rule 5 because it is a pleading filed after the original complaint. Service was properly effected, under Rule 5, when Kruska mailed the Amended Complaint to the defense counsel's office.

Brocious' argument that Kruska's Amended Complaint is subject to Rule 5(a)(2) fails since Brocious has "appeared" in this litigation through filing several Motions to Dismiss. Therefore, service of the Amended Complaint in accordance with Rule 4 is unnecessary.

In a previous Order, this Court has already ruled that there is personal jurisdiction over Brocious and that venue is proper. Brocious does not present reasons for reassessing this Court's previous ruling on these issues.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Brocious' Motion to Dismiss Amended Complaint (Doc. 251, Am. Compl.) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Brocious' Motion to Dismiss Amended Complaint is **DENIED** as to insufficient service of process.

**IT IS FURTHER ORDERED** that Defendant Brocious' Motion to Dismiss Amended Complaint is **DENIED** as to lack of personal jurisdiction.

**IT IS FURTHER ORDERED** that Defendant Brocious' Motion to Dismiss Amended Complaint is **DENIED** as to improper venue.

**IT IS FURTHER ORDERED** that a Scheduling Conference is set for September 13, 2010 at 3:00 p.m. in Courtroom 605.

DATED this 9th day of August, 2010.

Stephen M. McNamee
United States District Judge