1  **WO**

2

3

4

5

6            IN THE UNITED STATES DISTRICT COURT

7            FOR THE DISTRICT OF ARIZONA

8

9  JAN E. KRUSKA,                    )   No. CV 08-0054-PHX-SMM
                                     )
10                                   )   **MEMORANDUM OF DECISION AND**
            Plaintiff,               )   **ORDER**
11                                   )
   v.                                )
12                                   )
   PERVERTED JUSTICE                 )
13 FOUNDATION INCORPORATED.          )
   ORG, et. al.,                     )
14                                   )
            Defendants.              )
15                                   )

16
            Before the Court is the Motion to Dismiss, or, in the alternative, Motion for Summary
17
   Judgment ("Motion for Summary Judgment") filed by Defendants Perverted Justice
18
   Foundation Incorporated and Xavier Von Erck ("Defendants") (Doc. 254, Mot. for Summ.
19
   J.) Defendants' motion is brought on the grounds that Jan Kruska's ("Plaintiff") failure to
20
   register her alleged copyrighted material prevents her from bringing an infringement action.
21
   To date, Plaintiff has not filed a response to Defendants' Motion for Summary Judgment as
22
   ordered by the Court. (Doc. 257, Ct. Order.)[1]  For the reasons that follow, the Court will
23
   grant Defendants' Motion for Summary Judgment.
24
   ///
25
   ///
26

27
            [1]Plaintiff never responded to Defendants' Motion for Summary Judgment (Doc. 254,
28 Mot. for Summ. J.) that was filed on June 1, 2010.  The Court ordered that Plaintiff submit
   a response by August 6, 2010.  (Doc. 257, Ct. Order.)

On January 10, 2008, Plaintiff brought suit against Defendants alleging claims of intentional infliction of emotional distress, defamation, violation of the Racketeer Influenced and Corrupt Organizations statutes ("RICO"), cyberstalking/cyberharassment, violations of the Digital Millennium Copyright Act ("DCMA"), and prima facie tort. (Doc. 1, Original Comp.) Defendants then filed a Motion to Dismiss based upon lack of personal jurisdiction, failure to state a claim, and insufficient service of process. (Doc. 44, Mot. to Dismiss.) The Court granted Defendants' Motion to Dismiss for lack of personal jurisdiction, but allowed Plaintiff to amend and re-file her complaint. (Doc. 139, Mem. of Decision and Order.) On January 7, 2009, Plaintiff filed an Amended Complaint reasserting claims made in her Original Complaint. (Compare Doc. 1, Original Compl., at 13-19, with Doc. 142, Am. Compl., at 37-44.) Defendants then filed another Motion to Dismiss (Doc. 147, Mot. to Dismiss), to which the Court found that Plaintiff failed to state a claim as to all claims, except copyright infringement. (Doc. 184, Ct. Order.)

At a January 11, 2010, Scheduling Conference, Plaintiff admitted that she never registered her photographs or written materials with the United States Copyright Office. (Doc. 240, Tr., 5:17-20.) The Court allowed the parties to submit motions addressing the effect of Plaintiff's failure to register her copyright on her infringement claim. (Doc. 243, Ct. Order.) In their Motion to Dismiss, Defendants argued that Plaintiff's remaining copyright infringement claim against them must be dismissed due to lack of subject matter jurisdiction. (Doc. 246, Mot. to Dismiss, 5:11-13.)

After the U.S. Supreme Court held in Reed Elsevier, Inc., v. Muchnick that the Copyright Act's registration requirement is a precondition to filing a copyright infringement claim and does not restrict a federal court's subject-matter jurisdiction with respect to infringement suits involving unregistered works, Defendants filed a Supplement in addition to their Motion to Dismiss. 130 S.Ct. 1237 (2010) (Doc. 249, Supplemental Mem.) Defendants' Supplement shifted their Motion to Dismiss argument from one grounded in subject matter jurisdiction to one based on the statute itself. (Id., at 2-4.) The Court denied

1  Defendants' Motion to Dismiss based upon subject matter jurisdiction because ample time

2  was not afforded to Plaintiff to respond to Defendants' new argument presented in their

3  Supplement. (Doc. 252, Ct. Order, 6:23-25; 7:1-3.) The Court advised Defendants that a

4  new motion based upon Plaintiff's failure to register her copyright would be considered. (Id.,

5  at 7:3-5.) The Court now considers Defendants' Motion for Summary Judgment. (Doc. 254,

6  Mot. for Summ. J.)

7  **STANDARD OF REVIEW**

8  A court must grant summary judgment if the pleadings and supporting documents,

9  viewed in the light most favorable to the nonmoving party, "show that there is no genuine

10  issue as to any material fact and that the moving party is entitled to judgment as a matter of

11  law." Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986);

12  Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir. 1994). Substantive law

13  determines which facts are material. See Anderson v. Liberty Lobby, 477 U.S. 242, 248

14  (1986); see also Jesinger, 24 F.3d at 1130. "Only disputes over facts that might affect the

15  outcome of the suit under the governing law will properly preclude the entry of summary

16  judgment." Anderson, 477 U.S. at 248. The dispute must also be genuine, that is, the

17  evidence must be "such that a reasonable jury could return a verdict for the nonmoving

18  party." Id.; see Jesinger, 24 F.3d at 1130.

