Jan E. Kruska
4102 W. Woodridge Dr.
Glendale, AZ 85308
602-579-8580

Plaintiff – *Pro Se*

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| JAN E. KRUSKA, | Case No. CIV08-00054-PHX-SMM |
| Plaintiff, | |
| vs. | **PLAINTIFF'S MOTION FOR DISCOVERY IN ACCORDANCE WITH F.R.C.P. RULE 26** |
| PERVERTED JUSTICE FOUNDATION ET.AL., | |
| Defendants. | ASSIGNED TO THE HONORABLE JUDGE STEPHEN M. MCNAMEE |

Currently pending before this Court is Defendant Christopher Brocious' Motion for Summary Judgment under F.R.C.P. Rule 56. Discovery has thus far been barred by the Court since the filing of this case in January 2008 *(See Doc. 5 at 15-17)* and in subsequent orders. *(See Doc. 281 P. 3 at 6-10)*.

## INTRODUCTION

Based upon Defendant's Motion for Summary Judgment, his Statement of Facts attached thereto, (Docs. 282-283) and Plaintiff's Response and Affidavit in support thereof with attached TRUE and CORRECT copy of all exhibits, the pleadings and attachments, incorporated and filed throughout this case, leave multiple genuine issues of material facts. *(See Doc. 290-291)*. Defendant and Plaintiff have both indicated that there are additional parties which were listed under screen names and as John and Jane Does in the case, that not only have vital discovery information pertaining to this cause, but also clearly share liability as relates to Plaintiff in this

cause.

Defendant Brocious has the ability to identify those co-conspirators, "alleged true owners" of the AZU websites, and co-contributors who have maliciously libeled and defamed Plaintiff and caused her intentional infliction of emotional distress and engaged in the other activities as outlined and set forth in both Plaintiff's Original and Amended Complaints in this cause, and must be held accountable. *(See Doc. 283 –p. 2 at 9-25 and p. 4 at 1-3)*. Those parties must be identified and brought forward to answer for their actions as relates to Plaintiff in this case in the interests of both fairness and justice.

Counsel for Defendant seeks to have this case terminated in his currently pending Motion for Summary Judgment. Plaintiff argues that Summary Judgment in Defendants favor would be wholly improper as **no discovery has yet been allowed**. A wealth of established case law exists as relates to (lack of) Discovery and Motions for Summary Judgment. Additionally, **Your Honor asked Plaintiff in his ORDER** *(See Doc. 287 p.1)* **"…to include a citation to a pleading, affidavit, <u>deposition</u>, <u>interrogatory</u>, answer, <u>admission</u>, or <u>other document</u> that supports her denial."** *(See also Doc. 285 at 2)*. **ALL** Discovery under F.R.C.P. Rule 26 has been strictly prohibited by the Court, prior to the Courts approval, since the filing of this case *(See Doc. 5 at 15-17)*, and yet, Your Honor specifically requested Plaintiff to provide the Court with certain documentation to defeat Summary Judgment as to Defendant Brocious, which can **ONLY** be obtained via discovery.

Plaintiff has identified genuine issues of material fact which makes Summary Judgment improper as to Defendant - even absent F.R.C.P Rule 26 Discovery. Additionally, from

the motion and responses, (Docs. 282-283 and 290-291), it is clear that "certain parties", which are well known to Defendant Brocious, are collectively and individually responsible for much of the utterly atrocious, unwarranted, factually false, malicious and defamatory content relating to Plaintiff in this cause. It is incumbent upon Defendant Brocious to reveal those individuals' in the interests of Justice. Again, only via Discovery can such information, as well as the **FULL** extent of Defendant Brocious involvement in **EACH** individual defamatory statement, video, audio, etc., be ascertained. Plaintiff asserts that she has been unduly and unfairly prejudiced and limited by the Courts continued "bar" on Discovery –three plus years into these proceedings. Thus, Plaintiff's Motion for Discovery in accordance with F.R.C.P. is not only necessary but wholly proper as well.

