**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Jan E. Kruska, | ) | No. CV-08-00054-PHX-SMM |
| Plaintiff, | ) ) | **ORDER** |
| v. | ) ) | |
| Perverted Justice Foundation Incorporated.Org, et al., | ) ) ) | |
| Defendants. | ) ) ) | |

Before the Court is Defendant Christopher Brocious's ("Defendant") Motion for Summary Judgment (Doc. 282). Plaintiff responded (Doc. 290), Defendant replied (Doc. 293), and the matter is now fully briefed.[1] Having considered the parties' memoranda and other submissions, the Court now issues this Memorandum of Decision and Order granting Defendant's Motion for Summary Judgment.

---

[1] Both Defendant and Plaintiff requested oral argument in connection with their Motion for Summary Judgment and Response, respectively. (Doc. 282 at 1; Doc. 290 at 1.) The parties have had the opportunity to submit briefing. Accordingly, the Court finds the pending motions suitable for decision without oral argument and Defendant and Plaintiff's requests are denied. See L.R. Civ. 7.2(f).

**BACKGROUND**

In 2006, Defendant registered and provided design services for a blog[2] called absolutezerounited.blogspot.com (the "Blog") (Doc. 283 ¶ 1; Doc. 291 ¶ 2), whose contributors billed themselves as "[a] community of individuals pledged to fight paedophiles on the web." (Doc. 290, Ex. E.) Plaintiff contends[3] that Defendant also acted as contributor, owner, copyright holder, and moderator of the Blog. (Doc. 291 ¶¶ 3-8, 14.) Defendant asserts that he never acted as owner, copyright holder, or moderator of the Blog, but acknowledges that he has contributed to the Blog. (Doc. 283 ¶¶ 2-7.)

Plaintiff's background includes both a conviction for misdemeanor sexual conduct with a minor (Doc. 26 at 9) and a role as an advocate speaking "out against sex offender

---

[2] "Blog," which is short for "web log" has been defined as: "a Web site that contains an online personal journal with reflections, comments, and often hyperlinks provided by the writer, *also*: the contents of such a site." Merriam-Webster Dictionary, http://www.merriam-webster.com/dictionary/blog (last visited April 4, 2011.) Though it is disputed who controlled the Blog in this case, numerous writers appear to have contributed to its content. (Doc. 283 ¶¶ 2-7; Doc. 290, Ex. E; Doc. 291 ¶¶ 3-8, 14.)

[3] Defendant asserts that his Separate Statement of Facts (Doc. 283) should be deemed admitted for the purposes of his Motion for Summary Judgment (Doc. 282) on grounds that Plaintiff did not comply with Local Rule of Civil Procedure 56.1(b) (permitting the Court to find the moving party's statement of facts to be true if the non-moving party fails to file "for each paragraph of the moving party's separate statement of facts, a correspondingly numbered paragraph indicating whether the party disputes the statement of fact set forth in that paragraph and a reference to the specific admissible portion of the record supporting the party's position if the fact is disputed"). The Court twice instructed Plaintiff "to include with her response a reproduction of Defendant's Statement of Undisputed Facts in which Plaintiff admitted facts that are undisputed and denied those that are in dispute" and, for any fact denied, "to include a citation to a pleading, affidavit, deposition, interrogatory, answer, admission, or other document that supports her denial." (Doc. 285 at 2; Doc. 287 at 1); L.R. Civ. 56(b). Although Plaintiff did not reproduce Defendant's Separate Statement of Facts (Doc. 283) or properly cite to the record, and thus has not strictly complied with the Local Rules of Civil Procedure, Plaintiff appears to have attempted to admit undisputed facts and deny disputed facts through her filed Affidavit (Doc. 291). Therefore, the Court will review both Defendant's Separate Statement of Facts (Doc. 283) and Plaintiff's Affidavit (Doc. 291) when determining which facts are undisputed. See L.R. Civ. 56(b).