19  A principal purpose of summary judgment is "to isolate and dispose of factually

20  unsupported claims." Celotex, 477 U.S. at 323-24. Summary judgment is appropriate

21  against a party who "fails to make a showing sufficient to establish the existence of an

22  element essential to that party's case, and on which that party will bear the burden of proof

23  at trial." Id. at 322; see also Citadel Holding Corp. v. Roven, 26 F.3d 960, 964 (9th Cir.

24  1994). The moving party need not disprove matters on which the opponent has the burden

25  of proof at trial. See Celotex, 477 U.S. at 323-24. The party opposing summary judgment

26  need not produce evidence "in a form that would be admissible at trial in order to avoid

27  summary judgment." Id. at 324. However, the nonmovant "may not rest upon the mere

28  allegations or denials of [the party's] pleadings, but . . . must set forth specific facts showing

1  that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see Matsushita Elec. Indus. Co.,

2  Ltd. v.Zenith Radio Corp., 475 U.S. 574, 585-88 (1986); Brinson v. Linda Rose Joint

3  Venture, 53 F.3d 1044, 1049 (9th Cir. 1995).

4  **DISCUSSION**

5  Defendants contend that Plaintiff's failure to register is fatal to her claim under the

6  Copyright Act.  (Doc. 254, Mot. for Summ. J., at 4:19-20.)  Defendants point out that

7  "Section 411(a)'s registration requirement is a precondition to filing a [copyright

8  infringement] claim," and therefore Plaintiff's infringement claim should be dismissed. (Id.,

9  at 4:8-10) (citing Reed Elsevier, 130 S.Ct. at 1241).

10  Section 411(a) provides that "no civil action for infringement of the copyright in any

11  United States work shall be instituted until...registration of the copyright holder's claim has

12  been made..." 17 U.S.C. § 411(a).  Registration of a copyright, for purposes of bringing an

13  infringement action, has been debated as occurring upon receipt of the copyright holder's

14  registration application or upon the Copyright Office's issuance of a registration certificate.

15  A recent Ninth Circuit opinion, Cosmetic Ideas, Inc. v. IAC/InteractiveCorp., held that

16  receipt of a complete application by the Copyright Office satisfied the Copyright Act's

17  registration requirement for bringing an infringement action.  606 F.3d 612, 621 (9th Cir.

18  2010).  Plaintiff never submitted a copyright registration application to the Copyright Office

19  prior to filing her infringement claim, thus, registration never occurred.

20  Furthermore, Plaintiff admitted that she has never registered any of her photographs

21  or written materials with the United States Copyright Office.  (Doc. 240, Tr., at 5:17-20.)[2]

22  Even if Plaintiff submits a completed application to the Copyright Office now, her

23  infringement claim still fails on the grounds that "Copyright registration...is a prerequisite

24  to a suit based on a copyright." Kodadek v. MTV Networks, Inc., 152 F.3d 1209, 1211 (9th

25  Cir. 1998); see also Leicester v. Warner Bros., 232 F.3d 1212, 1235 (9th Cir. 2000) ( "The

26

27
[2]The Court previously took judicial notice of an excerpt from the transcript of the
28  January 11, 2010 Preliminary Pretrial Conference.  (Doc. 252, Ct. Order, 3:19-26; 4:1-2.)

1  Copyright Act requires registration of all 'United States work[s]' as a prerequisite for a

2  copyright infringement action."); S.O.S., Inc v. Payday, Inc., 886 F.2d 1081, 1085 (9th Cir.

3  1989) ("Registration is not a prerequisite to a valid copyright, although it is a prerequisite to

4  suit."). Since the Copyright Act "requires copyright holders to register their works before

5  suing for copyright infringement," Plaintiff has not fulfilled the registration "precondition"

6  of Section 411(a), and thus, her copyright infringement claim cannot be brought against

7  Defendants. Reed Elsevier, 130 S.Ct. at 1241.

8  **CONCLUSION**

9  Plaintiff's copyright infringement claim must be dismissed because Plaintiff conceded

10  her failure to register her photographs and written works prior to the filing of the copyright

11  infringement action. Under Section 411(a), registration must be made prior to bringing a

12  copyright infringement action.

13  Accordingly,

14  **IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment

15  against Plaintiff's copyright infringement claim is **GRANTED**. (Doc. 254, Mot. for Summ.

16  J.)

17  **IT IS FURTHER ORDERED** that Defendants Perverted Justice Foundation

18  Incorporated and Xavier Von Erck are dismissed from the suit.

19  DATED this 9th day of August, 2010.

20

21  _____

22  Stephen M. McNamee
   United States District Judge

23

24

25

26

27

28