## MEMORANDUM AND POINTS OF AUTHORITY

A multitude of relevant and well established case law exists which supports GRANTING Plaintiff's Motion for Discovery *prior* to the granting of Summary Judgment. Granting Summary Judgment absent ANY Discovery is wholly inconsistent with the United States Supreme Court decision and ruling on such matters. In 1986, the Supreme Court ruled that **"Summary Judgment may be granted only after the non-moving party has had "an adequate time for discovery".** (See Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). Accord Jefferson v. Chatanooga Pub. Co., 375 F. 3d 461, 463 (6th Cir. 2004). Also, (See Patton v. Geberal Signal Corp., 984 F. Supp. 666, 670 (W.D. N.Y. 1997) **(commenting that**

"pre-discovery summary judgment remains the exception rather than the rule, and will be granted only in the clearest of cases"). *See also Doe v. Abbington Friends school, 480 F 3d. 252,257. (3d Cir. 2007)* ("**well established that opposing party must be given "adequate opportunity to obtain discovery"**); *Information Handling Specialists, Inc. v. Defense Automated Printing Services, 338 F 3d. 1024, 1032 (D.C. Cir. 2003)* (**commenting that summary judgment is ordinarily proper only when Plaintiff has had adequate time for discovery**). *Also see Vaughn v. U.S. Small Business Admin. 65 F. 3d 1322,1325n 1, 12 A.D.D. 816 (6th Cir. 1995)* (**defendants summary judgment motion cannot ordinarily be considered until the Plaintiff has had the opportunity to conduct discovery**). Emphasis Added.

Thus, Plaintiff is, has been and would continue to be greatly and unfairly prejudiced if the Court continues to forbid discovery in accordance with F.R.C.P. Rule 26 and even more so PRIOR TO the Court's ruling on any Motion for Summary Judgment.

## CONCLUSION

Plaintiff, and even Defendant Brocious himself, have already demonstrated that there are indeed "genuine issues of material fact for which a rational fact finder could find in favor of the non-moving party" {Citation Omitted}. Genuine issues of material fact which are more than sufficient to defeat any Summary Judgment Motion at this time and, make Plaintiff's Motion for Discovery at this time, wholly proper. *(See Docs. 282, 283, and 290, 291).*

For all of the reasons set forth within, Plaintiff hereby RESPECTFULLY REQUESTS that Your Honor allow the parties to begin Discovery in accordance with F.R.C.P. Rule 26 as soon as possible to avoid any further undue delays, unfair prejudice to Plaintiff and, in the interests of justice and fairness and to ascertain the true identities of those parties who even by Defendant

Brocious' own admission, share responsibility and liability in this cause. For all the reasons set forth herein, Plaintiff prays that Your Honor will finally allow the parties to move forward with Discovery in accordance with F.R.C.P. Rule 26 in accordance with established case law and ultimately, in the interests of justice in this matter.

VERY RESPECTFULLY Submitted this 21st Day of March, 2011.

*(signature)*

Jan E. Kruska

Plaintiff – *Pro Se*

4102 W. Woodridge Dr.

Glendale, AZ 85308

# CERTIFICATE OF SERVICE

A TRUE AND CORRECT COPY OF THE FOREGOING, WAS MAILED VIA USPS FIRST CLASS MAIL, THIS 21st DAY OF MARCH, 2011 TO THE FOLLOWING:

ALVAREZ & GILBERT PLLC.
ATTENTION: STEVEN G. FORD
14500 NORTH NORTHSIGHT BLVD. STE 216
SCOTTSDALE, AZ 85260

ATTORNEYS FOR DEFENDANT CHRISTOPHER BROCIOUS



J/KRUSKA

JAN KRUSKA
PLAINTIFF/PRO SE
4102 W. WOODRIDGE DRIVE
GLENDALE, AZ 85308-4016