- 2 -

1 laws." (Doc 140 at 5.) On January 10, 2008, Plaintiff brought suit against Defendant alleging
2 that Defendant was responsible for comments made online, including on the Blog, that
3 constituted: (1) intentional infliction of emotional distress; (2) defamation; (3) Racketeer
4 Influenced and Corrupt Organizations Act violations; (4) cyberstalking and cyberharassment;
5 (5) Digital Millennium Copyright Act violations; and (6) prima facie tort. (Doc. 1.)
6 Defendant then filed a Cross-Motion to Dismiss based upon lack of personal jurisdiction,
7 improper venue, and insufficient service of process. (Doc. 68.) The Court granted
8 Defendant's Cross-Motion to Dismiss for lack of personal jurisdiction, but allowed Plaintiff
9 to amend and refile her Complaint. (Doc. 138.) On December 16, 2008, Plaintiff filed an
10 Amended Complaint reasserting claims made in her original Complaint. (Compare Doc. 1
11 at 13-19 with Doc. 140 at 32-38.) Defendant then filed another Motion to Dismiss based
12 upon lack of personal jurisdiction, improper venue, and insufficient service of process. (Doc.
13 141.) The Court denied that Motion to Dismiss. (Doc. 201.)

14 Defendant then filed on September 2, 2010 a Motion to Dismiss based upon immunity
15 under the Communications Decency Act and failure to state a claim. (Doc. 269.) On
16 November 17, 2010, the Court ordered all but one of Plaintiff's claims dismissed with
17 prejudice. (Doc. 280 at 17.) The Court denied Defendant's Motion to Dismiss (Doc. 269) as
18 to Claim IV (Defamation) on grounds that Plaintiff's allegation that Defendant was
19 responsible for an alleged comment on the Blog that Plaintiff had "starved a child"[4] stated
20 a claim. (Doc. 280 at 11, 17.)

21 On January 4, 2011 Defendant filed a Motion for Summary Judgment on Plaintiff's
22 Defamation claim. (Doc. 282.) Plaintiff's last remaining cause of action pertains to whether

---

[4] Plaintiff incorporated by reference this allegation into her Defamation claim (Doc. 140 at 35), as it is contained in the "Introduction" of Plaintiff's Amended Complaint. (Doc. 140 at 5.) The placement of this allegation is not ideal, but the United States Supreme Court has instructed that the pleadings of pro se litigants such as Plaintiff should be construed liberally. Boag v. MacDougall, 454 U.S. 364, 365 (1982).

- 3 -

1  Defendant was responsible for the allegedly defamatory statement that Plaintiff "starved a
2  child." (Doc. 282.) Defendant contends both that he made no such statement and that he is
3  immune to Plaintiff's claims under the Communications Decency Act, § 230. (Doc. 282 at
4  3-4.) Plaintiff contests Defendant's assertions, but acknowledges that she does not know who
5  stated that "Plaintiff starved a child"–which she alleges appeared in the comments section
6  of the Blog–and does not produce any evidence that such a statement was ever made. (Doc.
7  290 ¶ 23.) Plaintiff alleges that "[o]nly via discovery can we ascertain the true identity of the
8  individual who made the false allegation that 'Plaintiff starved a child' as whoever made this
9  statement did so under a screen name" in the comments section of the Blog. (Doc. 291 ¶ 23.)
10 Plaintiff further asserts that, regardless of who made the alleged statement, Defendant as the
11 alleged owner and moderator of the Blog "would have had to have viewed the comment and
12 ma[d]e the conscious decision to allow the comment to be published." (Doc. 291 ¶ 23.)

## LEGAL STANDARD

A court must grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the nonmoving party, "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law" Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Jesinger v. Nev. Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir. 1994). Substantive law determines which facts are material. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Jesinger, 24 F.3d at 1130. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. The dispute must also be genuine, that is, the evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." Id.; see Jesinger, 24 F.3d at 1130.

A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." Celotex, 477 U.S. at 323-24. Summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element

- 4 -

1 essential to that party's case as to which that party will bear the burden of proof at trial." Id.
2 at 322; see also Citadel Holding Corp. v. Roven, 26 F.3d 960, 964 (9th Cir. 1994). The
3 moving party need not disprove matters on which the opponent has the burden of proof at
4 trial. See Celotex, 477 U.S. at 323-24. The party opposing summary judgment need not
5 produce evidence "in a form that would be admissible at trial in order to avoid summary
6 judgment." Id. at 324. However, the nonmovant must set out specific facts showing a genuine
7 dispute for trial. See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574,
8 585-88 (1986); Brinson v. Linda Rose Joint Venture, 53 F.3d 1044, 1049 (9th Cir. 1995).

## DISCUSSION

### I. Defamation

Someone who publishes a false and defamatory communication about a private person is subject to liability if that person "'(a) knows that the statement is false and it defames the other, (b) acts in reckless disregard of these matters, or (c) acts negligently in failing to ascertain them.'" Dube v. Likins, 167 P.3d 93, 104 (Ariz. Ct. App. 2007) (quoting Rowland v. Union Hills Country Club, 757 P.2d 105, 110 (Ariz. Ct. App. 1988)). An absolute defense to a defamation claim is substantial truth. Heuisler v. Phoenix Newspapers, Inc., 812 P.2d 1096, 1103 n.4 (Ariz. Ct. App. 1991); Fendler v. Phoenix Newspapers, Inc., 636 P.2d 1257, 1261 (Ariz. Ct. App. 1981). The defendant does not have to prove the literal truth of every statement, only that the statements are substantially true. Fendler, 636 P.2d at 1261 (citing Restatement (Second) of Torts, § 581(a) (1977)). Slight inaccuracies do not prevent the statement from being true in substance, so long as the general meaning of the statement is justified.

Plaintiff's defamation claim (Doc. 140 at 5) cannot survive summary judgment because Plaintiff "fails to make a showing sufficient to establish the existence of an element essential to that party's case as to which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 323-24. Plaintiff alleges in her Amended Complaint that "a website called absolutezerounited.blogspot.com . . . [stated] that she 'starved a child'" (Doc. 140 at

1  5), but provides no evidence as to how this statement might make Plaintiff liable for
2  defamation. (Doc. 291 at 8.) Crucially, Plaintiff has failed to provide evidence that anyone
3  ever asserted that Plaintiff "starved a child." As a threshold matter, for a statement to be
4  defamatory, the allegedly defamatory statement must have actually been made. See Dube,
5  167 P.3d at 104.

6        Even if the alleged statement was made, Plaintiff's claim fails. First, Plaintiff has
7  provided no evidence that Defendant stated that Plaintiff starved a child, and acknowledges
8  that she is unsure who might have made that comment. (Doc. 291 ¶ 23.) Second, Plaintiff
9  argues that Defendant is liable for defamation because as the alleged owner and moderator
10 of the Blog, Defendant would have had to approve the comment by taking affirmative steps
11 to publish it. (Doc. 291 ¶ 23.) However, Plaintiff again offers no evidence that publishing the
12 alleged statement on the Blog would require any affirmative steps by a moderator, other than
13 a conclusory statement that the statement "had to be viewed an[d] approved before being
14 published." (Doc. 291 ¶ 23.) Third, although Plaintiff demonstrates that Defendant was a
15 contributor to and perhaps the driving force behind the Blog (Doc. 290 at Exs. A, D, E),
16 Plaintiff offers no evidence that Defendant ever saw or approved the alleged comment that
17 Plaintiff "starved a child." Defendant cannot "'(a) know[] that the statement is false and it
18 defames the other, (b) act[] in reckless disregard of these matters, or (c) act[] negligently in
19 failing to ascertain them'" when no evidence indicates that Defendant knew about the
20 statement in the first place. Dube, 167 P.3d at 104 (quoting Rowland, 757 P.2d at 110). For
21 all of these reasons, and because a main objective of summary judgment is "to isolate and
22 dispose of factually unsupported claims" such as Plaintiff's, the Court will grant summary
23 judgment on Plaintiff's defamation claim. Celotex, 477 U.S. at 323-24.[5]

---

25     [5] The Court will also deny Plaintiff's separate Motion for Discovery (Doc. 292) as
26 both unwarranted and moot given the Court's grant of summary judgment on Plaintiff's final
   claim in this case. Federal Rule of Civil Procedure 56(d) permits the Court to allow a
27 nonmovant time for discovery where the "nonmovant shows by affidavit or declaration that,

- 6 -

## II.    The Communications Decency Act ("CDA")

Defendant further argues that Plaintiff's claims are barred by 47 U.S.C. § 230 of the CDA, which "immunizes providers of interactive computer services against liability arising from content created by third parties." Fair Hous. Council of San Fernando Valley v. Roommates.com, LLC, 521 F.3d 1157, 1162 (9th Cir. 2009); 47 U.S.C. § 230 ("No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider."); (Doc. 282 at 4-5.) Section 230 immunity applies only if the "interactive computer services"[6] provider is not also an "information content provider"[7] for the alleged wrongful information. Congress, by enacting the CDA, "granted most Internet services immunity from liability for publishing false or defamatory material so long as the information was provided by another party. As a result, Internet publishers are treated differently from corresponding publishers in print, television

---

for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). The Court may postpone ruling on a motion for summary judgment and allow time for discovery if the requesting party: "(1) has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp., 525 F.3d 822, 827 (9th Cir. 2008). Although Plaintiff has stated generally that she seeks the identity of the person who alleged that she "starved a child," Plaintiff has not adequately demonstrated that specific facts related to her defamation claim exist or that such facts are essential to oppose summary judgment. See id. Instead, Plaintiff seeks to conduct an open-ended investigation into not only Defendant's conduct, but also the conduct of other unknown parties who she accuses of various misdeeds. (Doc. 290 at 10-11.)

[6]"The term 'interactive computer service' means any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the Internet and such systems operated or services offered by libraries or educational institutions." 47 U.S.C. § 230(f)(2).

[7]"The term 'information content provider' means any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other interactive computer service." 47 U.S.C. § 230(f)(3).

- 7 -

1 and radio." See Carafano v. Metrosplash.com, 339 F.3d 1119, 1122 (9th Cir. 2003) (citing
2 Batzel v. Smith, 333 F.3d 1018, 1026-27 (9th Cir. 2003)).

3       Congress' aim in enacting the CDA was to encourage the proliferation of information
4 and ideas on the Internet while encouraging service providers and users to monitor offensive
5 activity within their purview. See Batzel, 333 F.3d at 1026-30. Congress noted that the
6 Internet has thrived "with a minimum of government regulation," transforming into "a forum
7 for a true diversity of political discourse, unique opportunities for cultural development, and
8 myriad avenues for intellectual activity." 47 U.S.C. § 230(a)(4) & (5). Given Congress'
9 conclusions, "reviewing courts have treated § 230(c) immunity as quite robust." Carafano,
10 339 F.3d at 1123.

11       Key in determining whether § 230 immunity applies is the extent of the interactive
12 computer service provider's participation in the content at issue. The Ninth Circuit has held
13 that an online newsletter was an "interactive computer service" but that its administrator was
14 not an "information content provider" of a third-party's allegedly defamatory e-mail message
15 even though the administrator selected, lightly edited, and published its contents. Batzel, 333
16 F.3d at 1030-32 (remanded to determine if the third-party contributor intended the e-mail for
17 publication). Similarly, the Ninth Circuit held that an Internet dating site was an "interactive
18 computer service" immune from suit under § 230 when it published a false profile created
19 by a third-party using the dating site's standard questionnaire. Carafano, 339 F.3d at 1124-25
20 (use of questionnaire did not equate to site performing "a significant role in creating,
21 developing or 'transforming' the relevant information."). By contrast, a district court in the
22 Ninth Circuit denied a defendant's motion to dismiss a defamation claim under § 230
23 immunity when the plaintiff alleged that the defendant created comments, headlines, and
24 other content at issue in the lawsuit. See Hy Cite Corp. v. Badbusinessbureau.com, 418 F.
25 Supp. 2d 1142, 1148-49 (D. Ariz. 2005). And the Ninth Circuit held that a roommate-
26 matching website that prompted users with inquiries about racial preferences was not
27
28

1 immune under § 230, as the interactive computer service provider had materially contributed to the alleged misconduct. Fair Hous. Council, 521 F.3d at 1162.

Defendant argues that he is immune from suit under § 230 because "Plaintiff plainly cannot show that Defendant was involved in any of the activities that might otherwise give rise to liability for defamation." (Doc. 282 at 5.) Plaintiff asserts that Defendant is not immune because "[§] 230 does not immunize the actual creator of the content, whether he is a blogger, commenter, or anything else." (Doc. 290 at 10.) The Court finds that Defendant is immune from suit under § 230 because at most, Plaintiff sets forth the possibility that Defendant, as the alleged publisher of the Blog, "viewed an[d] approved [the comment] before [it was] published." (Doc. 291 ¶ 23.) Such alleged passive participation would be akin to the alleged conduct in Batzel, where the Ninth Circuit held that § 230 immunity applied to a website administrator who selected, edited, and published the contents of an allegedly defamatory comment. See Batzel, 333 F.3d at 1030-32. Even if Plaintiff's assertion that Defendant took active steps to publish the alleged comment on the Blog was true, such steps are not the type of material contribution to the alleged misconduct that the Ninth Circuit found in Fair Housing Council. 521 F.3d at 1162. Therefore, the Court finds that, as an additional ground for summary judgment on Plaintiff's defamation claim, Defendant is immune from suit under § 230.

**CONCLUSION**

**IT IS HEREBY ORDERED GRANTING** Defendant's Motion for Summary Judgment (Doc. 282).

**IT IS FURTHER ORDERED DENYING** Plaintiff's Motion for Discovery (Doc. 292).

DATED this 4th day of April, 2011.

_____
Stephen M. McNamee
United States District Judge